Alex C. Park (SBN 197781)
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515
Facsimile  (408) 246-4105
alexcpark@yahoo.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYUN G HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; and KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>PETER D. KEISLER, Acting Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; EMILIO T GONZALES, Director of U.S. Citizenship; IMMIGRATION SERVICES DEPARTMENT OF STATE; CONDOLEEZZA RICE, Secretary of State; and DOES 1 THROUGH 50, inclusive;<br><br>Defendants. | Case No.:<br><br>C 07 5554<br><br>**COMPLAINT FOR DECLARATORY INJUNCTION, INJUNCTIVE AND MANDAMUS RELIEF**<br><br>EMC<br><br>CLASS ACTION |

## I. INTRODUCTION

1.  Named plaintiffs and class members (hereinafter plaintiffs) bring this action on behalf of themselves and all others similarly situated. Each of the plaintiffs were granted an immigrant visa that was relied upon for many years. The granted visas have since been revoked by the Department of Homeland Security ("DHS") through an administrative judge

with allegations of fraud caused by former government employee Leland Sustaire, committed through his employment position with DHS..

2. Plaintiffs relied upon the visas issued by Leland Sustaire in his capacity as a government employee in charge of issuing visas. The government employees in charge of immigration matters confiscated plaintiffs' immigration visas and charged that said visas were issued under fraudulent conditions. However, no fraud was alleged against plaintiffs.

## II. JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of Plaintiffs' claims for relief, and all other controversies arising herein pursuant to 28 U.S.C. §1331 (federal question jurisdiction); the Due Process Clause of the United States Constitution; 28 U.S.C. §1361 (Mandamus Act). The Plaintiffs bring their claims pursuant to 8 U.S.C. §§1101 et seq. (Immigration and Nationality Act ("INA")); 5 U.S.C. §§701 et seq. (Administrative Procedure Act ("APA")); and 28 U.S.C. §§2201-02 (Declaratory Judgment Act).

4. There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges the defendants' procedural policies, practices, and interpretation of law. This action raises issues and defenses that are beyond the jurisdictional provisions of 8 U.S.C. §1252.

5. This court is the proper venue for hearing the claims in this action as the immigration courts have refused to make a determination regarding Plaintiffs' claims for estoppel. Claims of estoppel raised in the immigration court are not appealable and must be brought in an original proceeding.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e) because defendants are officers or employees of U.S. agencies acting in their official capacities; numerous plaintiffs reside in this district; because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction; and because no real property is involved in this action.

## III. PARTIES

### The Defendants

7. Defendant PETER D. KEISLER, is the acting Attorney General for the United States Government. The office of attorney general is the executive agency primarily responsible with enforcement of the immigration policies of the United States. He is sued in his official capacity.

8. Defendant DHS is an executive agency of the United States government. Since March 1, 2003, DHS has been the agency primarily responsible for implementing the INA. Within DHS, the U.S. Citizenship and Immigration Services ("USCIS") is responsible for adjudicating applications for adjustment of status to lawful permanent residence.

9. Defendant MICHAEL CHERTOFF, is the Secretary of the DHS and charged with overseeing and carrying out the authority of the DHS. He is sued in his official capacity.

10. Defendant EMILIO T. GONZALEZ is the Director of USCIS and as such is charged with the responsibility for the administration of adjustment of status. He is sued in his official capacity.

11. Defendant DEPARTMENT OF STATE ("DOS") is an executive agency of the United States with responsibility for oversight, management and distribution of immigrant visas under the INA.

12. Defendant CONDOLEZZA RICE is the Secretary of DOS and as such is charged with responsibility for the administration of immigrant visas. She is sued in her official capacity.

13. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

14.   Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 THROUGH 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of the fictitiously named defendant is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the negligence of these defendants.

### The Plaintiffs

15.   Each of the following Plaintiffs is an immigrant from South Korea who submitted to government agency an application for visa with the assistance of a hired broker. The broker guided Plaintiffs through the process of applying for a visa. Each plaintiff received a visa and spent a number of years living in the United States and relying on said visa.

16.   The Plaintiffs have suffered a variety of harms as a result of defendants' actions. The principal harm was revoking visa documents issued to Plaintiffs that had been relied upon for a number of years.

17.   Plaintiff Byung Hoon Chung is a resident of the State of California. He is an immigrant from South Korea. He hired a broker to assist with his visa application which was issued more than ten years ago. Byung Hoon Chung has lived his life as a Legal Permanent Resident ("LPR") in the United States since the issuance of his visa.

