1  JOSEPH P. RUSSONIELLO, CSBN 44332
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Chief, Civil Division
3  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
4
         450 Golden Gate Avenue, Box 36055
5        San Francisco, California 94102
         Telephone: (415) 436-6915
6        FAX: (415) 436-6927

7  Attorneys for Defendants

8
                        UNITED STATES DISTRICT COURT
9
                       NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN FRANCISCO DIVISION
11
   BYUNG HOON CHUNG, individually;        )   No. C 07-5554 SC
12 DUK BONG CHUNG, individually;          )
   MYUNG BIN CHUNG, individually;         )
13 KUO CHUL CHUNG, individually; on behalf)
   of themselves and all others similarly situated, )
14                                        )
              Plaintiffs,                 )
15                                        )   **DEFENDANTS' NOTICE OF MOTION**
        v.                                )   **AND MOTION TO DISMISS**
16                                        )
   MICHAEL MUKASEY, Attorney General      )   Date:  May 23, 2008
17 of the United States; DEPARTMENT OF    )   Time:  10:00 a.m.
   HOMELAND SECURITY; MICHAEL             )
18 CHERTOFF, Secretary of DHS;            )
   and DOES 1 through 20, inclusive       )
19                                        )
              Defendants.                 )
20  ─────────────────────────────────────

21                           **NOTICE OF MOTION**

22      **PLEASE TAKE NOTICE** that on May 16, 2008, at 10:00 a.m., or as soon thereafter as the

23 parties may be heard, the government will bring for hearing a motion to dismiss the plaintiff's

24 action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The hearing will take

25 place before the Honorable Samuel Conti, in Courtroom 1, Seventeenth Floor, 450 Golden Gate

26 Avenue, San Francisco, CA 94102.  This Motion is based on the Memorandum of Points and

27 Authorities, the Declaration of Edward A. Olsen, all pleadings, papers and files in this action, and

28 such oral argument as may be presented at the hearing on the motion.

   MOTION TO DISMISS
   C 07-5554 SC                           1

# MOTION TO DISMISS

## I. INTRODUCTION

The plaintiffs, Byung Hoon Chung, Duk Bong Chung, Myung Bin Chung, and Kuo Chul Chung, are natives and citizens of South Korea who have been ordered removed from the United States by an Immigration Judge. The Board of Immigration Appeals (BIA) has affirmed the Immigration Judge's removal order. The Chungs' appeal from the BIA's decision affirming the Immigration Judge's removal order is currently pending at the United States Court of Appeals for the Ninth Circuit. *See Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728.

The Chungs have now filed this action in District Court, rehashing the same or very similar arguments regarding their final order of removal that are pending before the Ninth Circuit in *Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728. The defendants respectfully ask this Court to dismiss the Chungs' action for the following reasons: (1) the Chungs' claims are barred by the REAL ID Act of 2005, which eliminated district court review of removal orders; (2) the Ninth Circuit is reviewing the claims raised by the Chungs and this district court action needlessly creates duplicate litigation; and (3) the arguments raised by the Chungs in their Ninth Circuit appeal and in this action have recently been rejected by the Ninth Circuit in *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. March 4, 2008).

## II. BACKGROUND

Byung Hoon Chung entered the United States with his wife and children in 1992 on a tourist visa. Declaration of Edward A. Olsen at Exhibit A, p. 1. While in the United States, Chung obtained alien registration cards ("green cards") for himself and his family members through an individual associated with Leland Sustaire, a former employee of the Immigration and Naturalization Service (INS) who was using his government position to sell fraudulent green cards.[1] Olsen Declaration at Exhibit A, p. 2. Sustaire issued green cards without proper

---

[1] A background on Leland Sustaire and his green card scheme can be found in *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. Mar. 4, 2008) and *Hong v. Mukasey*, ___ F.3d ___, 2008 WL 564978 (9th Cir. Mar. 4, 2008). Copies of these Ninth Circuit opinions are included as Exhibits R and S to the Declaration of Edward A. Olsen.

documentation and without ascertaining whether the applicants were qualified for the types of green cards they received. Olsen Declaration at Exhibit A, p. 3. Chung paid $8,000 to obtain the green cards. Olsen Declaration at Exhibit A, p. 2. Chung maintains that he was unaware of any fraud until he read an article about the green card scheme in a newspaper. *Id.*

