# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
San Francisco, California

File No.:   A 72 343 857                     April 20, 2005
            A 72 343 858
            A 72 343 859
            A 72 343 860

In the Matter of                )
                                )
BYUNG HOON CHUNG                 )
DUK BYUNG CHUNG                  )
MYUNG BIN CHUNG                  )      IN REMOVAL PROCEEDINGS
KOU CHUL CHUNG                   )
                                )
              Respondents        )

CHARGE:


APPLICATIONS:


ON BEHALF OF RESPONDENT:          ON BEHALF OF DHS:

Alex Park, Esquire                James Knapp
                                  Assistant Chief Counsel


## ORAL DECISION OF THE IMMIGRATION JUDGE

The four respondents in this case are a husband, a wife and two minor children.  The respondents are natives and citizens of the Republic of Korea.  According to the credible testimony of the lead respondent, Mr. Chung, he entered the United States in August of 1992 as a B2 visitor.  His wife, daughter and son came with him at that time.  His son was four years old, his daughter seven.  The respondent belonged to a church in Saratoga in the San Jose area of Northern California and at that church he met a

1

woman named Song Ja Buiun.  The respondent had heard that Ms.
Buiun was associated with an individual who was an attorney and
that this attorney had the ability to file paper work that would
result in obtaining a green card.  He had also heard, through the
church, that Ms. Buiun had a good reputation.  The respondent
approached Ms. Buiun and talked to her about obtaining a green
card and Ms. Buiun asked the respondent for his résumé, which he
provided to her.  Ms. Buiun told the respondent that he was
qualified to get a green card and said that her brother-in-law,
John Chou, needed someone like the respondent to work for him in
his company.  The respondent has a BA in engineering and when he
met Mr. Chou, he learned that Mr. Chou had a company
manufacturing semi-conductors.  The respondent paid Ms. Buiun
$8,000 for green cards for himself and his family.  Ms. Buiun
told him this $8,000 was a processing fee and also for attorney's
fees.  He paid Ms. Buiun in cash because she requested cash.  He
testified specifically and without contradiction that he had no
knowledge that Ms. Buiun was submitting fraudulent documents to
INS; that he had no intent to bribe anybody at INS; that he was
never told that fraudulent documents were submitted on his
behalf; that he never requested that fraudulent documents be
submitted on his behalf and he did not know that anything was
wrong with what Ms. Buiun was doing.  He said he learned about a
problem with the green card that he ultimately received from INS
in 1999 while reading a Korean language newspaper.  The

respondent, according to documents in the record and testimony that has been received by this Court, was the recipient of a green card that was fraudulent and illegally issued by a man named Leland Dwayne Systair. Mr. Systair was a supervisory official with INS who had the ability, through his position, to cause the issuance of legitimate green cards, legitimate in the sense that they were green cards that were genuinely issued by INS and had a real number evidencing their lawful issuance. The difficulty, of course, was Mr. Systair testified that he issued these green cards without the receipt of proper documentation and without ascertaining whether the individuals were validly qualified for the types of green cards that they received in exchange for a payment of money from John Chow and Ms. Buiun. Mr. Systair, as well as Ms. Buiun and his other co-conspirators, were ultimately convicted in Federal Court for this fraudulent scheme. As matters stand on this record, the respondents are charged with being subject to removal because they are not in possession of valid documentation authorizing their stay in the United States. The Court sustains that charge of removability. It is abundantly clear, on this record, that even though the respondents did not have knowledge that Mr. Systair was acting improperly, and there is no allegation, on this record, that the respondents ever met Mr. Systair, it is also abundantly clear that the green cards issued by Mr. Systair, to the respondents, were not valid green cards in the sense that they were not issued

A 72 343 857/858/859/860          3                    April 20, 2005

after compliance with the applicable statutes and regulations governing the issuance of green cards.  In that important sense, the green cards are not legal documents, not valid and the respondents have proffered no other documents which currently entitle them to remain in the United States.  The lead respondent does have pending an application for alien employment certification and that application is coming due in a relatively short period of time.  But the only issue before the Court today is whether as the respondents sit here today they have valid documents authorizing them to remain in the United States and they do not.

Accordingly, the Court sustains both the factual allegations and the charges of removability contained in all four of the Notices to Appear in the matters before the Court here today. And there being no other applications for relief before the Court, ORDERS all four respondents removed to the Republic of Korea.

Appeal will be reserved for all four respondents.


_____
ANTHONY S. MURRY
Immigration Judge

NOV 7 2005

## CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE ANTHONY MURRY, in the matter of:

CHUNG, BYUNG HOON

DUK BYUNG CHUNG

MYUNG BIN CHUNG

KOU CHUL CHUNG

A 72 343 857/858/859/860

San Francisco, California

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Cindy B. Whitlock, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland 21401
(301) 261-1902

November 8, 2005
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

# EXHIBIT B

**U.S. Department of Justice**                                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:   A72 343 857 - San Francisco                    Date:
        A72 343 858
        A72 343 859
        A72 343 860                                            MAR - 9 2006

In re:  BYUNG HOON <u>CHUNG</u>
        DUK BONG <u>CHUNG</u>
        MYUNG BIN <u>CHUNG</u>
        KOU CHUL <u>CHUNG</u>

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Alex C. Park, Esquire

ON BEHALF OF DHS:           Grace H. Cheung
                            Assistant Chief Counsel

ORDER:

    PER CURIAM.  We adopt and affirm the decision of the Immigration Judge.  *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994) (noting that adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is "simply a statement that the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision").  The Immigration Judge found the respondents to be removable as aliens not in possession of valid immigrant documents.  The respondents made no applications for relief from removal, and were ordered removed on April 20, 2005.

    On appeal, the respondents contest the finding of removability, claiming that their due process rights were violated because the Department of Homeland Security (DHS) failed to demonstrate that the respondents knowingly participated in the fraud that caused their resident alien status to be terminated.  The respondents also assert that the DHS should be estopped from removing them from this country because a government employee issued the fraudulent documents without the respondents' knowledge of the fraud.

    Upon our review of the record, we note that the respondents were not ordered to be removed because of a finding of fraud on their part.  On the contrary, the charge that the respondents procured a visa or other documentation by willfully misrepresenting a material fact under section 212(a)(6)(C)(i) of the Immigration and Nationality Act (INA), as amended, was withdrawn.  At the time of the Immigration Judge's decision, the respondents were charged only with removability

A72 343 857
A72 343 858
A72 343 859
A72 343 860

under section 237(a)(1)(A) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1227(a)(1)(A), as aliens who, at the time of their entry into the United States on December 14, 2000, as Lawful Permanent Residents, did not possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document, as they were not Lawful Permanent Residents of the United States.    There is no evidence in the record to demonstrate that the respondents were in possession of valid entry or immigrant documents at the time they entered the United States on December 14, 2000.  We find, therefore, that the Immigration Judge correctly determined that the respondents were removable as charged.

Turning to the respondents' claim that the government should be estopped from removing them because they were the victims of a fraudulent scam perpetrated by a government employee, the respondents have not demonstrated any viable basis for that assertion.    The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct. *See Mukherjee v. INS*, 793 F.2d 1006, 1008-09 (9th Cir. 1986) (outlining elements of equitable estoppel against the government).    However, the person seeking estoppel against the government must also show that the potential injustice to him outweighs the possibility of damage to the public interest, and must establish the traditional elements for estoppel.  *See Socop-Gonzalez v. INS*, 208 F.3d 838, 842 (9th Cir. 2000).   Traditional elements of equitable estoppel require a showing: (1) that party to be estopped knew the facts; (2) that party intended that his or her conduct would be acted on; (3) that other party was ignorant of true facts; and (4) that this other party detrimentally relied on first party's conduct.  *See Salgado-Diaz v. Ashcroft*, 395 F.3d 1158 (9th Cir. 2005).

