# EXHIBIT F

IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

No. 06-71728

---

BYUNG HOON CHUNG, DUK BONG CHUNG,
MYUNG BIN CHUNG and KOU CHUL CHUNG

Petitioners,

vs.

ALBERTO R. GONZALES, Attorney General

Respondent

Appeal from Board of Immigration Appeals

---

Petitioners' Reply Brief

---

Alex C. Park, Esq.
State Bar No. 197781

ATTORNEY FOR BYUNG HOON CHUNG
DUK BONG CHUNG
MYUNG BIN CHUNG
KOU CHUL CHUNG

PETITIONERS' REPLY BRIEF

1

| | |
|---|---|
| BYUNG HOON CHUNG, DUK BONG CHUNG, MYUNG BIN CHUNG and KOU CHUL CHUNG<br><br>Petitioner,<br><br>vs.<br><br>ALBERTO R. GONZALES, Attorney General<br><br>Respondent. | )<br>)<br>)<br>)   Petitioners' Reply Brief<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORAL ARGUMENT

### I. INTRODUCTION

The Department of Justice ("Respondent") has attempted to characterize, albeit disingenuously, three issues in the Brief for Respondent ("Response"). While the three issues as described in the Response include some accuracy, Respondent's convenient failure to include all of the important facts tell only part of the story and, therefor, results in an inaccurate description of the issues presented in this case. Respondent's efforts to claim that Byung Hoon Chung, Duk Bong Chung, Myung Bin Chung and Kou Chul Chung ("Petitioners") were never eligible to enter the United States, while not supported by facts, is an attempt to short-circuit the valid estoppel claim. The claim that Petitioners were not eligible to enter the United States is based solely on the testimony of a convicted criminal that used these claims to reduce his own criminal punishment and avoid punishment for tax evasion and related crimes.

## II. ARGUMENT

**a. Respondent has failed to provide all of the facts as to Petitioners' valid entry into the United States.**

The characterization by Respondent that the first issue in this case is the failure of Petitioners to possess valid immigration documents is not factually accurate. (Response at page 3). The claim is made based on a list of handwritten alien file numbers (R:492-496) prepared by the former government employee who was convicted of bribery ("Sustaire") that sparked these claims against Petitioners. The list was presented as evidence that Petitioners failed to possess valid green cards. However, there has never been any evidence presented against Petitioners showing that they did not submit valid immigration applications for processing with the Immigration and Naturalization Services ("INS") when they originally applied in or about 1992.

As the facts state, Petitioners became familiar with an immigration broker through their church membership. (R:59-63). The broker was hired to process Petitioners' applications. Mr. Chung's understanding of the immigration process was consistent with what he was told by similar church goers. (R:72). Petitioners believed that their applications were valid and without being familiar of the policies and procedures of the immigration process they considered their experience normal. Not until May 2003 when Mr. Chung was questioned by the Department of Homeland

Security ("DHS") did he realize that his immigration papers had any problems. While it is true that when Mr. Chung originally read a newspaper article in 1999 about illegal immigration procedures and a related bribery scheme it raised a thought as a fellow immigrant (R:114), Petitioners had no reason to suspect that almost ten years later the process they relied on and paid for that resulted in their green cards had any questionable aspects. The problems with Petitioners green cards were never realized until the DHS stated the problems during the interview of Petitioners in May 2003 (R:115). It is inaccurate for Respondent to assert that Petitioners admitted to not possessing valid immigration papers. It was always Petitioners' belief that the papers were valid and only after the green cards were taken from Petitioners by the DHS did Petitioners believe that they did not possess valid green cards. Any testimony to the effect of invalid immigration papers is only related to the taking of their green cards by the DHS.

No evidence has ever been introduced to support the alleged problems with Petitioners' applications that show that Petitioners participated in or had any knowledge of the bribery or fraud scheme that Sustaire participated in. Respondent even removed the claims of fraud against Petitioners during the testimony of Mr. Chung when it became obvious to the court that there was no way to tie the bribery directly to Petitioners. (R:78). In fact, while Petitioners were not aware of the bribery scheme, testimony shows that Petitioners provided what they believed were

valid application papers for processing with the INS. (111-113).

The facts further show that Sustaire destroyed a number of records in the 1994 and 1995 time period. This destruction was in an effort to protect himself from his criminal wrongdoing. (R191-192). Sustaire also subsequently prepared a list of the destroyed files. (R:192). But in the preparation of this all-important list, there was no assurance of the accuracy of this list. The list was not verified by anyone or backed-up by electronic storage system. (R:193). Sustaire even admitted that the list was not complete or accurate. The list does not contain alien numbers related to his crime that and it also includes alien numbers that have previously been issued valid green cards. (R:193-196). Sustaire mixed up valid and invalid immigration files that were, supposedly, both included and not included in his fraud and bribery case. It is unbelievable that so much authority can be placed in an arbitrary handwritten list when Sustaire admitted that he mistakenly added valid alien numbers, never met the aliens on the lists, and fails to recall details about how the list was prepared. (R:199). In fact it is inconceivable that such an inaccurate list could have the authority to cancel the immigration status and order families removed from the United States after more than ten years of upstanding and respectable living in this country.