18.   Plaintiff Duk Bong Chung is the spouse of Plaintiff Byung Hoon Chung. Duk Bong Chung applied for an immigration visa derivative of the status of Duk Bong Chung's immigration status. Duk Bong Chung was awarded immigration status as a derivative of Byung Hoon Chung. Duk Bong Chung has lived her life as a LPR in the United States since the issuance of her visa.

19.   Plaintiffs Myung Bin Chung and Kuo Chul Chung are the children of Byung Hoon Chung. Myung Bin Chung and Kuo Chul Chung applied for an immigration visa

derivative of the status of Duk Bong Chung's immigration status. Myung Bin Chung and Kuo Chul Chung were awarded immigration status as derivatives of Byung Hoon Chung. Myung Bin Chung and Kuo Chul Chung have lived their lives as LPR in the United States since the issuance of their visa.

20.     Plaintiffs immigration status as LPR was ordered invalid in the United States by an Immigration Judge based on claims of fraudulent issuance.

### IV.    BACKGROUND

21.     Based on information and belief, LELAND DWAYNE SUSTAIRE ("Sustaire") is a former employee for the Immigration and Naturalization Service who began working there in 1975. He served in positions in Texas and Louisiana before settling in San Jose, California in 1984. He transferred to the Dallas office as a Supervisory Immigration Examiner for a couple of years and then returned to San Jose. In his supervisory position Sustaire supervised a number of employees and was issued a District Director's approval and signature stamp used for approving applications.

22.     Based on information and belief, while located in San Jose, California, Sustaire processed immigration applications submitted to him. Upon approval the applications were assigned file numbers.

23.     Based on information and belief, Sustaire testified that beginning in the early 1980's he began accepting illegal bribes for processing immigration applications. He worked with brokers and split the fees charged to the clients by the brokers. When processing the questionable applications Sustaire created original file numbers for each application and performed some personal interviews. At the final processing step Sustaire either issued the visas with his personal approval stamp or used a stamp of another employee without their knowledge.

24.     Based on information and belief, during the course of processing the applications through bribes Sustaire removed all relevant files from the immigration offices and stored them at his personal residence. Sustaire also removed from the immigration offices other

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

files that were not subject to the bribery scheme.

25. Based on information and belief, in an effort to cover up Sustaire's bribery crime he spent two days making a list of all of the files he removed from the immigration offices. It is believed that the Sustaire list contains two-hundred seventy-five applicants. At the conclusion of finishing the list Sustaire destroyed all of the immigration files he had at his residence by burning them. The only remaining evidence of the bribery files was the list that Sustaire created prior to destroying all of the files.

26. Based on information and belief, Sustaire was charged with bribery and in a plea bargain effort Sustaire provided the list of bribery files he created in an effort to reduce his criminal sentence.

27. No direct evidence was presented by the DHS showing that Plaintiffs' application files were improper or that they possessed false applications. No evidence was presented to the immigration judge that Sustaire had ever personally met any of the Plaintiffs. These proceedings violated Plaintiffs' due process rights.

28. No evidence has been produced by DHS showing that Plaintiffs' original residency documents were insufficient for issuance of a LPR card or that the LPR cards originally issued by the INS were invalid. Sustaire admitted that during his employment with the INS he destroyed the application records submitted by Plaintiffs supporting the application of the LPRs.

29. Plaintiffs have filed timely appeals to the immigration judges' orders for deportation. The appellant ruling issued by the BIA found that it does not have the authority to make appellate decisions based on equitable defenses of estoppel.

## V. CLASS ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b). The three classes that named plaintiff seek to represent are the following:

A. <u>Primary LPR.</u> Foreign nationals who:

Are the primary LPR that filed the primary visa application and received an issued visa accomplishing his or her LPR status. This status was relied upon by the derivative family applicants.

A number of years following the issuance of the Primary LPR visa and reliance by Plaintiff, the United States government confiscated the visa and began removal proceedings claiming issuance of said visa was improper.

B. <u>Derivative Spouse LPR.</u> Foreign nationals who:

Are the spouse of a Primary LPR, and have become the derivative LPR individual that filed the derivative LPR application reliant upon the Primary LPR visa status and received an issued visa accomplishing his or her derivative LPR status. This status is continually reliant upon by the Primary LPR family applicant.