The United States Immigration and Customs Enforcement (formerly, the INS) subsequently placed the Chungs in removal proceedings. Olsen Declaration at Exhibit A. On April 20, 2005, following a hearing, an Immigration Judge ordered the Chungs removed from the United States under 8 U.S.C. § 1227(a)(1)(A) and 8 U.S.C. § 1182(a)(7)(A)(I) as aliens who were not in possession of valid visas or entry documents at the time of entry to the United States. Olsen Declaration at Exhibit A. The Immigration Judge stated in relevant part:

> As matters stand on this record, the respondents are charged with being subject to removal because they are not in possession of valid documentation authorizing their stay in the United States. The Court sustains that charge of removability. It is abundantly clear, on this record, that even though the respondents did not have knowledge that Mr. Sustaire was acting improperly, and there is no allegation, on this record, that the respondents ever met Mr. Sustaire, it is also abundantly clear that the green cards issued by Mr. Sustaire, to the respondents, were not valid green cards in the sense that they were not issued after compliance with the applicable statutes and regulations governing the issuance of green cards.

Olsen Declaration at Exhibit A, p. 3-4.

The BIA affirmed the Immigration Judge's order on March 9, 2006. Olsen Declaration at Exhibit B. In its decision, the BIA rejected the Chungs' argument that the United States Immigration and Customs Enforcement should be estopped from removing them because a government employee issued the fraudulent green cards without the Chungs' knowledge of the fraud. The BIA stated:

> Turning to the respondents' claim that the government should be estopped from removing them because they were the victims of a fraudulent scam perpetrated by a government employee, the respondents have not demonstrated any viable basis for that assertion. The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct. *See Mukherjee v. INS*, 793 F.2d 1006, 1008-09 (9th Cir. 1986) (outlining elements of equitable estoppel against the government). However, the person seeking estoppel against the government must also show that the potential injustice to him outweighs the possibility of damage to the public interest, and must establish the traditional elements of estoppel. *See Socop-Gonzalez v. INS*, 208 F.3d 838, 842 (9th Cir. 2000). Traditional elements of equitable estoppel require a showing: (1) that party to be estopped knew the facts; (2) that party intended that his or her conduct would be acted on; and (3) that other party was ignorant of true facts; and (4) that this other party detrimentally

MOTION TO DISMISS
C 07-5554 SC                                3

> relied on first party's conduct. *See Salgado-Diaz v. Ashcroft*, 395 F.3d 1158 (9th Cir. 2005).
>
> In this case, the respondents have not established that the act of finding the respondents to be removable amounts to an injustice. As noted above, the Immigration Judge did not conclude that the respondents committed fraud in obtaining their false residency documents. Indeed, that charge was withdrawn and the respondents' claims that they had no knowledge of the fraud was found to be credible (I.J. at 3). Moreover, the respondents were not eligible for lawful permanent residence at the time of the Immigration Judge's decision. Although the respondents understandably are upset about having to leave this country after establishing financial and community ties, the respondents remained here illegally during the time period in question, and they have not demonstrated that they would have been permitted to remain legally during this period. Accordingly, the appeal is dismissed.

Olsen Declaration at B.

The Chungs filed a petition for review with the United States Court of Appeals for the Ninth Circuit on April 4, 2006. *See Chung v. Mukasey*, Appeal No. 06-71728. The appeal is currently pending. Olsen Declaration at Exhibit C. In their opening brief in the Ninth Circuit, the Chungs argued that United States Immigration and Customs Enforcement: (1) had failed to prove that they are removable under 8 U.S.C. § 1227(a)(1)(A) and 8 U.S.C. § 1182(a)(7)(A)(I) as aliens who were not in possession of valid visas or entry documents at the time of entry; (2) violated their due process rights; and (3) should be estopped from removing them from the United States because a government employee issued the fraudulent green cards without the Chungs' knowledge of the fraud. Olsen Declaration at Exhibit D.

The Ninth Circuit heard oral argument on June 15, 2007. Olsen Declaration at Exhibit C. The Ninth Circuit has withdrawn the case from submission until May 30, 2008, to give the Chungs and the government an opportunity to explore the possibility of filing a joint motion to reopen with the BIA because an employment-based visa petition that was filed on behalf of Byung Hoon Chung has been approved. Olsen Declaration at Exhibits J, K, L, M, N, and Q.

Despite the fact that their Ninth Circuit appeal is pending, the Chungs filed the present action, recasting the arguments they made in their Ninth Circuit appeal as "estoppel," "unclean hands," "violation of due process," and "laches." See First Amended Complaint ¶¶ 35-62. The Chungs also purport to bring class claims on behalf of lawful permanent residents whose green cards have been confiscated and against whom removal proceedings have been initiated, and their spouses

1  and children.

2  After they filed this action, the Chungs filed a "Motion To Stay Matter Pending Decision In
3  The Related District Court Action" with the Ninth Circuit. Olsen Declaration at Exhibit O. The
4  Ninth Circuit denied this motion as moot on January 10, 2008, stating that its prior withdrawal of
5  submission of the case remained in effect until May 30, 2008. Olsen Declaration at Exhibit Q.

6  **III. DISCUSSION**

7  **A. Standard of Review**

8  This Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if "it
9  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
10 would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion
11 to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in
12 the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true.
13 *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). This Court need not
14 accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
15 inference." *Sprewell v. Golden State Warriors*, 266 F.3d 797, 988 (9th Cir. 2001).

16 Plaintiffs have the burden of establishing the jurisdiction of this Court. Even where a
17 plaintiff's pleadings are technically sufficient to establish some basis for jurisdiction, a Fed. R.
18 Civ. P. 12(b)(1) motion may also establish that there is an actual lack of jurisdiction. *See*
19 *Thornbill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

20 **B. The REAL ID Act of 2005**

21 This Court lacks jurisdiction over the plaintiff's action under the REAL ID Act of 2005, which
22 precludes district court review of an alien's removal order.

23 The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (May 11, 2005), which
24 became effective on May 11, 2005, eliminated district court review of orders of removal and
25 vested jurisdiction to review such orders exclusively in the courts of appeals. *See Puri v.*
26 *Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29
27 (9th Cir. 2005). As amended by § 106(a) of the REAL ID Act, 8 U.S.C. § 1252(a)(5) now
28 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, and any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).

8 U.S.C. § 1252(a)(5).

In this action, the Chungs challenge their removal order, alleging it is invalid and that the government should be prevented from removing them on grounds of estoppel, unclear hands, laches and due process. *See* First Amended Complaint at pp. 9–13. Because the Chungs challenge their removal order, this Court lacks jurisdiction to consider the Chungs' claims pursuant to the REAL ID Act of 2005. *See Puri*, 464 F.3d at 1041; *Martinez-Rosas*, 424 F.3d at 928-29. The Chungs' challenge to their removal is properly pending before the only court that has jurisdiction to entertain the challenge – namely, the Ninth Circuit.

**C. The Chungs' Ninth Circuit Appeal**

This Court should also dismiss the Chungs' action because the same issues (or variations on a theme) the plaintiffs have raised in their First Amended Complaint are currently pending at the Ninth Circuit in *Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728, and the plaintiffs' decision to file this action has only created needlessly duplicative litigation. At the Ninth Circuit, the Chungs argue that United States Immigration and Customs Enforcement: (1) failed to prove that they are removable under 8 U.S.C. § 1227(a)(1)(A) and 8 U.S.C. § 1182(a)(7)(A)(I) as aliens who were not in possession of valid visas or entry documents at the time of entry; (2) violated their due process rights; and (3) should be estopped from removing them from the United States because a government employee issued the fraudulent green cards without the Chungs' knowledge of the fraud. Olsen Declaration at Exhibit D. In their First Amended Complaint, the Chungs make the same arguments, this time renaming the arguments as "estoppel," "unclean hands," "violation of due process," and "laches." See First Amended Complaint ¶¶ 35-62. The government maintains that it would constitute a waste of judicial resources to entertain the Chungs' claims in this Court.

MOTION TO DISMISS
C 07-5554 SC                                    6

**D. The Chungs' Arguments Have Been Rejected By The Ninth Circuit**

This Court should also dismiss the Chungs' action because the arguments they raise in their First Amended Complaint have recently been rejected by the Ninth Circuit in a recently published decision – *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. Mar. 4, 2008).

In *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. Mar. 4, 2008), the Court addressed the petitioner's estoppel argument as follows:

> We consider today whether an alien who overstayed her tourist visa, and then paid $10,000 for the purchase of a fraudulent alien registration card (known as a "green card") manufactured by a corrupt federal immigration employee, can bar the government from removing her from this country on the grounds the government is estopped to assert the green card is bogus. Unsurprisingly, we hold the government cannot be saddled with the felonious, unauthorized issuance of residency documentation by a thieving employee.
>
> . . . .
>
> Petitioner contends the government should be equitably estopped from removing her. At the heart of her estoppel argument is the claim she was unaware "of the bribery and fraud committed by Sustaire," and she "relied on the issuance of the immigration papers and lived a productive life in the United States at the cost of . . . [pursuing] a life in South Korea."
>
> . . . .
>
> Here, we need not reach any of the elements of estoppel because "it is well settled that the government is not bound by the unauthorized acts of its agents." [*Watkins v. United States Army*, 875 F.2d 699, 707 (9th Cir. 1989) (en banc)]; *see also Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917) ("[T]he United States is neither bound nor estopped by acts of its agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit."). Sustaire was a government employee who took bribes and engaged in fraud, crimes for which he was convicted. There is no dispute that Sustaire's acts were unauthorized. Thus, the threshold requirement for applying equitable estoppel against the government is not satisfied in this case.

*Shin*, 2008 WL 564982, at *4.[2]

The Court in *Shin* also rejected the petitioner's due process argument as follows:

> The transcript of Sustaire's confessional deposition, Sustaire's list of A Numbers of aliens to whom he fraudulently gave green cards, and the records of criminal convictions in Sustaire's and Lee's cases, were all admitted at petitioner's hearing. In the interest of judicial economy, the IJ arranged for Sustaire to be deposed on two

---

[2] Although the Ninth Circuit did not directly address claims of "unclear hands" and "laches," a review of the plaintiffs' First Amended Complaint reveals that the "unclear hands" and "laches" claims are simply variations of the plaintiffs' "estoppel" claim. *See* First Amended Complaint ¶¶ 35-42, ¶¶ 43-50, ¶¶ 57-62..

MOTION TO DISMISS
C 07-5554 SC                                    7

different dates, first by Attorney Alex park, who represented petitioner and over 100 other aliens, and then by the attorneys representing the remaining aliens. Petitioner, through counsel, objected to the use of Sustaire's consolidated testimony and now alleges the IJ violated her due process rights by admitting Sustaire's deposition testimony in her removal proceedings. We disagree.

"In order to successfully attack by judicial proceedings the conclusions and orders made upon such [removal] hearings it must be shown that the proceedings were manifestly unfair" and that the actions of the IJ were such as to prevent a fair investigation. *Low Wah Suey v. Backus*, 225 U.S. 460, 468 (1912). Petitioner's proceeding was not so fundamentally unfair that she was prevented from reasonably presenting her case. Petitioner's counsel participated in Sustaire's deposition and was allowed to cross-examine him. Petitioner also had the benefit of hearing and comparing Sustaire's responses to other attorneys' questions. Additionally, during each alien's hearing, Sustaire was made available if additional testimony was needed. Most importantly, petitioner was given an individual hearing before an IJ where any defenses or claims for relief were heard. Because we find no procedural defect amounting to a due process violation in this procedure, petitioner's due process claim fails.

*Shin*, 2008 WL 564982, at *3.[3]

## IV.  CONCLUSION

For the reasons stated above, the defendants respectfully ask this Court to dismiss the plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Dated:  March 7, 2008                                JOSEPH P. RUSSONIELLO
                                                     United States Attorney


                                                     _____/s/_____
                                                     EDWARD A. OLSEN
                                                     Assistant United States Attorney

---

[3] Notably, the attorney in *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. Mar. 4, 2008), is the attorney representing the Chungs in this action.