In this case, the respondents have not established that the act of finding the respondents to be removable amounts to an injustice.  As noted above, the Immigration Judge did not conclude that the respondents committed fraud in obtaining their false residency documents.  Indeed, that charge was withdrawn and the respondents' claims that they had no knowledge of the fraud was found to be credible (I.J. at 3).  Moreover, the respondents were not eligible for lawful permanent residence at the time they received that status; they remained ineligible for lawful permanent residence at the time of the Immigration Judge's decision.  Although the respondents understandably are upset about having to leave this country after establishing financial and community  ties, the respondents remained here illegally during the time period in question, and they have not demonstrated that they would have been permitted to remain legally during this period.  Accordingly, the appeal is dismissed.

_____
FOR THE BOARD

# EXHIBIT C

Search for Case                                                              Help

Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

```
Court of Appeals Docket #: 06-71728                         Filed: 4/4/06
Nsuit:    0
Chung, et al v. Mukasey
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) agency
    2) review
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0971-3 : A72-343-857
    Date Filed: 4/4/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
    District: 0971-3 : A72-343-858
    Date Filed: 4/4/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
    District: 0971-3 : A72-343-859
    Date Filed: 4/4/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
    District: 0971-3 : A72-343-860
    Date Filed: 4/4/06
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: paid

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
    None
Current cases:
    None

Docket as of January 10, 2008 11:16 pm               Page 1
```

---

```
06-71728 Chung, et al v. Mukasey

BYUNG HOON CHUNG              Alex C. Park, Esq.
    Petitioner               FAX 408/246-4105
                             408/246-1515
                             Ste. 100
                             [COR LD NTC ret]
```

```
                              LAW OFFICES OF ALEX C. PARK
                              4675 Stevens Creek Blvd.
                              Santa Clara, CA 95051

DUK BON CHUNG                 Alex C. Park, Esq.
      Petitioner             (See above)
                             [COR LD NTC ret]


MYUNG BIN CHUNG               Alex C. Park, Esq.
      Petitioner             (See above)
                             [COR LD NTC ret]


KOU CHUL CHUNG                Alex C. Park, Esq.
      Petitioner             (See above)
                             [COR LD NTC ret]


    v.


MICHAEL B. MUKASEY, Attorney  Ronald E. LeFevre, Chief
General                       Counsel
      Respondent             [LD NTC gov]
                              OFFICE OF THE DISTRICT COUNSEL
                              Department of Homeland Security
                              P.O. Box 26449
                              San Francisco, CA 94126-6449

                              David V. Bernal, Attorney
                              FAX 241-6841
                              [COR LD NTC gov]
                              Anthony C. Payne, Esq.
                              FAX 202/616-4975
                              202/616-3264
                              [COR LD NTC gov]
                              Andrew C. MacLachlan, Esq.
                              FAX 202/616-4975
                              202/514-9718
                              [COR LD NTC gov]
                              DOJ - U.S. DEPARTMENT OF
                              JUSTICE
                              Civil Div./Office of
                              Immigration Lit.
                              P.O. Box 878, Benjamin Franklin
                              Station
                              Washington, DC 20044

Docket as of January 10, 2008 11:16 pm              Page 2
```

---

06-71728 Chung, et al v. Mukasey

BYUNG HOON CHUNG; DUK BON CHUNG; MYUNG BIN CHUNG; KOU CHUL
CHUNG

                  Petitioners

    v.

MICHAEL B. MUKASEY, Attorney General

                    Respondent

Docket as of January 10, 2008 11:16 pm                    Page 3

---

06-71728 Chung, et al v. Mukasey

4/4/06          FILED INS Petition for REV and Motion for Stay. Docketed
                Cause and Entered Appearance of Counsel. Pursuant to G.O.
                6.4(c)(1)(3) A TEMPORARY STAY OF REMOVAL IS IN EFFECT
                pending further order. The schedule is set as follows:
                Pursuant to G.O. 6.4(c)(1)(3), the schedule is set as
                follows: Cert. Admin. Record due 5/30/06 Response to motion
                for stay due 6/27/06 for Alberto R. Gonzales  MOATT
                [06-71728] (gail)

4/4/06          Filed Petitioner Byung Hoon Chung, Petitioner Duk Bon
                Chung, Petitioner Myung Bin Chung, Petitioner Kou Chul
                Chung's motion to stay deportation (see schedule above)
                [06-71728] served on 4/4/06 [5777289]  MOATT [06-71728]
                (gail)

5/18/06         Electronic Certified Administrative Record Filed.  CD-ROMS:
                1  [06-71728] (stev)

6/28/06         Filed Respondent Alberto R. Gonzales notice of
                non-opposition to the stay motion. [5777289-1]  served on
                6/27/06 (MOATT) [06-71728] (wp)

6/28/06         Rcvd notice of appearance of David Bernal as csl for the
                respondent.  [06-71728] (wp)

7/7/06          Filed order (Deputy Clerk: ckp/MOATT) Respondent has filed
                a statement of non-opposition to the motion to stay removal
                pending review. Pursuant to Ninth Circuit General Order
                6.4(c), the temporary stay of removal continues in effect
                until issuance of the mandate, or further order of the
                court. If the Agency granted voluntary departure, and the
                stay motion was filed within the voluntary departure
                period, the voluntary departure period was stayed nunc pro
                tunc as of the filing date of the stay motion, and also
                continues in effect until issuance of the mandate, or
                further order of the court. The certified administrative
                record has been filed. The opening brief is due 9/28/06;
                the answering brief is due 11/27/06; and the optional reply
                brief is due within 14 days after service of the answering
                brief.  [06-71728] (ba)

9/28/06         14 day oral extension by phone of time to file Petitioner
                brief.  [06-71728] petitioners' brief due 10/12/06,, ;
                respondents' brief due 12/11/06;the optional reply brief is
                due 14 days after service of the answering brief. (cg)

10/4/06         Filed Petitioner Byung Hoon Chung's motion to consolidate
                related cases. (MOATT) [06-71728] served on 10/4/06

    [5969113] [06-71728] (wp)

10/10/06        Filed original and 15 copies Petitioner Byung Hoon Chung
        opening brief  ( Informal: no) 23 pages served on 10/9/06
        [06-71728] (wp)

Docket as of January 10, 2008 11:16 pm        Page 4

---

06-71728 Chung, et al v. Mukasey

10/27/06        Filed order MOATT (JZZ) Petitioner's motion to consolidate
        related immigration appeals is denied. The previously
        established briefing schd remains in effect.  [06-71728] (wp)

11/30/06        Filed Petitioners' mtn to recon mtn to consolidate related
        immigration appeals; served 11/28/06.  [MOATT] [06-71728]
        [06-71728] (je)

12/11/06        Filed notice of appearance of Andrew C. MacLachlan for
        respondent.  [06-71728] (ft)

12/11/06        Filed Respondent Alberto R. Gonzales response in opp to
        reconsideration of denial of consolidation; served on
        12/8/06 (MOATT) [06-71728] (ft)

12/15/06        Filed original and 15 copies respondent Alberto R.
        Gonzales's 40 page brief; zero EOR; served on 12/11/06.
        [06-71728] (je)

12/26/06        Filed original and 15 copies Byung Hoon Chung reply brief,
        ( Informal: no ) 9 pages; served on 12/26/06 [06-71728] (wp)

12/27/06        Filed Petitioner Byung Hoon Chung reply to opposition to
        reconsideration of denial of motion to consolidate related
        appeal. (MOATT) served on 12/26/06 [06-71728] (wp)

1/17/07        Filed order (Appellate Commissioner) The court has rcvd the
        motion by petitioner for reconsideration of the 10/27/06
        order in 06-71728 denying petitioner's motion for
        consolidation of these petitions. Although the motion for
        reconsideration was not filed within the time limits the
        court has considered the arguments persented by
        petitioners. The motion is denied. The Clerk shall hoever
        calendar all these petitions for review before the same
        merits panel to the greatest extent possibe. The briefing
        schd remain in effect in the respective petitions.
        (MOTIONS) [06-71728] (wp)

4/9/07        Calendar check performed [06-71728] (mw)

4/18/07        Calendar materials being prepared. [06-71728]  [06-71728]
        (rg)

4/30/07        CALENDARED: SF Fri Jun 15, 2007 9:00 a.m.    Courtroom 1
        [06-71728] (rg)

6/12/07          Received Alberto R. Gonzales additional citations, served
                 on 6/8/07 (PANEL) [06-71728] (wp)

6/15/07          ARGUED AND SUBMITTED TO Mary M. SCHROEDER, M. M. McKEOWN,
                 N. R. SMITH [06-71728] (bk)

6/22/07          Filed Petitioner Byung Hoon Chung's motion to remand
                 (PANEL) [06-71728] Served on 6/22/07 [06-71728] (wp)

Docket as of January 10, 2008 11:16 pm                    Page 5

_____

06-71728 Chung, et al v. Mukasey

7/9/07           Filed Respondent Alberto R. Gonzales's opposition to motion
                 remand (PANEL) [6214192-1] served on 7/6/07 [06-71728] (wp)

7/9/07           Rcvd notice of appearance of Anthony Payne as csl for the
                 respondnet. [06-71728] (wp)

7/30/07          Filed order ( Mary M. SCHROEDER, M. M. McKEOWN, N. R.
                 SMITH, ): Petitioner's motion to remand is denied. This
                 court is not the proper forum to raise the claim of relief
                 sought by petitioners. Any such claim should be presented
                 to the BIA in a motion to reopen. [06-71728] (wp)

8/7/07           Filed order ( Mary M. SCHROEDER, M. M. McKEOWN, N. R.
                 SMITH, ):  In light of the parties representation at oral
                 argument and the USA's statement in its opposition to
                 motion to remand filed on 7/9/07, that parties have been
                 negotiating in good faith the possibility of filing a joint
                 mention to reopen with the BIA, the parties shall joinly
                 advise the court as to the status of any motion or other
                 proceedings that may be pending before the BIA. The
                 response is due 7 days from the the date of this order.
                 (Phoned and Faxed 1:00) [06-71728] (wp)

8/14/07          Filed joint status report as ordered by the court. (PANEL
                 SF Chambers) served on 8/10/07 [06-71728] (wp)

8/23/07          Filed order ( Mary M. SCHROEDER, M. M. McKEOWN, N. R.
                 SMITH, ): This case is hereby withdrawn from submission
                 pending reolution of the proposed joint motion to reopen to
                 be filed with the BIA. [06-71728] (wp)

8/23/07          Filed order ( Mary M. SCHROEDER, M. M. McKEOWN, N. R.
                 SMITH, ): In light of the parties joint status report filed
                 on 8/14/07, the parties shall jointly advise the court as
                 to the status of any motion or other proceedings that may
                 be pending before the BIA. The reply is due on 10/30/07.
                 [06-71728] (wp)

10/30/07         Filed joint status report, served on 10/29/07 (PANEL)
                 [06-71728] (wp)

12/3/07          Received notice of of related cases from Petitioner Byung
                 Hoon Chung (wp)

12/7/07          Filed order ( Mary M. SCHROEDER, M. M. McKEOWN, N. R.
                 SMITH, ): In light of the parties joint status report filed
                 on 10/30/07 and the pending cases of Shin v. Keisler
                 06-71955 and Kim v. Keisler 06-72377 submission in this
                 case will continue to be withdrawn. The parties shall
                 jointly advise the court as to the staus of any motion or
                 other proceedings that may be before the BIA. The reply is
                 due 5/30/08. [06-71728] (wp)

Docket as of January 10, 2008 11:16 pm                  Page 6

---

06-71728 Chung, et al v. Mukasey

12/17/07         Filed Petitioner Byung Hoon Chung's motion to stay matter
                 pending decision in the related DC. (MOATT) [06-71728]
                 served on 12/17/07 [6377789] [06-71728] (wp)

12/28/07         Filed Respondent's opposition to motion to stay proceedings
                 and motion to submit; served on 12/27/07.(PANEL) [06-71728]
                 (ca)

1/10/08          Filed order ( M. M. McKEOWN, N. R. SMITH, ): Chung's motion
                 to stay this matter is denied as moot. The court's order
                 dated 12/7/07, continuing the court's prior withdrawal of
                 submission until 5/30/08 remains in effect.  [06-71728] (wp)

Docket as of January 10, 2008 11:16 pm                  Page 7

---

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 03/05/2008 12:11:23 | | |
| PACER Login: | us8760 | Client Code: | |
| Description: | dkt report | Case Number: | 06-71728 |
| Billable Pages: | 7 | Cost: | 0.56 |

# EXHIBIT D

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

———————————

No. 06-71728

———————————

BYUNG HOON CHUNG, DUK BONG CHUNG,
MYUNG BIN CHUNG and KOU CHUL CHUNG

Petitioners,

vs.

ALBERTO R. GONZALES, Attorney General

Respondent

Appeal from Board of Immigration Appeals

———————————

Petitioner's Opening Brief

———————————

Alex C. Park, Esq.
State Bar No. 197781

ATTORNEY FOR BYUNG HOON CHUNG
DUK BONG CHUNG
MYUNG BIN CHUNG
KOU CHUL CHUNG

PETITIONER'S OPENING BRIEF

1

TABLE OF CONTENTS

| Description | Page |
|---|---|
| STATEMENT REGARDING ORAL ARGUMENT | 2 |
| STATEMENT OF JURISDICTION | 2 |
| STATEMENT OF THE ISSUES | 4 |
| STATEMENT OF CASE | 4 |
| Statement of Standard of Review | 5 |
| SUMMARY OF ARGUMENT | 5 |
| ARGUMENT AND CITATION OF AUTHORITIES | 6 |
| I.  THIS COURT HAS JURISDICTION TO DECIDE PETITIONER'S CLAIMS FOR RELIEF. | 6 |
| II  THE CONSTITUTION RIGHT TO REVIEW DISCRETIONARY DEPORTATION. | 8 |
| III  THE DENIAL OF JUDICIAL REVIEW ALSO VIOLATES  DUE PROCESS AND THE SEPARATION OF POWERS  PRINCIPLE EMBODIED IN ARTICLE III. | 11 |
| IV  FAILURE TO REQUIRE REMOVAL FOR CLEAR AND CONVINCING EVIDENCE VIOLATES DUE PROCESS RIGHTS. | 16 |
| V  Estoppel Due to Violations of Due Process | 20 |
| VI  THE DHS SHOULD BE ESTOPPED FROM REMOVAL  OF PETITIONERS | 21 |
| CONCLUSION | 23 |

TABLE OF AUTHORITIES

| Description | Page |
|---|---|

<u>CASES</u>

*Duldulao v. INS*, 90 F. 3d 396, 400, n. 4 (9th Cir. 1996) — 7

*Butros v. INS*, 990 F.2d 1142; 1993 U.S. (9th Cir. 1993) — 8

*United States ex. Rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) — 8, 9

*United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72 (1957) — 9

*Gonzalez-Martinez v. Landon*, 203 F. 2d 196 (9th Cir. 1953) — 10

*Hee Fuk Yeun v. White*, 173 F. 10 (9th Cir.), *cert. denied*, 257 U.S. 639 (1921) — 10

*Mastrapasqua v. Shaughnessy*, 180 F. 2d 999 (2d Cir. 1950) — 10

*United States ex rel. De Sousa v. Day*, 22 F. 2d 472 (2d Cir. 1927) — 10

*United States ex rel. Picicci v. District Director*, 181 F. 2d 304, 306 (2d Cir. 1950) — 10

*United States ex rel. Exarchou v. Murff*, 265 F.2d 504 (2d Cir. 1959) — 10

*United States ex rel. Berman v. Curran*, 13 F. 2d 96 (3d Cir. 1926) — 10, 11

*Gabriel v. Johnson*, 29 F2d 347 (1st Cir. 1928) — 11

*United States ex rel. McKenzie v. Savoretti*, 200 F.2d 546 (5th Cir. 1952) — 11

*Stone v. Tillinghast*, 32 F.2d 447 (1st Cir. 1929) — 11

| Description | Page |
| --- | --- |
| *United States ex rel. Hadrosek v. Shaughnessy,* 101 F. Supp. 432, 434-36 (S.D.N.Y. 1951) | 11 |
| *United States ex rel. Patti v. Curran,* 22 F. 2d 314, 316-17 (S.D.N.Y. 1926) | 11 |
| *Domenici v. Johnson,* 10 F. 2d 433 (1st Cir. 1926 | 11, 12 |
| *Aleviou v. McGrath,* 101 F. Supp. 421, 423-24 (D.D.C. 1951) | 11 |
| *Kolster v. INS,* 101 F.3d 785, 786 (1st Cir. 1996) | 11, 12 |
| *Hincapie-Nieto v. INS,* 92 F.3d 27, 30-31 (2d Cir. 1996) | 11, 12 |
| *Salazar-Haro v. INS,* 95 F.3d 309, 311 (3d Cir. 1996) | 12 |
| *Galvan v. Preess,* 347 U.S. 522, 531 (1954) | 12, 13 |
| *INS v. Chadha,* 462 U.S. 919; 94041 (1983) | 12 |
| *Almeida-Sanchez v. United States;* 413 U.S. 266 272 (1973) | 12 |
| *Goncalves v. Reno,* 144 F.3d 110, 111 (1998) | 12 |
| *Reyes-Hernandez v. INS,* 89 F.3d 490, 492 (7th Cir. 1996) | 13 |
| *Acosta-Montero v. INS,* 62 F.3d 1347 (11th Cir. 1995) | 13 |
| *Georgia v. INS,* 90 F.3d 374 (9th Cir. 1996) | 13 |
| *Kahn v. INS,* 36 F.3d 1412 (9th Cir. 1994) | 13 |
| *Tipu v. INS,* 20 F.3d 580 (3d Cir. 1994) | 13 |
| *Esposito v. INS,* 987 F.2d 108 (2d Cir. 1993) | 13 |

| Description | Page |
|---|---|
| *Bedoya-Valencia v. INS*, 6 F.3d 891, 897 (2d Cir. 1993) | 13 |
| *Avelar-Cruz v. INS*, 58 F.3d 338 (7th Cir. 1995) | 13 |
| *Margalli-Olvera v. INS*, 43 F.3d 345 (8th Cir. 1994) | 13 |
| *Salameda v. INS*, 70 F.3d 447, 449 (7th Cir. 1995) | 13 |
| *Akinyemi v. INS*, 969 F.2d 285 (7th Cir. 1992) | 13 |
| *Diaz-Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992) | 13 |
| *Matter of Hernandez-Casillas*, Int. Dec. 3147 (A.G. 1991)(overturning BIA decision), *aff'd*, 983 F.2d 231 (5th Cir. 1993 | 14 |
| *Matter of Hernandez-Casillas*, Int. Dec. 3147 (A.G. 1991)(overturning BIA decision), *aff'd*, 983 F.2d 231 (5th Cir. 1993) | 14 |
| *Landon v. Plasencia*, 459 U.S. at 34 | 14 |
| *Arteacta v. INS*, 836 F.2d 1227 (9th Cir. 1988) | 13, 15 |
| *Mattis v. INS*, 774 F.2d 965 (9th Cir. 1985) | 15 |
| *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986) | 15 |
| *Schor*, 478 U.S. at 851 | 15 |
| *Marbury v. Madison*, 5 U.S. (1 Cranch), 137, 177 (1803) | 15 |
| *Plyler v. Doe*, 457 U.S. 202 (1982) | 14 |
| *Accardi v. Shaughnessy*, 347 U.S. 216 (1954) | 15 |

| Description | Page |
|---|---|
| *Castro-O'Ryan v. INS*, 847 F.2d 1307, 1313 (9th Cir. 1987) | 15, 17 |
| *Matter of Thornburgh*, 869 F.2d 1503, 1512 (D.C. Cir. 1989) | 20 |
| *Santamaria-Ames v. INS*, 104 F.3d 1127 (9th Cir. 1996) | 21 |
| *Cadwalder v. Andrus*, 45 F.3d 297 (9th Cir. 1995) | 21 |
| *Morgan v. Heckler*, 779 F.2d 544 (9th Cir. 1985) | 21 |
| *Mukherjee v. INS*, 793 F.2d 1006 (9th Cir. 1986) | 21 |
| *U.S. v. Omdahl*, 104 F.3d 1143 (9th Cir. 1997) | 22 |
| *Jaa v. INS*, 779 F.2d 569 (9th Cir. 1986) | 22 |
| *S&M Inv. Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324 | 22 |

<u>AUTHORITIES</u>

| | |
|---|---|
| 28 USC §1252(a)(2)(B)(ii) | 3 |
| INA §212(a)(7)(A)(i)(I) | 3, 4, 5, 16, 17, 18, 20 |
| INA §237(a)(1)(A) | 4, 5, 17 |
| 28 USC §2241 | 5, 6, 11 |
| 8 U.S.C. §1182(c) | 7 |
| 8 CFR §3.1(a)(1) | 13 |
| 8 CFR §3.1(h)(1)(i)-(iii) | 13 |
| IIRAIRA §309(c)(4)(G) | 14 |

<u>ARTICLES</u>

| Description | Page |
| --- | --- |
| Henry M. Hart, Jr., *The Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialect*, 66 Harv. L. 1362, 1393-97 (1953) | 7 |
| Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA), Pub. L. No. 104-208, Div. C., 110 Stat. 3009-546 (enacted Sept. 30, 1996) | 7 |
| R. Fallon, Jr., *Of Legislative Courts Administrative Agencies and Article III*, 101 Harv. L. Rev. 916, 938 (1988) | 14, 16 |

## CERTIFICATE OF COMPLIANCE

## PURSUANT TO CIRCUIT RULE 32-1

Case No. No. 06-71728

I certify that:

Petitioner's Opening Brief is proportionately spaced, has a typeface of 14

points or more and contains 5228 words.

Executed this ___9___ day of October, 2006.

Alex C. Park
State Bar No. 197781
Attorney for Byung Hoon Chung
      Duk Bong Chung
      Myung Bin Chung and
      Kou Chul Chung

| | |
|---|---|
| BYUNG HOON CHUNG, DUK BONG CHUNG, MYUNG BIN CHUNG and KOU CHUL CHUNG | ) ) ) ) |
| | Petitioner's Opening Brief |
| Petitioner, | ) ) |
| vs. | ) ) |
| ALBERTO R. GONZALES, Attorney General | ) ) ) |
| Respondent. | ) ) |

## STATEMENT REGARDING ORAL ARGUMENT

Petitioners, Byung Hoon Chung, Duk Bong Chung, Myung Bin Chung and Kou Chul Chung, hereby request oral argument in this case only if this Court desires to hear arguments in this case prior to the decision to be rendered by this Court. Otherwise, should the Court wish to go forward, oral argument is necessary for the reason that the issues addressed in this appeal involve legal arguments relating to the violations of evidentiary requirements for removal; violation of the due process rights of Petitioners; failure to meet the burden of proof for deportation of Petitioners; and estoppel pursuant to the criminal actions of agent.  As noted, to date, these issues have not been decided by this Court. Consequently, Petitioners believe that the issues presented in this appeal will be aided by having counsel present arguments and be able to respond to questions on these contested issues.

## STATEMENT OF JURISDICTION

PETITIONER'S OPENING BRIEF

2

Jurisdiction of this Court is based upon 28 USC §1252(a)(2)(B)(ii), in that this appeal is from a final order of the Board of Immigration Appeals. Previously, jurisdiction in the Executive Office for Immigration Review (EOIR) of the deportation hearing for Petitioners commenced with the filing of a Notice of Hearing and Removal Proceedings in the Immigration Court, pursuant to Immigration and Naturalization Act ("INA") §§ 212(a)(7)(a)(i)(I) and 237(a)(1)(A). (*See* Notice to Appear, R:600-601, 609-610, 627-629)[1]. Petitioners' filed a Motion to Consolidate these four matters into one was granted and a new consolidated Notice of Hearing and Removal Proceeding was issued on April 27, 2004 (R:570). The final oral decision of the Immigration Judge was rendered on April 20, 2005 (R:39-44) and the final order was issued on that same date (R:38) ("The Decision"). Petitioners attempted to gain relief from deportation as an arriving alien seeking relief from the removal decision based on the failure by the Department of Homeland Security ("DHS") to meet its burden of clear and convincing evidence as a standard for removability pursuant to INA §§ 212(a)(7)(A)(i)(I). The Board if immigration appeals of the Executive Office for Immigration Review ("EOIR") affirmed The Decision on March 9, 2006. (R:2-3) Appellant filed a timely Petition for Review from that decision on May 4, 2005.

---

[1] All references herein to the Certified Administrative Record submitted by the U.S. Department of Justice will use the Citation "R:__" and refer to the Record page number reference.

PETITIONER'S OPENING BRIEF

3

## STATEMENT OF THE ISSUES

Whether the DHS has the burden of establishing clear and convincing evidence to meet removability requirements pursuant to INA §212(a)(7)(A)(i)(I). Whether DHS met its burden in order to properly order removal of Petitioners. Whether evidence of knowing fraud was established by DHS. Whether establishing fraud without direct evidence that results in removal violates the Due Process Clause of the United States Constitution because it unfairly deprives Petitioners of a right of application for immigration status.

## STATEMENT OF CASE

Byung Hoon Chung ("Mr. Chung"), a Korean immigrant, entered the United States in the mid 1992. (R:110). Mr. Chung received a Notice to Appear dated June 2, 2003 charging with being removed pursuant to INA §212(a)(7)(A)(i)(I). (R:600-602). The remaining three Petitioners, Duk Bong Chung, Myung Bin Chung and Kou Chul Chung (the "Chung Family Members" or collectively with Mr. Chung as "Petitioners") received a consolidated Notice of Hearing for all Petitioner's cases dated June 5, 2003. (R:598). On April 20, 2005 the Immigration Judge ordered removal of Petitioners. (R:38).

On April 27, 2005, Petitioners, through the undersigned counsel, moved the Board of Immigration Appeals ("BIA") to reconsider the Immigration Judge's decision removing Petitioner by filing a Notice of Apeal from a Decision of an

Immigration Judge. (R:26-28). The motion to reconsider was made on the grounds that DHS failed to meet its burden of clear and convincing evidence for removing Petitioners pursuant to INA §212(a)(7)(A)(i)(I) based solely on government's case for fraud without direct evidence connecting Petitioners to the fraud. On March 9, 2006 the BIA issued an order affirming the Immigration Judge's decision in this matter. (R:2-3).

### Statement of Standard of Review

The standard of review to be used by the Court is determining if the Immigration Judge abused power by ordering removal of Petitioners without meeting appropriate legal standards. Petitioners seeks this court to overturn the decision by the BIA and Immigration Judge for further proceedings.

### SUMMARY OF ARGUMENT

There are two issues presented for review at this Court. First the court must have a set of rules for establishing a burden that DHS must meet before ordering the removal of legal residents.   Clear and convincing evidence of violation of 212(a)(7)(A)(i)(I) establishing removal was not met in this case against Mr. Chung. Secondly, the removal of The Chung Family Members based on admitted crimes of a government employee without providing direct evidence that implicated any of Petitioners.

This Court clearly has jurisdiction under 28 USC §2241 to hear this case.

PETITIONER'S OPENING BRIEF

5

Removal of legal residents by DHS without meeting its burden of proof violates the due process rights Petitioners is fundamentally unfair. The removal of Petitioners will result in deprivation of the pre-existing and vested rights to seek relief from deportation.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.    THIS COURT HAS JURISDICTION TO DECIDE PETITIONERS' CLAIMS FOR RELIEF

The Immigration Court's decision on the right to deport legal residents presents a fundamental question regarding the role of the Judiciary in our system of government, as well as the rights of immigrants granted legal residence status, to enforce constitutional and statutory rights. In 1996, Congress enacted sweeping changes to the Nation's immigration law. Many are indisputably within the legislative power of Congress. However, many enactments are unprecedented efforts to thwart the historic role of judicial review by subjecting certain immigrants to expulsion without review by the courts of the legality of the government's action. At stake in this case is whether the DHS will have the unilateral authority to interpret an Act of Congress in a manner that deprives immigrants of a pre-existing right of due process for the DHS to meet an evidentiary burden of proof prior to exercising deportation of legal residents.

The protection of aliens facing deportation to gain judicial review of the

government's action was specifically addressed by Professor Henry Hart in his renowned dialogue on federal jurisdiction. He concluded that if Congress ever took the unprecedented step of barring review over constitutional of statutory claims, it would be in "direct violation" of the Suspension Clause guaranteeing the Writ of Habeas Corpus. *See* Henry M. Hart, Jr., *The Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialect*, 66 Harv. L. 1362, 1393-97 (1953).

In light of this dictate, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRAIRA), Pub. L. No. 104-208, Div. C., 110 Stat. 3009-546 (enacted Sept. 30, 1996), §309(c)(4)(G) cannot bar review of Appellant's claims. Review must remain available pursuant to 28 USC §2241 and the Constitution. Alternatively, if IIRAIRA bars all judicial intervention, then the statute must be struck down as facially unconstitutional and this Court is left with jurisdiction over Petitioner's claims under *status quo ante*. Under either resolution, Petitioners are entitled to a judicial determination of whether their order of deportation violates the Constitution or laws of the United States. *Duldulao v. INS*, 90 F. 3d 396, 400, n. 4 (9th Cir. 1996).

Further, what is crystal-clear is that as long as the BIA may reconsider or reopen the case, the status of the Petitioners in that case for purposes of 8 U.S.C. §1182(c) relief has not been finally determined for purposes of action by the BIA.

PETITIONER'S OPENING BRIEF

7

The BIA erred in determining that the evidentiary burden of the DHS pursuant to Petitioners was met to determine deportation of resident aliens. The BIA cannot allow for the lowering of evidentiary burden to determine deportation.  BIA's regulations on reconsideration and reopening do not construe the statute, but the existence of these regulations creates the situation on which the statute, which we construe, operates. *Butros v. INS*, 990 F.2d 1142; 1993 U.S. (9th Cir. 1993).

## II.    THE CONSTITUTIONAL RIGHT TO REVIEW DISCRETIONARY

### DEPORTATION

The habeas review required by the Constitution is not limited to challenging a removal finding. It also encompasses claims, such as those presented by Petitioners, that the Immigration Judge or the BIA acted unlawfully in allowing a lowered standard of burden for determining removal provided for by statute.

Under the 1891 and 1917 Acts, the Supreme Court and lower courts regularly exercised jurisdiction and adjudicated habeas petitions by aliens alleging the improper denial of discretionary relief from deportation. In *United States ex. Rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), the Supreme Court rejected the argument the habeas review did not extend to denial of discretionary relief in the deportation context. The Court exercised jurisdiction and ruled in favor of the alien over the specific objection of the dissent that a "a refusal to exercise that discretion [to suspend deportation] is not reviewable on a habeas

corpus..." *Id.* at 269 (Jackson, J. dissenting). The Court granted the habeas petition

challenging the denial of discretionary suspension-of-deportation relief on the

ground that the BIA had exercised its discretion in a manner inconsistent with

"existing valid regulations." *Id.* at 268.

Three years later, in *United States ex rel. Hintopoulos v. Shaughnessy*, 353

U.S. 72 (1957), the Supreme Court again adjudicated a habeas petition where the

Appellant claimed he had been improperly denied discretionary relief.[2]  Although

the Court rejected the Appellant's claims, it did so *on the merits* after concluding

the agency had "applied the correct legal standards in deciding whether...*the*

*statutory prerequisites* for [discretionary] suspension of deportation [had been

met]." *Id.* at 77 (emphasis added).[13]  *Accardi* and *Hintopoulos* demonstrate that

Petitioners are entitled to represent claims in a habeas corpus proceeding so that a

court can determine whether "the correct legal standards [were applied] in

deciding whether...[they] met the statutory prerequisites" for discretionary relief.

The decisions of the Circuit and other appellate courts under the 1891 and

1917 Acts further demonstrate that the constitutionally mandated habeas review

---

[2]*Accardi* and *Hintopoulos* were both governed by the 1917 Immigration Act,
although they were decided by the Supreme Court in 1954 and 1957, respectively.
*Accardi*, 347 U.S. at 261; *Hintopoulos*, 353 U.S. at 73.
　　[13]*Hintopoulos* shows that habeas also encompasses review of the *exercise* of
discretion, an issue presented here. The Court reviewed the BIA's order denying
discretionary relief, concluding that it was neither "capricious nor arbitrary" and
was thus not an "abuse of discretion." *Hintopoulos*, 353 U.S. at 77.

PETITIONER'S OPENING BRIEF
9

includes the review of non-constitutional claims alleging the improper denial of discretionary relief. The circuit courts regularly considered such claims and adjudicated them *on the merits*, even where the deportation order was ultimately affirmed. *See, e.g., Gonzalez-Martinez v. Landon*, 203 F. 2d 196 (9th Cir. 1953) (rejecting claim that discretionary relief was improperly denied and upholding Attorney General's application of the statute), *cert. denied*, 345 U.S. 998 (1953); *Hee Fuk Yeun v. White*, 173 F. 10 (9th Cir.), *cert. denied*, 257 U.S. 639 (1921) (finding agency rule governing eligibility reasonable and affirming denial of discretionary relief). See also, *Mastrapasqua v. Shaughnessy*, 180 F. 2d 999 (2d Cir. 1950) (overturning denial of discretionary relief based on arbitrary application of statute); *United States ex rel. De Sousa v. Day*, 22 F. 2d 472 (2d Cir. 1927) (reversing denial of discretionary relief based on agency's improper construction of statute); *United States ex rel. Picicci v. District Director*, 181 F. 2d 304, 306 (2d Cir. 1950) (misconstrued statute); *United States ex rel. Exarchou v. Murff*, 265 F.2d 504 (2d Cir. 1959) (overturning denial of discretionary relief based on insufficient evidence); *United States ex rel. Berman v. Curran*, 13 F. 2d 96 (3d Cir. 1926) (reversing denial of discretionary relief based on misconstruction of statute).[14]

---

[14]*See also Gabriel v. Johnson*, 29 F.2d 347 (1st Cir. 1928) (reviewing sufficiency of evidence for discretionary relief); *United States ex rel. McKenzie v. Savoretti*, 200 F.2d 546 (5th Cir. 1952) (reviewing agency's construction of statute

## III.    THE DENIAL OF JUDICIAL REVIEW ALSO VIOLATES DUE PROCESS AND THE SEPARATION OF POWERS PRINCIPLE EMBODIED IN ARTICLE III.

Appellant's Due Process and Article III claims need not be addressed if this Court—either under 28 USC §2241 or as a matter of constitutional law under the Suspension Clause—provides sufficient review of his final order of deportation. If §309(c)(4)(G) were found to bar meaningful habeas review of Appellant's deportation order, however, then the statue would also violate the Due Process Clause and Article III. *Kolster v. INS*, 101 F.3d 785, 786 (1st Cir. 1996) ("*[b]ecause at least* the habeas corpus review provided by the Constitution remains available to aliens covered by section 440(a)...the prohibition of judicial review in section 440(a) does not offend the Constitution")(emphasis added); *Hincapie-Nieto v. INS*, 92 F.3d 27, 30-31 (2d Cir. 1996)("some avenue for judicial relief remains available [through habeas corpus]"); *Salazar-Haro v. INS*, 95 F.3d 309, 311 (3d Cir. 1996)("we do not foreclose judicial review of all claims by aliens arising in the course of deportation proceedings").

---

and affirming denial of discretionary relief); *Stone v. Tillinghast*, 32 F.2d 447 (1st Cir. 1929) (affirming denial of discretionary relief based on alien's failure to meet burden of proof); *Aleviou v. McGrath*, 101 F. Supp. 421, 423-24 (D.D.C. 1951); *United States ex rel. Hadrosek v. Shaughnessy*, 101 F. Supp. 432, 434-36 (S.D.N.Y. 1951); *United States ex rel. Patti v. Curran*, 22 F. 2d 314, 316-17 (S.D.N.Y. 1926); *Domenici v. Johnson*, 10 F. 2d 433 (1st Cir. 1926) (reviewing sufficiency of evidence and affirming denial of discretionary relief).

Congress's broad authority over immigration policy does not authorize it to dilute the *procedural* protections, such as judicial review, guaranteed by due process. As Justice Frankfurter stated: "In the enforcement of these policies [pertaining to the entry of aliens and their right to remain], the Executive Branch of the Government must respect the procedural safeguards of due process." *Galvan v. Preess*, 347 U.S. 522, 531 (1954). *See also INS v. Chadha*, 462 U.S. 919, 94041 (1983)("The plenary authority of Congress over aliens...is not open to question, but what is challenged here is whether Congress has chosen a constitutionally permissible means of implementing that power"); *Almeida-Sanchez v. United States*; 413 U.S. 266 272 (1973)("no Act of Congress can authorize a violation of the Constitution").

As the First Circuit stressed, the "analysis of whether judicial review is constitutionally required here cannot turn on the fact that section 440(a) only affects the rights of ...aliens." *Kolster*, 101 F.3d at 790; *see also Goncalves v. Reno*, 144 F.3d 110, 111 (1998). Absent judicial review, the Attorney General would be vested with the unilateral power to arrest and deport lawful residents and even the most egregious violations of the Immigration Act would go unchecked. That is antithetical to the American constitutional structure. The danger of such a process is demonstrated by the frequency with which immigration decisions are vacated by the courts. As Chief Judge Posner recently noted with respect

PETITIONER'S OPENING BRIEF

12

specifically to §212(c) decisions, the courts have reversed "on a nontrivial number of occasions ...." *Reyes-Hernandez v. INS*, 89 F.3d 490, 492 (7th Cir. 1996). *See, e.g., Acosta-Montero v. INS*, 62 F.3d 1347 (11th Cir. 1995); *Georgia v. INS*, 90 F.3d 374 (9th Cir. 1996); *Kahn v. INS*, 36 F.3d 1412 (9th Cir. 1994); *Butros v. INS*, 990 F.2d 1142 (9th Cir. 1993). *See also Tipu v. INS*, 20 F.3d 580 (3d Cir. 1994); *Esposito v. INS*, 987 F.2d 108 (2d Cir. 1993); *Bedoya-Valencia v. INS*, 6 F.3d 891, 897 (2d Cir. 1993); *AvelaR-Cruz v. INS*, 58 F.3d 338 (7th Cir. 1995); *Margalli-Olvera v. INS*, 43 F.3d 345 (8th Cir. 1994); *Salameda v. INS*, 70 F.3d 447, 449 (7th Cir. 1995); *Akinyemi v. INS*, 969 F.2d 285 (7th Cir. 1992); *Diaz-Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992).

Moreover, the BIA, which would be the final arbiter of deportation in most cases, is not an independent adjudicatory body. It is wholly subordinate to the Attorney General. *See* 8 §CFR 3.1(a)(1). As the decision in *Matter of Soriano* starkly illustrates, the Attorney General may overturn any decision of the BIA on her own initiative or on request from the INS. *See* 8 CFR §3.1(h)(1)(i)-(iii). *See also Matter of Hernandez-Casillas*, Int. Dec. 3147 (A.G. 1991)(overturning BIA decision), *aff'd*, 983 F.2d 231 (5th Cir. 1993). Due process cannot tolerate the complete insulation of erroneous decisions that so profoundly affect an individual's liberty where the Attorney General is both the chief prosecutor and the final arbiter. *Landon v. Plasencia*, 459 U.S. at 34. *See* R. Fallon, Jr., *Of*

*Legislative Courts Administrative Agencies and Article III*, 101 Harv. L. Rev. 916, 938 (1988)(wielders of power are not permitted to be the final arbiters of their own enforcement).

Finally, Congress did not identify any interest properly related to *jurisdictional* concerns, such as that immigration law is too specialized to be susceptible to meaningful judicial oversight, that the BIA rarely commits error, or that the courts are ill-equipped to handle the number of immigration cases that reach the courts each year, to justify the complete preclusion of review. Deportation orders are already afforded significant deference and the preclusion of review only serves to insulate *clear* errors of law and *gross* abuses of discretion. *See, e.g., Arteacta v. INS*, 836 F.2d 1227 (9th Cir. 1988); *Mattis v. INS*, 774 F.2d 965 (9th Cir. 1985). There is no legitimate governmental interest in allowing such violations to go uncorrected or in deporting resident aliens in violation of statutory rights.[15]

In addition, Article III "serves both to protect the role of the independent judiciary within the constitutional scheme of tripartite government ...and to safeguard litigants' right to have claims decided before judges who are free from

---

[15]The absence of a sufficient governmental interests is further demonstrated by the myriad of minor crimes that trigger the preclusion of judicial review. IIRAIRA §309(c)(4)(G) applies if a legal permanent resident is deportable for having committed any two crimes of moral turpitude where the sentence *that could be imposed* (in contrast to sentence actually received) is one year in prison.

PETITIONER'S OPENING BRIEF

14

potential domination by other branches of government." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986)(internal quotes and citations omitted). *See Fallon, supra.* at 943 (Article III promotes the "constitutional interest in maintaining a judicial check against arbitrariness...or...infidelity to the requirements of law"). If Congress's interest in expedited deportations was what "drove [it] to depart from the requirements of Article III," *Schor*, 478 U.S. at 851, that interest cannot justify eliminating all opportunity for an alien to test whether the Attorney General has properly interpreted the INA. "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch), 137, 177 (1803). Indeed, if Congress were able to eliminate the courts whenever it deemed their involvement unnecessary, inconvenient or politically irksome, the Judiciary would be unable to serve its constitutional role as a "check" on the actions of the other two branches.

"The hydraulic pressure inherent within each of the separate Branches to exceed the outer limits of its power, even to accomplish desirable objectives, must be resisted." *Chadha*, 462 U.S. at 951. The "governmental power must be subject to the limits of law and...(those limits] should be determined, not by those institutions whose authority is in question, but by an impartial judiciary." *Fallon, supra*, at 938. If §309(c)(4)(G) is construed to give the Executive Branch the power to act as legal arbiter of its own conduct, it must be invalidated under

Article III.

**IV**  **FAILURE TO REQUIRE REMOVAL FOR CLEAR AND CONVINCING EVIDENCE VIOLATES DUE PROCESS RIGHTS.**

Removal pursuant to Section 212(a)(6)(C)(i) for less than *clear and convincing* evidence is in violation of Petitioners' due process rights. There is no question that an alien is entitled to full due process of law. *Plyler v. Doe*, 457 U.S. 202 (1982); *Accardi v. Shaughnessy*, 347 U.S. 216 (1954). Courts have held that if prejudice to alien in deportation proceedings is sufficiently great, there may be a denial of due process. *See, e.g., Castro-O'Ryan v. INS*, 847 F.2d 1307, 1313 (9th Cir. 1987). In *Castro-O'Ryan*, the Ninth Circuit Court of Appeals stated that:

> To make a hearing fundamentally unfair to this degree, "the defect, or practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements deemed essential to due process."

*Id.* (quoting *Bilokumsky v. Tod*, 263 U.S. 149 (1923)).

A determination of deportation of Petitioners due to the failure to meet the necessary "*clear and convincing*" evidentiary burden resulted in a fundamentally unfair decision in violation of Petitioners' due process rights as it changed the standard of proof necessary for deportation of long-time permanent residents whose ties to this country are long and deep.

The honorable Judge Alberto E. Gonzalez determined that none of Petitioners had "properly filed and had adjudicated applications for adjustment of [immigration] status" and therefore charged Mr. Chung with inadmissability pursuant to Section 212(a)(7)(A)(i)(I) and The Chung Family Members with removability pursuant to Section 237(a)(1)(A). (R:600-601, 609-610, 627-629). The removability order is based solely on an alleged list of immigration numbers provided by a former government employee, Mr. Sustaire, who was convicted of accepting bribes for processing immigration papers and the actions of his co-conspirator in the bribing scheme. (R:498-500). There has never been any direct evidence presented by the DHS in the removal proceedings for Petitioners that show that Petitioners actually participated in the bribery scheme or proof that the papers processed by Mr. Sustaire failed to amount to proper immigration applications. This court was never presented with "*clear and convincing*" evidence that directly implicated Petitioners that could result in removal proceedings. As a result of the court's decision based on a failure of the Government to meet the evidentiary burden, Petitioners had their immigration identification card taken away and all were ordered removable.

In prosecuting the case against Petitioners, as shown in the court transcript dated September 17, 2003, the DHS enforcement officer Leslie Brown admitted that no application files have been introduced in this matter that would prove that

Petitioners' applications for immigration status were insufficient. (R:90). As a result of the weak evidence presented by The DHS in the case during the court hearing on April 20, 2005, the DHS voluntarily dropped fraud charges against The Chung Family Members. (RA:78-79). In spite of attempts by the DHS to tie the fraud from the conspiracy convictions to Petitioners, the Government admitted their case failed to provide direct evidence of fraud and for that reason could not meet the strict evidentiary burden to prove fraud that would result in removability pursuant to Section 212(a)(7)(A)(i)(I) for The Chung Family Members. However, despite the fact that the DHS presented the same weak evidence for all Petitioners and failed to include any direct evidence connecting any Petitioners to the fraud related to the conspiracy scheme. In reality the decision of removability as to Mr. Chung based on Section 212(a)(7)(A)(i)(I) puts into jeopardy the immigration status of The Chung Family Members because their status is contingent upon Mr.Mr. Chung's's status. The practical effect of charges brought solely against Mr. Chung is that successful charges also resulted in the removability of each of The Chung Family Members.

No direct evidence connects Mr. Chung to the bribery scheme that Mr. Sustaire and his co-conspirator have been convicted of. The Government never charged Mr. Chung in connection with the bribery crime of Mr. Sustaire and never involved Mr. Chung in any aspect of the prosecution for the immigration bribery

crime. No one ever tied Mr. Chung directly to the fraud charged in Petitioners' case. The Immigration Judge's conclusion that Mr. Chung actively and knowingly participated in fraud is based purely on unrelated questionable acts of Mr. Sustaire.

Further, while the Immigration Judge found the two witnesses presenting the government's case as credible, none of the witnesses provided any evidence that Mr. Chung was involved in the bribery scheme. The hinge pin of the Government's case is that Petitioners' immigration numbers were allegedly found on a list used in the prosecution of Mr. Sustaire for bribery. Mr. Sustaire collected money for processing immigration resident status applications as requested by his co-conspirator. (R:186-190). Mr. Sustaire never met Petitioners. No evidence has been presented that proves that Petitioners' application papers were not valid applications. Petitioners' immigration status has ultimately been questioned based solely on a list allegedly prepared by the convicted Government employee, Mr. Sustaire. (R:40-41). However, no evidence of knowledge of fraud has been presented that could rise to the level of *clear and convincing* evidence that prove fraud was committed by Mr. Chung.

Evidence presented that does not meet the burden of proof required for a removability order must violate the due process rights of Petitioners. Here the Government has claimed that Mr. Chung committed fraud which is the basis of the

removability claim. Fraud requires a knowing conduct on the part of Mr. Chung. However, no evidence of Mr. Chung's connection with or knowledge of the bribery scheme has ever been presented. Evidence of a bribery scheme was prosecuted in a prior proceeding that did not involve Mr. Chung. (R:498-537). No *clear and convincing* evidence has been provided that supports removability or claims of false filings. Without presentation of some direct connection between Mr. Chung, or any of The Chung Family Members, to the bribery scheme or the accusations of false applications, can the Government meet its burden. The Government has not presented any evidence connecting Petitioners to the bribery scheme and has failed to prove that the original applications by Petitioners were false.

Based on the evidence presented in this case, any conviction of violation of Section 212(a)(7)(A)(i)(I) or the finding that Petitioners do not possess properly issued permanent resident visas is a violation of the due process of Petitioners.

## V.    ESTOPPEL DUE TO VIOLATIONS OF DUE PROCESS.

The court found in the *Matter of Thornburgh*, 869 F.2d 1503, 1512 (D.C. Cir. 1989) that the immigration courts may be estopped from deportation for violations of the due process protections of applicants. The failure to comply with the due process rights of Appellants for deportation as discussed above should cause estoppel of claims of deportation. Implications of wrongdoing

through violations of due process cannot lead to deportation. The DHS should be estopped from deporting Appellants and his family based on the violations of due process suffered by Petitioners.

## VI.   THE DHS SHOULD BE ESTOPPED FROM REMOVAL OF PETITIONERS.

Estoppel is appropriate only where the government committed affirmative misconduct and not merely false processing functions. *Santamaria-Ames v. INS*, 104 F.3d 1127 (9th Cir. 1996); *Cadwalder v. Andrus*, 45 F.3d 297 (9th Cir. 1995). Petitioners have been entangled within the bribery and fraud convictions of a former INS agent. This entanglement resulted in the prosecution by the DHS of removal of all Petitioners. The criminal misconduct by the agent of the Government resulted in Petitioners prosecution for removal.

Claims of estoppel against the government apply only when the government wrongful acts will cause serious injustice and the public's interest will not suffer undue damage by imposition of the liability. *Morgan v. Heckler*, 779 F.2d 544 (9th Cir. 1985), *Mukherjee v. INS*, 793 F.2d 1006 (9th Cir. 1986). Enforcement of the prosecution of Petitioners will result in serious injustice to Petitioners who have created successful lives in the United States in reliance of their issued immigration status. Similarly, the public's interest is served by allowing Petitioners to remain in the United States and not sever their relationships with this country that include business, education and societal ties. Estoppel is appropriate to prevent severe

injustice to Petitioners.  *U.S. v. Omdahl*, 104 F.3d 1143 (9th Cir. 1997); *Jaa v. INS*, 779 F.2d 569 (9th Cir. 1986).  Petitioners will suffer severe injustice if they are forced to return to South Korea after spending more than ten years in the United States building a new and separate life.

No evidence has been presented that shows that Petitioners were aware of the bribery and fraud committed by Sustaire.  Estoppel of actions by the Government is appropriate where Petitioners are ignorant of the true criminal actions committed by the Government and relied on those actions.  *S&M Inv. Co. v. Tahoe Regional Planning Agency*, 911 F.2d 324.  Petitioners relied on the issuance of the immigration papers and lived a productive life in the United States at the cost of their cessation to pursue a life in South Korea because of the issuance of their immigration status in the United States.  The Government should be estopped from shattering these stable lives and force Petitioners to leave this country to begin new lives in another country where they don't have long term ties.

## CONCLUSION

For the reasons set forth above, Petitioners request that this Court assumes jurisdiction over this case, and find that Petitioners' appeal should be granted and that the decision of the BIA and the Immigration Judge be overturned for lack of evidence.

Respectfully submitted this 9 day of October, 2006.


Alex C. Park
State Bar No. 197781
Attorneys for Byung Hoon Chung
                  Duk Bong Chung
                  Myung Bin Chung and
                  Kou Chul Chung