It is clear that the only real motivation by Sustaire for creating the list, as he admitted, was for the self-preservation against the criminal charges that could be brought against him. (R:199-201). The successful use by Sustaire of this list was

evident when he received a reduced sentence for his bribery crimes and further, that he was never prosecuted for tax evasion or any other crime related to his criminal actions. (R:432-433, 467-484).

No evidence has been presented in this case that any verification was made to the existence of any deficiencies in the application forms filed by Petitioners. It is a false claim made by Respondent that Petitioners' original application papers were invalid or deficient. (Response at page 12).

The facts are that Petitioners believed their applications to be valid and, upon issuance of their green cards, Petitioners relied for more than ten years on those green cards as being valid and their status as being legal.

**b. This court does have jurisdiction to estop the final order.**

It is settled law that the court can apply estoppel claims in this matter. The facts in this case clearly show the four elements of estoppel (Response at page 3). *Jaa v. INS*, 779 F.2d 569, 571 (9th Cir. Cal. 1986); *Watkins v. United States Army*, 875 F.2d 699, 707 (9th Cir 1989) (en banc).

First, the DHS through its criminal prosecution of Sustaire prior 2000 was clearly aware that the actions of Sustaire. In fact, it can be argued that the INS, through the agency of the position Sustaire held, was always aware of the fraud and bribery in he participated in.

Second, both Sustaire and the DHS intended that the Petitioners rely upon their

belief that they possessed valid green cards and only after the action of the DHS in May 2003 were Petitioners informed that they were the alleged victims of a fraud and bribery scheme perpetrated by a former INS employee.

Third, the DHS admitted through their actions of dismissing the fraud claims against Petitioners, that Petitioners had no knowledge or participation of the fraud and bribery scheme. Petitioners were simply innocent victims of the financial profiting by Sustaire.

Finally, Petitioners' reliance on the issuance of the green cards by Sustaire and the INS, that their residency was legal and valid. As a result of the issuance of the green cards Petitioners have severed professional ties with their homeland of South Korea and lived a successful and upstanding life in the United States. This way of life is now threatened by the removal action and order participated in by the DHS and Respondent.

In this case the evidence has shown that the trigger to removability of Petitioners is based on an inaccurate handwritten list of alien numbers that was presented as evidence to protect against the criminal prosecution of a former employee of the INS. The criminal actions of Sustaire took place while he was an employee and relied upon for processing immigration applications. Petitioners green cards were issued by the INS and relied upon by Petitioners for more than ten years. No evidence shows that the application papers presented by Petitioners were deficient

in any way.

### c. There is no evidence Petitioners' green cards were not validly issued.

The third issue raised by Respondent was that Petitioners were not eligible to be in the United States. (Response at page 3). However, Respondent has failed to present any evidence to support this claim. There is no evidence that Petitioners' original application papers were deficient in any way. In fact it was Petitioners' belief that the papers they submitted were valid and should have been approved. (R:72). Respondent agreed that Petitioners had not participated in the fraud and bribery scheme of Sustaire (R:78) and failed to provide any information proving that Petitioners had any knowledge of the bribery scheme during their application process. Finally, the unreliable handwritten list does not prove that Petitioners failed to possess valid green cards as Sustaire admitted that the list mistakenly contained numerous inaccuracies and there was no supporting documentation to verify the accuracy of the individual alien numbers.

### d. Petitioners have lived ten years of successful lives.

Petitioners have done nothing but pursue successful lives in the United States for the past ten years. It is inequitable to destroy the lives of Petitioners' family based on the flagrant claims raised by a convicted criminal. This inequity rises to epic proportions when the primary purpose of raising such claims was to bargain down his punishment.

## CONCLUSION

For the reasons set forth above, in Petitioners' Opening Brief, and Pro-Bono Amicus Curiae Brief filed on behalf of Petitioner In Support of Reversal, Petitioners request that this Court assumes jurisdiction over this case, and find that Petitioners' appeal should be granted and that the decision of the BIA and the Immigration Judge be stayed and reversed based on estoppel or violations of due process.

Respectfully submitted this 24 day of December, 2006.


Alex C. Park
State Bar No. 197781
Attorneys for Byung Hoon Chung
            Duk Bong Chung
            Myung Bin Chung and
            Kou Chul Chung

# EXHIBIT G

*MacLachlan*

No. 06-71728

RECEIVED

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BYUNG HOON CHUNG
DUK BONG CHUNG
MYUNG BIN CHUNG
KOU CHUL CHUNG

Petitioners,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent

**MOTION TO REMAND**

Appellants, through the undersigned counsel, hereby move to reopen their removal proceeding and remand this case to the Immigration Judge in San Francisco, California.

On April 20, 2005, the appellants were order removed by the Immigration Judge in San Francisco Immigration Court. The single charge under which the Appellants were ordered removed was under Section 237(a)(1)(A) of the

*39-11-14064-13*          *CAW*

Immigration and Nationality Act, to wit for not being in possession of a valid

unexpired immigrant visa. The Appellants have filed a timely appeal with the

Board which was denied March 9, 2006. Petitioners subsequently filed a timely

Petition for Review before this court on April 4, 2006.

    Since the filing this Petition, LEAD Appellant's immigration petition has

been approved. Exhibit A is a copy of the approval notice for I-140 immigrant

petition filed on behalf of the LEAD Appellant Byung Hoon Chung.

    The Board *In the Matter of Velarde-Pacheco*, ibid, at 257 held that the

Board was modifying its decisions *In the Matter of H-A-*, Interim Decision 3394

(BIA 1999) and *In the Matter of Arthur*, 20 I&N Dec. 475 (BIA 1992) to allow for

granting of a motion to reopen to apply for adjustment of status, pending approval

of the I-130 visa petition by the Service, in cases where an alien has satisfied the

five factors outlined by the Board. The Board listed the following 5 factors: (1)

the motion is timely filed; (2) the motion is not numerically barred by the

regulations; (3) the Motion is not barred by *In the Matter of Sharr*, 21 I&N Dec.

541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear

and convincing evidence indicating a strong likelihood that the respondents

marriage is bona fide; and, (5) the Service either does not oppose the motion or

bases its opposition solely on *In the Matter of Arthur*, supra.

    Here, although the Appellant has properly filed I-140, and not I-130, by the

Shindokdo Seafood Restaurant, see Exhibit A, it is the Appellants' position that the 5 factor test set out in *Velarde-Pacheco* should apply. Therefore, we now turn to if the Appellanst can fulfill the mandates of the above 5 factors.

The current motion is properly filed because it is being file while the appeal is pending.

Although the Motion is numerically qualified but it is not barred by other regulations because the LEAD appellant's employment based 3rd preference is current, without any delay in immigration quota allocations by the U.S. State Department.

The Motion is not barred by *In the Matter of Sharr*, ibid, supra, because the Appellant did not apply for voluntary departure during the initial hearing with the Immigration Judge. Therefore, the Motion is outside the scope of *In the Matter of Sharr*.

The Motion presents clear and convincing evidence that the Appellant qualifies as an alien as skilled worker within the meaning of INS Section 203(b)(3)(A)(i) or (ii). See, Exhibit A.

Finally, the Service in the past instances has not been opposed to adjustments for "Sustaire" cases.

In conclusion, the current motion meets all the requirements of *Matter of Velarde-Pacheco*, ibid.

The LEAD Petitioner, Chung Hoon Byung, can apply for his wife, Duk Bong Chung and his under 21 son, Kou Chul adjustment of status with I-485 before the IJ.  The LEAD Petitioner's over 21 daughter will be applying for E42B application with the IJ.  Therefore, Myung Bin's case should also be remanded to IJ.

For the reasons stated above, appellant respectfully request that the COURT remand this case to Immigration Judge in San Francisco, California. Respectfully submitted this 21st day of June, 2007.

Alex C. Park, State Bar No. 197781
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515

Attorney for Appellants

## DECLARATION OF ALEX C. PARK IN SUPPORT OF MOTION TO REMAND IMMIGRATION APPEAL

The undersigned, ALEX C. PARK, declares:

     1.    I am an attorney recently approached to represent all Appellant in the above-captioned appeals filed before this court.

     2.    I declare under penalty of perjury that the foregoing is true and correct.

     Executed this 21st day of June, 2007, at Santa Clara, California.

                       _____

                       Alex C. Park
                       State Bar No. 197781
                       Attorney for Appellant

# EXHIBIT A.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

| RECEIPT NUMBER | CASE TYPE  I140 |
|---|---|
| SRC-06-172-52791 | IMMIGRANT PETITION FOR ALIEN WORKER |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
|---|---|---|
| May 10, 2006 | July 21, 2005 | SHINDOKDO SEAFOOD RESTAURANT |

| NOTICE DATE | PAGE | BENEFICIARY  A072 343 857 |
|---|---|---|
| July 14, 2006 | 1 of 1 | CHUNG, BYUNG HOON |

ALEX C. PARK
4675 STEVENS CREEK BLVD 100
SANTA CLARA CA 95051

Notice Type:  Approval Notice
Section: Skilled Worker or
         Professional,
         Sec.203(b)(3)(A)(i) or (ii)

The above petition has been approved.  The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status.  He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence.  A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center.  Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action.  The NVC also determines which consular post is the appropriate consulate to complete visa processing.  It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
TEXAS SERVICE CENTER
P O BOX 851488 - DEPT A
MESQUITE TX 75185-1488
Customer Service Telephone: (800) 375-5283



Form I-797 (Rev. 01/31/05) N

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with two copies of the foregoing **MOTION TO REMAND AND DECLARATION OF ALEX C. PARK** by having same delivered by U.S. Express Mail as follows:


Peter D. Keisler, Assistant Attorney General
Andrew C. MacLachlan, Attorney - OIL
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

Executed this 21st day of June, 2007.


Alex C. Park
State Bar No. 197781
Attorney for Appellant

# EXHIBIT H

# No. 06-71728

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### BYUNG HOON CHUNG, et al.,
### (Agency Case Nos. A72 343 857 / 858 / 859 / 860),

**Petitioners,**

**v.**

**ALBERTO R. GONZALES, Attorney General of the United States,**

**Respondent.**

### OPPOSITION TO MOTION TO REMAND

The respondent Attorney General, by his undersigned counsel, hereby opposes the Motion to Remand filed by petitioners, requesting a remand to the immigration judge based on new evidence of eligibility for adjustment of status. Petitioners' motion to remand should be denied.

Petitioners' motion to remand seeks to reopen their removal proceeding and remand the case to the immigration judge. The basis for the motion to remand with regard to three of the petitioners is that they would now be eligible to apply for adjustment of status. After petitioners were ordered removed by the

immigration judge, Mr. Byung Hoon Chung, the lead petitioner, filed an I-140

Immigrant Petition for Alien Worker. <u>See</u> Motion to Remand at Exhibit A. That

petition was approved subject to availability of the visa, and Mr. Chung was given

a "priority date" for that visa of July 2005. <u>See</u> Motion to Remand at Exhibit A.

In June 2007, Mr. Chung's visa became current, satisfying one requirement for his

eligibility to apply for adjustment of status to that of a lawful permanent resident

of the United States. <u>See</u> Motion to Remand at second and third unnumbered

pages and Exhibit A. Mr. Chung's eligibility also satisfied the eligibility

requirement for his wife and son, Duk Bong Chung and Kou Chul Chung. <u>See</u>

Motion to Remand at third unnumbered page. Based on these events, the motion

for remand asserted that the removal case of Mr. Chung and his wife and son

should be remanded to the immigration judge to permit them to apply for

adjustment of status under <u>Matter of Velarde-Pacheco</u> [23 I. & N. Dec. 253 (BIA

2002)] ("<u>Matter of Velarde</u>"). Motion to Remand at second unnumbered page.

Mr. Chung's eligibility for adjustment of status has no affect on the

eligibility of his daughter, Myung Bin Chung, who was over twenty-one years old

when Mr. Chung filed his petition. <u>See</u> Motion to Remand at third unnumbered

page. The motion for remand nonetheless asserted that the case should also be

remanded with regard to Myung Bin Chung to permit her to file an "E42B

application" with the immigration judge. <u>Id.</u> The motion contained no discussion

or factual basis to believe that Myung Bin Chung might be eligible to seek cancellation of removal based on exceptional and extremely unusual hardship to a qualifying relative. Id.

Petitioners' motion to remand should be denied for several reasons. First, the Court's jurisdiction in this case is under Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C.§ 1252, which limits the Court's jurisdiction to "final orders of removal[,]" "only on the record on which the order of removal is based[,]" and available administrative remedies must be exhausted. INA §§ 242(a)(1), (b)(4)(A) & (d)(1), 8 U.S.C. §§ 1252(a)(1), (b)(4)(A) & (d)(1). Unless evidence outside of the administrative record moots the removal order, such evidence does not address the reasoning of the Board in ordering removal, and may not be considered by the Court in judicial review of the removal order. The potential new availability of other relief is irrelevant to judicial review of the Board's final order of removal. The Court has no jurisdiction to remand a case and the proper vehicle is a motion to reopen to the Board. Altawil v. INS, 179 F.3d 791, 793 (9th Cir. 1999) (a court cannot order the taking of additional evidence by the Board); Ghaly v. INS, 58 F.3d 1425, 1432 (9th Cir. 1995) (the ordinary procedure is for a petitioner to submit a motion to reopen to the Board). If there is new evidence, an alien's only recourse is to file a motion to reopen with

the Board.[1]  See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir. 1985)

(citing Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir. 1983)).

Moreover, pursuant to 28 U.S.C. § 2347(c), the Court may not remand a case to

the Board to adduce new evidence.  See INA § 242(a)(1), 8 U.S.C. § 1252(a)(1)

("the court may not order the taking of additional evidence under 1247(a) of Title

28."); Reyes-Melendez v. INS, 342 F.3d 1001, 1006 (9th Cir. 2003) (appellate

courts are precluded from remanding cases to the Board for the taking of

additional evidence under 28 U.S.C. § 2347(c)); Ramirez-Alejandre v. Ashcroft,

319 F.3d 365, 377 (9th Cir. 2003) (same).

     Notwithstanding any new claim for relief, made in a motion to reopen or

otherwise, this Court must proceed to address the petition for review filed by Mr.

Park and pending in this proceeding.  See Stone v. INS, 514 U.S. 386, 405, 115 S.

Ct. 1537 (1995) ("a deportation order is final, and reviewable, when issued.  Its

finality is not affected by the subsequent filing of a motion to reconsider.")

Petitioners' removal order is final and reviewable, and the approval of a visa

petition is irrelevant to judicial review of that removal order.  If petitioners filed a

motion to reopen with the Board and such a motion were denied, petitioners might

---

    [1]  Indeed, Department of Homeland Security regulations set out a
mechanism for the reopening or reconsideration of removal hearings.  8 C.F.R.
§ 1003.2.  The petitioners must submit a motion to reopen to the Board and state
the new facts to be proved at the reopened hearing.  Id.

then seek judicial review of that decision.  Petitioners' motion to remand is simply the wrong vehicle at the wrong time in the wrong forum and it should be denied.

Even if the Court had jurisdiction to remand for new relief or even to consider the extra-record evidence proffered with the motion, petitioners' motion to remand would not support action by the Court.  First, the immediate availability of a visa is only one requirement for adjustment of status under INA § 245, 8 U.S.C. § 1255, which includes other eligibility requirements and other limitations on adjustment of status under various circumstances.  <u>See</u>, <u>e.g.</u>, INA §§ 245(a), (c) & (i), 8 U.S.C. §§ 1255(a), (c) & (i).  Second, the authority cited in the motion, <u>Matter of Velarde</u>, is inapposite.  It does not address judicial remand.  <u>See Matter of Velarde</u>, 23 I. & N. Dec. 253.  It addresses only motions to the Board to reopen. <u>Id.</u>  Its holding only addresses circumstances in which a motion to reopen is supported by an *unadjudicated* visa petition, and there is no indication in the holding that its analysis applies to visa petitions other than for an immediate relative. <u>Id.</u>  Third, assuming the visa available supports an application for adjustment of status by three of the petitioners, as was discussed during oral argument in this case in June, the visa does not affect the fourth petitioner, Myung Bin Chung, and there is no evidence or analysis supporting remand with regard to her.

The possibilities for relief from removal for these petitioners was discussed

5

at length before the Court at oral argument.  The parties agreed that both

petitioners and the Department of Homeland Security were working diligently and

cooperatively within the administrative process to determine if relief was available

and whether such relief might be available without petitioners' departure from the

United States.  This is the appropriate administrative process, and it has not been

exhausted by petitioners in this instance.[2]  Under these circumstances, remand is

unavailable and none of the other tools available to the Court are appropriate.

Given that the petitioners and the Department of Homeland Security have been

discussing in good faith the possibility of a joint motion to the Board to reopen on

behalf of the three potentially eligible petitioners, as discussed at length in oral

argument, neither abeyance nor mediation serves any purpose in this case.

Moreover, such delay in this case would actually harm the interests of the Court

and the parties in the other related cases.  The same legal issues asserted by

petitioners in the petition for review in this case have been asserted in very similar

factual contexts in numerous other cases listed in the parties briefs.  A decision in

this case, which has been submitted after oral argument, on those issues will assist

the Court and litigants in those and other future cases.

---

[2] Petitioners did not seek to determine respondent's position on this motion
prior to its filing, and did not mention the motion or the possibility of an E42B
application" to the Department of Homeland Security in their discussions in this
case.

## **CONCLUSION**

For the reasons stated above, the Court should deny petitioners' motion to

remand.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

ANTHONY C. PAYNE
Senior Litigation Counsel
Office of Immigration Litigation


_____
ANDREW C. MACLACHLAN
Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Benjamin Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-9718

Dated: July 6, 2007                    Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2007, two copies of the

foregoing **OPPOSITION TO MOTION TO REMAND** were served upon

counsel of record for petitioners by placing them in the Department of Justice mail

room for same-day mailing, postage prepaid, addressed to:

> Alex C. Park, Esq.
> Law Office of Alex C. Park
> 4675 Stevens Creek Blvd, Suite 100
> Santa Clara, CA  95051


_____
ANDREW C. MACLACHLAN
Attorney
Office of Immigration Litigation

# EXHIBIT I

Mac Lachlan

FILED

JUL 007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYUNG HOON CHUNG; DUK BON CHUNG; MYUNG BIN CHUNG; KOU CHUL CHUNG, | No. 06-71728 |
| Petitioners, | Agency Nos. A72-343-857<br>A72-343-858<br>A72-343-859<br>A72-343-860 |
| v. | |
| ALBERTO R. GONZALES, Attorney General, | ORDER |
| Respondent. | |

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH, Circuit Judges.

Petitioners' Motion to Remand is DENIED. This court is not the proper forum to raise the claim of relief sought by Petitioners. Any such claim should be presented to the Board of Immigration Appeals in a motion to reopen.

39-11-14064.17

GW

# EXHIBIT J

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

BYUNG HOON CHUNG, et al.,

               Petitioners,

       v.

ALBERTO R. GONZALES,

               Respondent.

No. **06-71728**

Agency Nos. A72 343 857
              A72 343 858
              A72 343 859
              A72 343 860

**JOINT STATUS REPORT AS ORDERED**
**BY THE COURT**

On August 7, 2007, the Court ordered the parties to submit a joint status report by August 14, 2007, addressing the status of the parties' efforts to agree to a joint motion to reopen on behalf of three of the petitioners in this case.

The following joint status report is submitted by the parties. Given the relative locations of counsel, counsel for petitioner authorized counsel for respondent to submit this status report on behalf of both parties.

At the time of oral argument in this case, the Department of State had announced that beginning July 1, 2007, there would be a visa immediately available for Mr. Byung Chung, the lead petitioner in this case. In a Visa Bulletin dated July 2, 2007, the Department of State announced that the number of employment-based visas available for the present fiscal year had been exhausted. On July 17, 2007, the announcement in the July 2, 2007 Visa Bulletin was reversed, and eligible applicants were given a temporary window, from July 17 to August 17, in which a

visa would be available.  However, after August 17, 2007, there
will be no further employment-based visas available for the
remainder of the fiscal year.  Beginning in October 2007, it is
likely, but not certain, that visas for the new fiscal year will
be available; and it is possible, but not certain, that Mr.
Chung's visa priority date will become current at that time.

After the July 17, 2007 announcement, counsel for the
petitioners proposed a joint motion to reopen to the San
Francisco Chief Counsel, Immigrations and Customs Enforcement
("ICE"), Department of Homeland Security ("DHS"), regarding three
of the four petitioners in this case.

An immigration judge may not properly approve an adjustment
of status unless there is a visa immediately available and
allocated.  There is no chance that a joint motion to reopen in
the case of the three petitioners would be agreed upon, approved
by the Board of Immigration Appeals, and reach the immigration
judge before August 17, 2007.  For this reason, the San Francisco
Chief Counsel has declined to join in a joint motion to reopen at
this time.  To minimize the possibility of reopening a case in
which the respondents cannot be lawfully adjusted within a
reasonable time, the San Francisco Chief Counsel will not agree
to reopen for the three petitioners until there are visas
available and Mr. Chung's priority date is current, which will
not happen until October 2007 at the earliest.

The proposed joint motion to reopen addresses petitioners
Byung Hoon Chung, Duk Bong Chung, and Kou Chul Chung.  Petitioner

2

Myung Bin Chung would not eligible for adjustment of status based on the visa of Byung Chung, and DHS will not consider including her case in the proposed joint motion to reopen.

The parties suggest that an additional joint status report filed by October 30, 2007, could assist the Court's deliberations in this matter.

Dated:  August 13, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration Litigation

8/10/07

_____
ALEX C. PARK
Law Office of Alex C. Park
4675 Stevens Creek Blvd
Suite 100
Santa Clara, CA  95051
(408) 246-1515
Attorney for Petitioner

_____
ANDREW C. MACLACHLAN
Office of Immigration Litigation
Civil Division, U.S. Dept of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 514-9718
Attorneys for Respondent

# EXHIBIT K

MAR-04-2008 08:27 From:US COURT OF APPEALS                    To:202 616 4975        P.1/3

| Post-it® Fax Note | 7671 | Date 3/4/08 | # of pages ▶ 3 |
|---|---|---|---|
| To Andrew MacLachlan | | From Wendy Li | |
| Co./Dept | | Co. | |
| Phone # (202)514-9718 | | Phone # (415) 355-7848 | |
| Fax # (202)616-4975 | | Fax # | |

# FILED

COURT OF APPEALS

AUG 23 2007

FOR THE NINTH CIRCUIT

CATHY A. CATTERSON, CLERK
U.S COURT OF APPEALS

ORIGINAL

---

BYUNG HOON CHUNG; DUK BON
CHUNG; MYUNG BIN CHUNG; KOU
CHUL CHUNG,

      Petitioners,

  v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 06-71728

Agency Nos. A72-343-857
             A72-343-858
             A72-343-859
             A72-343-860

ORDER

---

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH,
Circuit Judges.

    This case is hereby withdrawn from submission pending resolution of the

proposed joint motion to reopen to be filed with the Board of Immigration

Appeals.

# EXHIBIT L

MacLachlan

**FILED**

AUG 2 3 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYUNG HOON CHUNG; DUK BON CHUNG; MYUNG BIN CHUNG; KOU CHUL CHUNG, | No. 06-71728 |
| Petitioners, | Agency Nos. A72-343-857 |
| | A72-343-858 |
| | A72-343-859 |
| v. | A72-343-860 |
| ALBERTO R. GONZALES, Attorney General, | ORDER |
| Respondent. | |

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH, Circuit Judges.

In light of the parties' joint status report filed on August 14, 2007, the parties shall jointly advise the court as to the status of any motion or other proceedings that may be pending before the BIA. The reply is due on October 30, 2007.

39-11-14064.17    GW

# EXHIBIT M

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BYUNG HOON CHUNG, et al.,

        Petitioners,

     v.

PETER D. KEISLER,

        Respondent.

No. 06-71728

Agency Nos. A72 343 857
             A72 343 858
             A72 343 859
             A72 343 860

**JOINT STATUS REPORT AS ORDERED
BY THE COURT**

On August 7, 2007, the Court ordered the parties to submit a joint status report by August 14, 2007, addressing the status of the parties' efforts to agree to a joint motion to reopen on behalf of three of the petitioners in this case.  On August 23, 2007, the Court ordered that the parties jointly advise the Court by October 30, 2007, of any proceedings pending before the Board of Immigration Appeals.

The following joint status report is submitted by the parties.  Given the relative locations of counsel, counsel for petitioner authorized counsel for respondent to submit this status report on behalf of both parties.

As anticipated as a possibility in the parties' August status report, the Department of State visa bulletin for October 2007 made available some third-preference employment-based visas. However, the priority date set in the bulletin did not make current the priority date of the lead petitioner in this case, Mr. Byung Chung.  In fact, the priority date for third-preference

39-11-14064.#13

employment-based visas moved backward to August 1, 2002.  At this time there is no visa immediately available for Mr. Byung Chung, whose priority date is July 20, 2005, and there is no way to anticipate when visas for his priority date will become current.

Petitioners would prefer to hold these proceedings in abeyance indefinitely, until Mr. Byung Chung's priority date becomes current for three reasons.  First, the parties agree that Mr. Byung Chung's priority date will eventually again become current.  Second, Mr. Byung Chung's priority date was current for one month late in the Summer, and a joint motion to reopen was not filed at that time only because the agency did not believe that the reopening process could be completed within the available window.  Third, two related cases, <u>Shin v. Keisler</u> (06-71955 & 6-74052) and <u>Kim v. Keisler</u> (06-72377), have been set for oral argument on December 9, 2007.

Respondent believes that approach would be inappropriate for three reasons.  First, the time involved is indefinite.  Second, even if Mr. Byung Chung's priority date becomes current, his visa would provide relief for only three of the four petitioners in this case.  Petitioner Myung Bin Chung would not be eligible for adjustment of status based on the visa of Mr. Byung Chung, and DHS therefore will not consider including her case in a joint motion to reopen.  Third, the briefs and arguments in this case enable the Court to resolve the two central issues for a long

list of related cases, including the two that have been set for

oral argument on December 9, 2007.

Dated:  October 29, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration Litigation

ALEX C. PARK
Law Office of Alex C. Park
4675 Stevens Creek Blvd
Suite 100
Santa Clara, CA  95051
(408) 246-1515
Attorney for Petitioner

ANDREW C. MACLACHLAN
Office of Immigration Litigation
Civil Division, U.S. Dept of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 514-9718
Attorneys for Respondent

3

# EXHIBIT N



# FILED

**UNITED STATES COURT OF APPEALS**

FOR THE NINTH CIRCUIT

DEC 07 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYUNG HOON CHUNG; DUK BON CHUNG; MYUNG BIN CHUNG; KOU CHUL CHUNG, | No. 06-71728 |
| Petitioners, | Agency Nos. A72-343-857<br>A72-343-858<br>A72-343-859<br>A72-343-860 |
| v. | |
| MICHAEL B. MUKASEY, Attorney General, | ORDER |
| Respondent. | |

Before: SCHROEDER, Chief Judge, McKEOWN and N.R. SMITH, Circuit Judges.

In light of the parties' joint status report filed on October 30, 2007, and the pending cases of Shin v. Keisler, No. 06-71955, and Kim v. Keisler, No. 06-72377, submission in this case will continue to be withdrawn. The parties shall jointly advise the court as to the status of any motion or other proceedings that may be pending before the BIA. The reply is due on May 30, 2008.

# EXHIBIT O

No. 06-71728

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

BYUNG HOON CHUNG, et al.,
A Nos.: A72-343-857, A72-343-858, A72-343-859, A72-343-860

Petitioners,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent

## MOTION TO STAY MATTER PENDING DECISION
## IN THE RELATED DISTRICT COURT ACTION

Petitioners, by the undersigned counsel, move to stay this matter pending

the decision in the related District Court Complaint filed October 31, 2007 (the

"Complaint") involving the identical factual issues and the legal claims of

estoppel, laches and undue influence. The Complaint seeks mandamus and

injunctive relief on these claims.

1

# I. INTRODUCTION

This appeal was originally brought in response to a decision by the Board of Immigration Appeals ("BIA") dated April 20, 2005 with a timely appeal filed on May 4, 2005. The original decision was based on the removal claims brought by the Department of Homeland Security ("DHS") related to green cards issued as a result of alleged fraudulent actions. Petitioners claimed violations of due process, evidentiary standards and defenses related to estoppel.

# II. ARGUMENT

The facts in this matter are similar to numerous other appeals currently pending before this court by different petitioners and referenced in the Complaint. The Complaint was filed as a class action for the purpose of reaching resolution on all similar facts and claims which include defenses that have been categorized as beyond the jurisdiction of the administrative court.

### a. Administrative court claimed no authority to review estoppel and related claims.

The administrative court as well as the Attorney General's office ("Respondent") continue to claim that the immigration administrative courts had no authority to review claims of estoppel which include the related claims of

laches and unclean hands. (See paragraph 3 of the Declaration of Alex C. Park submitted with this motion). If there is no authority to review estoppel and the related claims of laches and unclean hands at the administrative immigration court level then it is impossible for Petitioners to present a complete record for the appellate court in order to accomplish an informed and thorough decision on these legal issues. Given the administrative court's lack of willingness to rule on an estoppel claim there certainly can be no practical requirement to bring an estoppel claim before an administrative hearing for purposes of exhaustion since the immigration administrative court in this matter refused to decide this case based on a claim of estoppel and the related claims.

   b. **Petitioners should be provided an opportunity to develop their estoppel theory.**

   The district court is the only remaining forum Petitioners have for bringing their claims of estoppel, laches and unclean hands in defense of the removal order. The administrative court represented that the estoppel claims were not applicable in the immigration context. The district court action will result in a *de novo* review of these defenses.

   The refusal of the lower courts to make a ruling based on estoppel leaves no alternative forum for Petitioners to seek justice under a ruling on such a claim or

3

create a complete record on the issue. Exhaustion for an estoppel claim **cannot be** accomplished without fully developing the theory. Therefore the only **remaining** option for Petitioners' estoppel claims must be to bring these claims be**fore the** district court.

A fully developed theory on these legal issues will require fleshing **out all of** the factual aspects of these claims through a complete process of discovery **that** will be accomplished through litigation in the district court. Litigation **will allow** Petitioners to develop all aspects of the elements of estoppel and the **related** defenses by analyzing the witnesses, documents and other matters and **allowing all** of these aspects to be involved in developing the analysis in terms of the**se defense** theories.

### III. CONCLUSION

For the reasons stated above and in an effort to accomplish the best **defenses** to Petitioners by fully developing a the matters regarding the estoppel, **laches and** unclean hands, Petitioners respectfully request the granting of a stay in **the current** proceedings to allow that a final decision be reached in the district court **before the** removal order be carried out.

4

Respectfully submitted this _1-7_ day of December, 2007.


Alex C. Park,
State Bar No. 197781
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515

Attorney for PETITIONERS

5

## DECLARATION OF ALEX C. PARK IN SUPPORT OF MOTION TO CONSOLIDATE RELATED IMMIGRATION APPEALS

The undersigned, ALEX C. PARK, declares:

1.     I am an attorney licensed to practice before this court and recently hired to represent all Petitioners in the above-captioned appeals filed before this court.

2.     I currently represent twenty separate appeals before the Ninth Circuit Court of Appeals involving the fraud and bribery convictions committed by former INS officer Leland Sustaire. All of the cases brought by my office before this court have included a claim of estoppel.

3.     During the hearing with the immigration judge in this matter at the time the court granted the option of voluntary removal a discussion proceeded off record where the court and government attorneys represented that the claims of estoppel could not be properly addressed in this court. (See pages 80 and 81 of the appellate record.) As a result of this representation Petitioners have not been able to fully develop their defenses to the removal action.

4.     My office filed a district court complaint on October 31, 2007, Case No. C-07-5554-EMC, for the purpose of having the claims of estoppel, laches and

6

unclean hands fully litigated. The complaint was filed as a class action to include all of the similar defense claims raised by the "Sustaire fraud" perpetrated on numerous immigrants.

5. Mandamus and injunctive relief is sought by the complaint. An injunction will be filed shortly to ask the district court to stay the removal proceedings to avoid any injustice that could be caused by an action of removal followed by a decision in favor of Petitioners.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17 day of December, 2007, at Santa Clara, California.

Alex C. Park,
State Bar No. 197781
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515
Attorney for PETITIONERS

7

CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with two copies of the foregoing **MOTION TO STAY PENDING DECISION IN THE DISTRICT COURT ACTION AND DECLARATION OF ALEX C. PARK** by having same delivered by U.S. Express Mail as follows:

Michael Mukasey, Attorney General
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 878 Ben Franklin Station
Washington, DC 20044

Executed this 17 day of December, 2007.

Alex C. Park,
State Bar No. 197781
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515
Attorney for PETITIONERS

8