A number of years following the issuance of the derivative LPR visa and reliance by Plaintiff, the United States government confiscated the Primary visa and began removal proceedings against derivative spouse Plaintiff claiming issuance of said visa was improper.

C. <u>Derivative Children LPR.</u> Foreign nationals who:

Is the child of a Primary LPR, and has become the derivative LPR individual that filed the derivative LPR application reliant upon the Primary LPR visa status and received an issued visa accomplishing his or her derivative LPR status. This status is continually reliant upon by the Primary LPR family applicant.

A number of years following the issuance of the derivative LPR visa and reliance by Plaintiff, the United States government confiscated the Primary visa and began removal proceedings against derivative child Plaintiff claiming issuance of said visa was improper.

31. The requirements of Federal Rules of Civil Procedure 23(a) and 23(b) are met. The proposed classes are so numerous that joinder of all members is impracticable. The precise number of potential class members in each class is not currently identifiable by Plaintiffs. However, on information and belief, there are at least two hundred seventy-five Plaintiffs in all classes identified on Sustaire's list.

32. The questions of law and fact at issue are common to the proposed classes, including whether the visas were issued within the government's authority, whether defendants acted beyond their authority when confiscating visas and beginning with removal proceedings; whether their actions violated the INA, the APA, the Due Process Clause, agency regulations and/or estoppel claims can be applied to the common facts.

33. The named plaintiffs will fairly and adequately protect the interests of the proposed classes because they seek relief on behalf of the classes as a whole and have no interest antagonistic to other members of the classes.

34. The prosecution of separate actions by individual members of the class

would create a risk of inconsistent or varying adjudications. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. The named Plaintiffs are represented by competent counsel with extensive experience in immigration law and federal court litigation.

36. Finally, defendants have acted on grounds generally applicable to the classes, thereby making appropriate final declaratory and injunctive relief with respect to the classes as a whole.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Estoppel)

37. Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

38. The DHS previously issued LPR documents to Plaintiffs for the purpose of using the LPRs to legitimize their residency. The LPR status was relied upon by Plaintiffs for a number of years providing the opportunity for Plaintiffs to establish long-term meaningful and productive lives within the United States.

39. The DHS has now determined that the LPR status of Plaintiffs are invalid.

40. The LPR based on In Sustaire's position as a Supervisory Adjudication Officer and while acting as an agent of the INS he committed affirmative misconduct during the years he accepted illegal bribes and destroyed Plaintiffs' files. Neither Sustaire nor the INS have maintained any documentation showing that the LPR documents issued to Plaintiffs were improper or invalid.

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

41. Plaintiffs had no knowledge of the illegal acts of Sustaire and did not participate in Sustaire's illegal bribery scheme.

42. Plaintiffs detrimentally relied on the issuance of the LPR documents and spent the subsequent years establishing a life in the United States.

## SECOND CAUSE OF ACTION

### (Violation of Due Process)

43. Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

44. The order for removal issued against Plaintiffs was based on the List that was prepared by Sustaire and the destruction of Plaintiffs' files, all in preparation for using it as a plea bargaining offer, in a criminal matter that occurred while Sustaire was employed by the INS.

45. No direct evidence was presented by the DHS to prove that the Plaintiffs' LPR status was improper. This lack of proof establishing a removal order is a violation of Plaintiffs' due process rights by not presenting clear and convincing evidence to prove the claim.

46. The order for removal of Plaintiffs cannot be based on a hearing that violates due process rights.

47. The violation of Plaintiffs' due process rights prevent enforcement of an order for removal.

48. There was no direct evidence proving that Plaintiffs' LPR documents were invalid or improper as determined by the immigration judge. This lack of evidence proving the veracity of Plaintiffs' documents is a violation of their due process rights.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully ask that the Court:

1. Permit this case to proceed as a class action and certify the classes as and

when requested by Plaintiffs;

2. Declare that defendants' acts and omissions complained of herein violate the INA, defendants' regulations, the Due Process Clause of the Fifth Amendment, and constitute illegal abuse of power;

3. Preliminarily and permanently enjoin defendants as and when requested by plaintiffs;

4. Order defendants to recognize Plaintiffs' defense of Estoppel

5. Award the Plaintiffs their attorneys' fees and costs under the Equal Access to Justice Act or according to proof as the court deems necessary; and

6. For such other and further relief as the court deems just, equitable and proper.

Dated: October 30, 2007                    LAW OFFICES OF ALEX C. PARK

                                           _____
                                           Alex C. Park
                                           Attorney for Plaintiffs

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF