# EXHIBIT P

# No. 06-71728

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### BYUNG HOON CHUNG, et al.,
### (Agency Case Nos. A72 343 857 / 858 / 859 / 860),

**Petitioners,**

**v.**

### MICHAEL B. MUKASEY, Attorney General of the United States,

**Respondent.**

## OPPOSITION TO MOTION TO STAY PROCEEDINGS,
## AND MOTION TO SUBMIT

The respondent Attorney General, by his undersigned counsel, hereby moves the Court to again submit and decide this petition for review case. Respondent also opposes petitioners' December 17, 2007 motion to stay proceedings. Failure of the Court to submit and decide this petition is now counter-productive to the interests of the parties and to judicial economy.

### BACKGROUND

On June 15, 2007, this panel of the Court heard oral argument on this petition for review. The principle issues asserted in the petition for review were

the sufficiency of the evidence supporting the grounds for removal, due process, and whether the government should be equitably estopped from removing the four petitioners. At the time of the argument, an employment-based visa petition on behalf of the lead petitioner, from which two of the other petitioners would benefit, had been approved, and at that time, those visas were currently available. The parties were working toward filing a joint motion to the Board of Immigration Appeals (the "Board") to reopen proceedings for the three eligible petitioners. There was no potential for relief for the fourth petitioner. After argument, the case was submitted for decision.

Petitioners then moved for remand, which the Court denied, but on August 7, 2007, the Court ordered the parties to file a joint status report regarding the prospects for a joint motion to the Board. Shortly thereafter, before a motion could be filed with the Board, the window of time in which visas for three petitioners were currently available closed for at least the remainder of the fiscal year, and the government declined to join in a motion to reopen where there was no visa currently available. On August 14, 2007, the parties filed their joint status report suggesting that an additional status report after the beginning of the new fiscal year could be helpful. In light of the status report, on August 23, 2007, the case was withdrawn from submission and the Court ordered the parties to file a joint status report by October 30, 2007.

2

Visas for the three petitioners did not become available at the beginning of the new fiscal year.  In fact, as had been anticipated as a possibility by the government in declining to join in the motion to reopen proposed in August, petitioners' "priority date" was further behind the date for which visas were "current" than it had been prior to oral argument.

On October 30, 2007, the parties relayed this information in their joint status report.  In the status report, the government recommended that the Court issue its decision in the case for three reasons.  First, there was no way to anticipate a date when visas for the three petitioners might be current and available.  Second, there was no prospect of relief for the fourth petitioner, so the case would require a decision regardless of relief for three of the petitioners.  Third, related cases[1] asserting identical legal issues of removability and estoppel had been calendared for argument.  For similar reasons, the petitioners recommended that the case continue to be withdrawn from submission.

On October 31, 2007, the petitioners in the present case filed a "Complaint for Declaratory Injunction, Injunctive, and Mandamus Relief" in the United States

---

[1] The joint status report mentioned two cases filed by the same petitioners' counsel as the present case, Shin v. Keisler (06-71955 & 6-74052) and Kim v. Keisler (06-72377).  Two other cases involving the same basic facts and issues filed by different petitioners' counsel, Hong v. Keisler (06-72823) and You v. Keisler (06-74741), were also calendared for oral argument before the same panel on December 9, 2007.

District Court for the Northern District of California, case number C-07-5554-EMC.[2] On November 16, 2007, the petitioners in the present case filed Exhibit ("Exh.") 1, an "Amended Complaint for Declaratory Injunction, Injunctive, and Mandamus Relief," with the district court.[3] The amended complaint, in which the four petitioners in the present case are the only named plaintiffs, rephrases the estoppel argument briefed and argued in the present case as "estoppel," "unclean hands," and "laches," and rephrases the sufficiency of evidence of removability argument briefed and argued in the present case as a violation of due process. See Exh. 1.

On December 7, 2007, the Court order that in light of the joint status report and the pending cases of Shin v. Keisler and Kim v. Keisler, the case would continue to be withdrawn from submission.

---

[2] There is no indication in the October 31, 2007 complaint that it was ever served on the government, and the Department of Justice, the United States Attorney for the Northern District of California, and the Department of Homeland Security have no record of receiving service of the complaint.

[3] There is no indication in the November 16, 2007 amended complaint that it was ever served on the government, and the Department of Justice, the United States Attorney for the Northern District of California, and the Department of Homeland Security have no record of receiving service of the complaint.

4

On December 9, 2007, a panel of this Court heard argument and submitted Shin v. Mukasey[4] (06-71955 & 6-74052) and Hong v. Mukasey (06-72823), and also submitted Kim v. Mukasey (06-72377) and You v. Mukasey (06-74741) without oral argument.

On December 13, 2007, an unpublished memorandum decision was issued in You v. Mukasey (06-74741), denying the petition for review, and rejecting petitioner's claims regarding the sufficiency of the evidence of removability and due process.  Exhibit 2.

According to the Court's online docket, on December 17, 2007, petitioners filed a motion seeking to stay proceedings in the present case pending disposition of the district court litigation.  Similar motions were filed with the Court in related cases, including the two cases mentioned by the Court in its December 7, 2007 order, Shin v. Mukasey (06-71955 & 6-74052) and Kim v. Mukasey (06-72377).  Respondent has not received service of these motions as of the date of this opposition, but obtained a copy of the motion through the courtesy of the Court.

On December 20, 2007, respondent for the first time received service of

---

[4] Effective November 9, 2007, Michael B. Mukasey became the Attorney General of the United States.  8 U.S.C. § 1252(b)(3)(A) provides that the respondent in a petition for review of a final order of removal is the Attorney General in that individual's official capacity.  The Court has therefore substituted the name of the current Attorney General as the respondent for all petition for review cases before the Court, citing Fed. R. App. P. 43(c)(2).

5

petitioners' Notice of Related Cases apparently filed with the Court on December

3, 2007.[5] The Notice informed respondent for the first time[6] of the district court

litigation, and respondent was able to obtain a copy of the amended complaint

from the district court's online docket.

## DISCUSSION

Under the circumstances described above, the Court should submit and

decide this petition for review. Initially, the Court should note that there is no

remaining purpose for continued withdrawal of submission. Oral argument

demonstrated that the basis for resolving the petition for review is evident on the

facts and the pleadings. The Court's unpublished decision in You v. Mukasey

reinforces that conclusion, albeit without precedential value. There is no longer

any reason to wait for decisions in Shin v. Mukasey (06-71955 & 6-74052) and

Kim v. Mukasey (06-72377), which asserted the same legal issues. All four of the

present petitioners make the same arguments. Moreover, even if the cases of three

of the four petitioners were to become moot at some time foreseeable but highly

---

[5] The Notice, and other similar notices in related cases received by the Office of Immigration Litigation on December 20, 2007, contain a certificate of service indicating service on both the Attorney General and the Office of Immigration Litigation by "U.S. Express Mail" on November 19, 2007.

[6] Counsel for petitioners did not mention the imminent filing of district court litigation in preparation of the October 30, 2007 joint status report to this Court, nor did he mention the district court litigation in oral argument in Shin v. Mukasey (06-71955 & 6-74052) on December 9, 2007.

speculative date in the future, the case of the fourth petitioner has no such

prospect. The case of petitioner Myung Bin Chung requires a decision, and there

is reason to delay decision regarding all of the petitioners.

The addition of the district court litigation demonstrates that submission and

decision of this case would be in the interests of the parties and judicial economy.

In the district court, contrary to their allegation at page 3 of their opening brief to

this Court, petitioners now allege that their "estoppel," "unclean hands," "due

process," and "laches" legal claims are "beyond the jurisdictional provisions of 8

U.S.C. § 1252." Exh. 1 at ¶ 5. In their stay motion to this Court, petitioners

suggest that the district court litigation might develop facts supporting estoppel

that were not developed in the administrative process. See Motion to Stay

Proceedings at 2-4. Petitioners do not suggest what possible facts or factual issues

remain, or how such facts would affect their claims, or why they did not develop

the record of those facts in the administrative process when they had the

opportunity, or why their present arguments regarding the need for additional fact-

finding were not raised to this Court for its consideration and action. See id.

Under such circumstances, petitioners arguments are unavailing. See, e.g.,

Morgan v. Gonzales, 495 F.3d 1084, 1091-94 (9th Cir. 2007). Petitioners' chosen

course of action needlessly duplicates this Court's virtually complete judicial

review of the administrative proceedings, creating additional litigation for both

parties in another forum and potentially a second case raising identical issues before this Court. A decision of petitioners' claims of the merits in the present case would resolve not only the present case, but also the legal claims in the district court litigation, and might assist this Court in the disposition of the thirty-two other directly related cases currently pending before the Court.

## CONCLUSION

For the reasons stated above, the Court should deny petitioners' motion to stay proceedings, and should submit and decide this petition for review.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration Litigation

ANDREW C. MACLACHLAN
Attorney
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 878, Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9718

Dated: December 27, 2007          Attorneys for Respondent

8

**EXHIBIT 1**

**Amended Complaint for Declaratory Injunction,
Injunctive, and Mandamus Relief**

**USDC N.D. Cal. Case No. C-07-5554-EMC**



Alex C. Park (SBN 197781)
Law Offices of Alex C. Park
4675 Stevens Creek Blvd., Suite 100
Santa Clara, CA 95051
Telephone (408) 246-1515
Facsimile  (408) 246-4105
alexcpark@yahoo.com

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYUNG HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; and KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated;<br><br>            Plaintiffs,<br><br>v.<br><br>MICHAEL MUKASEY, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; and DOES 1 THROUGH 20, inclusive,<br><br>            Defendants. | Case No.: C 07 5554 EMC<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY INJUNCTION, INJUNCTIVE AND MANDAMUS RELIEF**<br><br>CLASS ACTION |

## I.   INTRODUCTION

1.            Named plaintiffs and class members (hereinafter "Plaintiffs") bring this action on behalf of themselves and all others similarly situated.  Each of the plaintiffs were granted an immigrant visa by the United States Department of Immigration and Naturalization Services ("INS") that was relied upon for many years if not decades.  All of said granted Immigrant Visas have since been ruled invalid by the DHS and ruled invalid by an administrative judge in San Francisco at various removal proceedings.  It was alleged and proven that in part fraud was caused by former government employee Leland Sustaire ("Sustaire").  The

1

fraud was a result of Sustaire utilizing his official capacity as a San Jose INS supervising agent.

2.       Plaintiffs relied upon their visas issued by INS agents in their capacity as government employees in charge of issuing visas. Documents and applications for immigrant visas were submitted by brokers for Plaintiffs.

3.       The government employees in charge of immigration matters confiscated Plaintiffs' immigration visas and charged that visas were issued under fraudulent conditions. However, no fraud was alleged against Plaintiffs.

## II.  JURISDICTION AND VENUE

4.       This court has jurisdiction over the subject matter of Plaintiffs' claims for relief, and all other controversies arising herein pursuant to 28 U.S.C. §1331 (federal question jurisdiction); the Due Process Clause of the United States Constitution; 28 U.S.C. §1361 (Mandamus Act). The Plaintiffs bring their claims pursuant to 8 U.S.C. §§1101 et seq. (Immigration and Nationality Act ("INA")); 5 U.S.C. §§701 et seq. (Administrative Procedure Act ("APA")); and 28 U.S.C. §§2201-02 (Declaratory Judgment Act).

5.       There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges the defendants' procedural policies, practices, and interpretation of law. This action raises issues and defenses that are beyond the jurisdictional provisions of 8 U.S.C. §1252.

6.       This court is the proper venue for hearing the claims in this action as the immigration courts have refused to make a determination regarding Plaintiffs' claims for estoppel. Claims of estoppel, unclean hands and laches raised in the immigration court are not appealable and must be brought in an original proceeding.

7.       Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e) because defendants are secretaries of government departments and agencies acting in their official capacities; numerous plaintiffs reside in this district; because a substantial part of the events or omissions giving rise to the claim occurred in this jurisdiction; and because no real

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

property is involved in this action.

### III.    PARTIES

**The Defendants**

8.          Defendant MICHAEL MUKASEY, is the Attorney General for the United States Government.  The office of attorney general is the executive agency primarily responsible with enforcement of the immigration policies of the United States.  He is sued in his official capacity.

9.          Defendant MICHAEL CHERTOFF, is the Secretary of the DHS and charged with overseeing and carrying out the authority of the DHS.  DHS is an executive agency of the United States government.  Since March 1, 2003, DHS has been the agency primarily responsible for implementing the INA.  Within DHS, the U.S. Citizenship and Immigration Services ("USCIS") is responsible for adjudicating applications for adjustment of status to lawful permanent residence.  CHERTOFF is sued in his official capacity.

10.         Plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

11.         Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 THROUGH 20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of the fictitiously named defendant is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the negligence of these defendants.

**The Plaintiffs**

12.         Almost all of the Plaintiffs are immigrants from South Korea who, with

3

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

the assistance of a hired group of professionals, submitted to a government agency an application for visa. The professionals guided Plaintiffs through the process of applying for Immigrant Visas, green cards. After face interviews, fingerprinting, and taking oaths, the agents of the INS caused official INS documents to be issued, commonly known as green cards. Either Sustaire or other supervising adjudicating officers at the San Jose INS offices directly caused two hundred seventy-five green cards to be issued as valid. Plaintiffs received the green cards and spent a number of years living in the United States in reliance upon these green cards.

      13.      The Plaintiffs have suffered a variety of similar harms as a result of defendants' actions. The principal harm was revoking visa documents issued to Plaintiffs that had been relied upon for a number of years. All revocations resulted in removal hearings and final orders for deportation against Plaintiffs.

      14.      Plaintiff Byung Hoon Chung is a resident of the State of California. Mr. Chung is an immigrant from South Korea. Mr. Chung hired a broker to assist with his visa application which was issued more than ten years ago. Byung Hoon Chung has lived his life as a Legal Permanent Resident ("LPR") in the United States since the issuance of his green card.

      15.      Plaintiff Duk Bong Chung is the spouse of Plaintiff Byung Hoon Chung. Duk Bong Chung applied for an immigration visa derivative of the immigration status of her spouse, Byung Hoon Chung. Duk Bong Chung was awarded immigration status as a derivative of Byung Hoon Chung for more than ten years. Duk Bong Chung has lived her life as a LPR in the United States since the issuance of her green card.

      16.      Plaintiffs Myung Bin Chung and Kuo Chul Chung are the children of Byung Hoon Chung. Myung Bin Chung and Kuo Chul Chung applied for an immigration visa derivative of the status of Duk Bong Chung's immigration status. Myung Bin Chung and Kuo Chul Chung were awarded immigration status as derivatives of Byung Hoon Chung for more than ten years. Myung Bin Chung and Kuo Chul Chung have lived their lives as LPRs in the United States since the issuance of their visa.

4

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

17.        Plaintiffs immigration status as LPRs was ordered invalid in the United States by an Immigration Judge based on claims of alleged fraudulent issuance. The fraud was claimed to be the result of a government employee. Plaintiffs were not charged with any involvement in the bribery scheme.

## IV.    BACKGROUND

18.        Based on information and belief, LELAND DWAYNE SUSTAIRE ("Sustaire") is a former employee for the INS who began working there in 1975. Sustaire served the INS in positions of employment in Texas and Louisiana before settling in San Jose, California in 1984. After 1984 Sustaire transferred to the Dallas office as a Supervisory Immigration Examiner for a couple of years and then returned to San Jose. In his supervisory position Sustaire supervised a number of employees and was issued a District Director's approval and signature stamp used for approving immigration applications.

19.        Based on information and belief, while located in San Jose, California, Sustaire processed immigration applications submitted to him. Upon approval the applications were assigned file numbers.

20.        According to Sustaire's criminal testimony, beginning in the early 1980's he began accepting illegal bribes for processing immigration applications. He worked with brokers and split the fees charged to the clients by the brokers. When processing the bribery applications Sustaire created original file numbers for each application and performed some personal interviews. At the final processing step Sustaire either issued the visas with his personal approval stamp or used a stamp from another employee without their knowledge.

21.        Based on Sustaire's testimony, during the course of processing the applications through bribes Sustaire removed all relevant files from the immigration offices and stored them at his personal residence. Sustaire also removed from the immigration offices other files that were not subject to the bribery scheme.

22.        Based on Sustaire's criminal testimony, in an effort to cover up the bribery

5

crime he spent two days making a list of all of the files he removed from the immigration offices. It is believed that the Sustaire list contains two-hundred seventy-five applicants. At the conclusion of finishing the list Sustaire destroyed all of the immigration files he had at his residence by burning them. The only remaining evidence of the bribery files was the list that Sustaire created prior to destroying all of the files.

23.     Based on information and belief, Sustaire was charged with the crime of bribery and in a plea bargain effort Sustaire provided the list of bribery files he created in an effort to reduce his criminal sentence.

24.     No direct evidence was presented by the INS or DHS showing that Plaintiffs' application files were improper or that they possessed false applications. No evidence was presented to the immigration judge that Sustaire had ever personally met any of the Plaintiffs or that any Plaintiffs participated in or had knowledge about the bribery scheme.

25.     No evidence has been produced by the INS or DHS showing that Plaintiffs' original residency documents were insufficient for issuance of a LPR card or that the LPR cards originally issued by the INS were invalid. Sustaire admitted that during his employment with the INS he destroyed the application records submitted by Plaintiffs supporting the application of the LPRs.

26.     The green cards issued to Plaintiffs were confiscated by government employees and as a result of the confiscation, Plaintiffs were subjected to removal proceedings by the DHS. All removal proceedings resulted in orders for deportation. These proceedings violated Plaintiffs' due process rights.

27.     Plaintiffs have filed timely appeals to the immigration orders for deportation. The appellant rulings issued by the BIA determined that the administrative proceedings has no authority to make appellate decisions based on equitable defenses of estoppel, unclean hands or laches.

6

## V.    CLASS ALLEGATIONS

28.         Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).  The three classes that named plaintiffs seek to represent are the following:

A.    Primary LPR.  Foreign nationals who:

Are the individual or primary LPR that filed the primary visa application and received an issued visa or green card accomplishing his or her LPR status.  This status may have been relied upon by the derivative family applicants.

A number of years after the issuance of the Primary LPR visa and reliance on it by Plaintiff, the United States government confiscated the visa and began removal proceedings claiming issuance of said visa was improper.

B.    Derivative Spouse LPR.  Foreign nationals who:

Are the spouse of a Primary LPR, and have become the derivative LPR individual that filed the derivative LPR application reliant upon the spouse who is in possession of the Primary LPR visa status and received an issued visa accomplishing his or her derivative LPR status.  This status is continually reliant upon by the Primary LPR family applicant.

A number of years after the issuance of the derivative LPR visa and reliance on it by Plaintiff, the United States government confiscated the

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

Primary visa and began removal proceedings against derivative spouse

Plaintiff claiming issuance of said visa was improper.

C.    <u>Derivative Children LPR.</u>  Foreign nationals who:

Is the child of a Primary LPR, and has become the derivative LPR

individual that filed the derivative LPR application reliant upon the parent

who holds the Primary LPR visa status and who received an issued visa

accomplishing his or her derivative LPR status.  This status is continually

reliant upon by the Primary LPR parent applicant.

A number of years following the issuance of the derivative LPR visa and

reliance on it by Plaintiff, the United States government confiscated the

Primary visa and began removal proceedings against derivative child

Plaintiff claiming issuance of said visa was improper.

29.        The requirements of Federal Rules of Civil Procedure 23(a) and 23(b) are

met.  The proposed combined classes are so numerous that joinder of all members is

impracticable.  The precise number of potential class members in each class is not currently

identifiable by Plaintiffs.  However, on information and belief, there are at least two hundred

seventy-five Plaintiffs in all classes identified on Sustaire's list.

30.        The questions of law and fact at issue are common to the proposed classes,

including whether the visas were issued within the government's authority, whether defendants

acted beyond their authority when confiscating visas and beginning with removal proceedings;

whether their actions violated the INA, the APA, the Due Process Clause, agency regulations

and/or claims of estoppel, unclean hands and laches as they can be applied to the common facts.

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

31.        The named plaintiffs will fairly and adequately protect the interests of the proposed classes because they seek relief on behalf of the classes as a whole and have no interest antagonistic to other members of the classes.

32.        The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications.  Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.        The named Plaintiffs are represented by competent counsel with extensive experience in immigration law and federal court litigation.

34.        Finally, defendants have acted on grounds generally applicable to the classes, thereby making appropriate final declaratory and injunctive relief with respect to the classes as a whole.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Estoppel)

35.        Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

36.        The DHS previously issued LPR documents to Plaintiffs for the purpose of using the LPRs to legitimize their immigration residency.  The LPR status was relied upon by Plaintiffs for a number of years providing the opportunity for Plaintiffs to establish long-term meaningful and productive lives within the United States.

37.        The DHS has now determined that the LPR status of Plaintiffs are invalid.

38.        Plaintiffs' status as an LPR may have been based on documentation issued by Sustaire's position of authority as a Supervisory Adjudication Officer.  While acting as an

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

agent of the INS Sustaire committed affirmative misconduct during the years he accepted illegal bribes and destroyed Plaintiffs' files.

39.        Neither Sustaire nor the INS have maintained any documentation showing that the LPR documents issued to Plaintiffs were improper or invalid.

40.        Plaintiffs had no knowledge of the illegal acts of Sustaire and did not participate in Sustaire's illegal bribery scheme.

41.        Plaintiffs detrimentally relied on the issuance of the LPR documents and spent the subsequent years establishing a life in the United States by foregoing their personal and professional ties to South Korea.

42.        DHS should now be prevented from removing Plaintiffs for improper LPR applications due to the theory of estoppel.

## SECOND CAUSE OF ACTION

### (Unclean Hands)

43.        Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

44.        Sustaire is a former employee of INS who was empowered with the authority of issuing LPR documents.  During the course of processing immigration applications through a scheme of illegal bribes Sustaire represented himself as an employee of INS and the government held Sustaire out as a representative of the INS.  At the same time Plaintiffs' LPR documents were issued the INS empowered Sustaire with the authority to issue valid immigration documents.

45.        If the issued LPR documentation of Plaintiffs resulted from Sustaire's position as a Supervisory Adjudication Officer while acting as an agent of the INS he committed affirmative misconduct during the years he accepted illegal bribes.  Sustaire also claimed that he destroyed Plaintiffs' application files.  Neither Sustaire nor the DHS have maintained any documentation showing that the LPR documents issued to Plaintiffs were improper or invalid.

10

46.        Plaintiffs received LPR documents issued by the INS.  Plaintiffs relied upon the issued LPRs as legal documentation to legitimize their residency in the United States. The LPR status was relied upon by Plaintiffs for a number of years providing the opportunity for Plaintiffs to establish long-term meaningful and productive lives within the United States.

47.        The DHS has now determined that the LPR status of Plaintiffs are invalid. It is the claim of DHS that the LPR documentation was not properly issued.  Plaintiffs applications and supporting documentation was never provided to Plaintiffs by DHS.

48.        Plaintiffs had no knowledge of the illegal acts of Sustaire and did not participate in Sustaire's illegal bribery scheme.

49.        Plaintiffs detrimentally relied on the issuance of the LPR documents and spent the subsequent years establishing a life in the United States by foregoing their personal and professional ties to South Korea.

50.        DHS should now be prevented from removing Plaintiffs for improper LPR applications due to the theory of unclean hands.

### THIRD CAUSE OF ACTION

#### (Violation of Due Process)

51.        Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

52.        The orders for removal issued against Plaintiffs were based on the List that was prepared by Sustaire and absence of Plaintiffs' files at the DHS.  All such charges were in anticipation of using such information for negotiating a plea bargain offer, in a criminal matter that occurred while Sustaire was employed by the INS.

53.        No direct evidence was presented by the DHS to prove that the Plaintiffs' LPR documentation was insufficient.  The lack of proof used to establish a removal order is a violation of Plaintiffs' due process rights by not presenting clear and convincing evidence to prove the claim.

11

54.     The order for removal of Plaintiffs cannot be based on a hearing that violates due process rights.

55.     The violation of Plaintiffs' due process rights prevent enforcement of an order for removal.

56.     There was no direct evidence proving that Plaintiffs' LPR documents were invalid or improper as determined by the immigration judge. This lack of evidence proving the veracity of Plaintiffs' documents is a violation of their due process rights.

## FOURTH CAUSE OF ACTION

### (Laches)

57.     Plaintiffs incorporate by this reference all preceding paragraphs containing the allegations of this complaint as though fully set forth here.

58.     Sustaire held a position as a Supervisory Adjudication Officer in the INS at the time Plaintiffs' immigration applications were processed and issued. While acting as an agent of the INS Sustaire issued LPR documentation. Sustaire claimed that he destroyed Plaintiffs' application files. Neither Sustaire nor the DHS have maintained any documentation showing that the LPR applications filed by Plaintiffs were improper or invalid.

59.     Plaintiffs received LPR documents issued by the INS on or about ten years ago. For more than ten years Plaintiffs relied upon the issued LPRs as legal documentation to legitimize their residency in the United States. The LPR status was relied upon by Plaintiffs since the time they were issued. The INS and DHS relied upon the issuance of said LPR documentation since their issuance. The LPR documentation provided Plaintiffs with the opportunity to establish long-term meaningful and productive lives within the United States.

60.     After relying upon the LPR documentation for a number of years, the DHS has now determined that the LPR status of Plaintiffs are invalid. It is the claim of DHS that the LPR documentation was not properly issued. Plaintiffs applications and supporting documentation were never provided to Plaintiffs by DHS.

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

61.     Plaintiffs had no knowledge of the illegal acts of Sustaire and did not participate in Sustaire's illegal bribery scheme.

62.     DHS should now be prevented from removing Plaintiffs for improper LPR applications due to the theory of laches.

### VII.     RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully ask that the Court:

1.     Enter a temporary restraining order and a preliminary injunction, pending a decision on the merits, that enjoins Defendants from implementing the deportation order.

2.     Upon hearing the merits, enter a declaratory judgment that the removal orders are invalid and a permanent injunction to prohibit Defendants from implementing or otherwise giving effect to the deportation order.

3.     Permit this case to proceed as a class action and certify the classes as and when requested by Plaintiffs;

4.     Declare that defendants' acts and omissions complained of herein violate the INA, defendants' regulations, the Due Process Clause of the Fifth Amendment, and constitute illegal abuse of power;

5.     Preliminarily and permanently enjoin defendants as and when requested by plaintiffs;

6.     Order defendants to recognize Plaintiffs' defense of estoppel;

7.     Order defendants to recognize Plaintiffs' defense of unclean hands;

8.     Order defendants to recognize Plaintiffs' defense of laches;

9.     Award the Plaintiffs their attorneys' fees and costs under the Equal Access to Justice Act or according to proof as the court deems necessary; and

13

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

10.    For such other and further relief as the court deems just, equitable and

proper.

Dated: November 14, 2007                    LAW OFFICES OF ALEX C. PARK


                                            _Alex C. Park_
                                            Alex C. Park
                                            Attorney for Plaintiffs

14

COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF

**EXHIBIT 2**

**Memorandum Disposition**

**You v. Mukasey (9th Cir. December 13, 2007) (06-74741)**

**FILED**

NOT FOR PUBLICATION

DEC 13 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUNG LIM YOU,<br><br>       Petitioner,<br><br>   v.<br><br>MICHAEL B. MUKASEY,** Attorney General,<br><br>       Respondent. | No. 06-74741<br><br>Agency No. A72-343-665<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2007 ***
San Francisco, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

    ***    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON and BEA, Circuit Judges, and OBERDORFER[****],
Senior Judge.

Chung Lim You ("Petitioner"), a native and citizen of South Korea, petitions

for review of the Board of Immigration Appeals' ("BIA") final order of removal.

Petitioner was admitted to the United States as a lawful permanent resident

("LPR") on or about June 23, 1996.   Petitioner allegedly received a resident alien

card as a result of fraud perpetrated by former Immigration and Naturalization

Service ("INS") employee Leland Sustaire ("Sustaire").   In February 2000,

Sustaire was convicted of conspiracy to bribe a public official, in violation of 18

U.S.C. § 371.   Sustaire created a list of alien numbers tracking individuals on

behalf of whom he accepted bribes.   Petitioner's alien number appeared on that list.

Petitioner was charged with removability under Section 237(a)(1)(A) of the

Immigration and Nationality Act ("INA") as an alien who was otherwise

inadmissible and who (1) was not in possession of a valid visa or entry document

at the time of entry; and (2) adjusted his status through fraudulent means.   An

Immigration Judge ("IJ") sustained both charges and ordered Petitioner removed.

The BIA affirmed the IJ's finding on the first charge of removability, holding that

---

[****]   The Honorable Louis F. Oberdorfer, Senior United States District
Judge for the District of Columbia, sitting by designation.

the IJ properly found Petitioner removable as an alien inadmissible at the time of entry for lack of valid entry documents.

The court reviews both the decision of the IJ and the BIA, to the extent that the BIA incorporated the IJ's decision as its own. *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006). Questions of law are reviewed de novo. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). Similarly, claims of due process violations are reviewed de novo. *Id.* Questions of fact are reviewed for substantial evidence. 8 U.S.C. § 1252(b)(4)(B). Under this section, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*; *see also Singh-Kaur v. INS*, 183 F.3d 1147, 1149-50 (9th Cir. 1999).

In removal proceedings, the government bears the "burden of establishing by clear and convincing evidence" that an alien is removable. 8 U.S.C. § 1229a(c)(3)(A). The IJ's findings on this issue are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Petitioner was found removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid visa or entry document at the time of entry into the United States. To support this charge, the Department of Homeland

3

Security ("DHS") presented: (1) Petitioner's Record of Sworn Statement to DHS Special Agent Lesley Brown; (2) a Form I-213 detailing the agency's findings regarding Petitioner's status; and (3) documents surrounding the conviction of immigration agents who were involved in a scheme to accept money in exchange for residency cards. Petitioner did not object to the admission of this evidence.

Petitioner's visa was issued on the grounds that he was a "Professional Holding a Baccalaureate Degree." In Petitioner's own Record of Sworn Statement, he admits that he did not have a baccalaureate degree when he obtained his residency card. He also admits that he entered the United States on a student visa in 1990, was working without authorization, and paid $10,000 to a man from his church when he filed his application for permanent residence. Additionally, Petitioner did not exercise his opportunity to cross-examine Special Agent Brown, the individual who collected the information used against You. Based on this evidence alone, the IJ was warranted in finding that Petitioner's visa was not valid. The evidence certainly does not compel a contrary conclusion as would be required for a reversal under 8 U.S.C. § 1252(b)(4)(B).

The evidence from the Form I-213 and Sustaire's list serves to bolster this conclusion. This evidence connects Petitioner's A-number to Sustaire's criminal scheme, and thus corroborates the government's theory that Petitioner obtained his

4

residency card through illegitimate means.  Accordingly, the BIA properly found that Petitioner is removable.

Petitioner's due process rights were not violated in the course of removal proceedings.  Petitioner argues the IJ impermissibly considered hearsay evidence and did not afford him a reasonable opportunity to cross-examine witnesses.  A removal proceeding is a streamlined administrative process focused on determining an individual's right to remain in the United States.  *See INS v. Lopez-Mendoza*, 468 U.S. at 1038.  The Federal Rules of Evidence do not apply.  *See Baliza v. INS*, 709 F.2d 1231, 1233-34 (9th Cir. 1983).  The IJ properly may consider evidence if it "is probative and its admission is fundamentally fair."  *Espinoza v. INS*, 45 F.3d 308, 309-10 (9th Cir. 1995) (citing *Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975)); *Baliza v. INS*, 709 F.2d 1231 (9th Cir. 1983).

The evidence presented against Petitioner was probative of his immigration status.  The statements made in his Record of Sworn Statement and the Form I-213 tended to prove that Petitioner did not have a legitimate basis for obtaining a visa.  The appearance of Petitioner's A-number on Sustaire's list further supported this contention by helping to explain how Petitioner received legal status while not meeting the qualifications for his adjustment category.  Finally, the affidavit of

Special Agent Curtis gave background information on Sustaire's scheme and put the list of A-numbers into context.

The admission of this evidence was fundamentally fair. The exhibit in question included Petitioner's own statements made in the presence of his attorney. Petitioner did nothing to refute or challenge his own statements at his hearing. Furthermore, a Form I-213 is presumptively reliable evidence of removability, barring any suggestion that it was obtained by duress or coercion, which is not present here. *Tejeda-Mata v. INS*, 626 F.2d 721, 724 (9th Cir. 1980); *see also Trias-Hernandez v. INS*, 528 F.2d 366, 369 (9th Cir. 1975). Although the Form I-213 was not authenticated by Special Agent Brown at the hearing, the government made Brown available for questioning. Petitioner declined to pursue this opportunity. Petitioner's argument that this evidence was not fairly admitted is further hobbled by his failure to object to its admittance. The IJ and BIA did not violate Petitioner's due process rights by considering these documents.

Furthermore, the IJ did not err in refusing to grant Petitioner's motion to subpoena documents and witnesses. An alien is entitled to a "reasonable opportunity" to present evidence on his own behalf and cross-examine witnesses. 8 U.S.C. § 1229a(b)(4)(B). An IJ *may* issue a subpoena if he deems the evidence requested "essential." 8 C.F.R. §§ 1003.35(b)(1), (3). The statute does not give

6

Petitioner an unbridled right to cross-examine any witness, but merely a reasonable opportunity to do so. *See* 8 U.S.C. § 1229a(b)(4)(B). Petitioner had the opportunity to cross-examine Special Agent Brown, but declined. The IJ denied Petitioner's motion because on the record before him, the evidence requested was not essential to his ability to make a finding. Petitioner has failed to demonstrate why this court should disturb that determination.

Finally, Petitioner fails to demonstrate how he suffered prejudice from any purported violation of his due process rights. In order to prevail on a due process challenge, an alien must demonstrate prejudice. *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir. 2002). Here, even if the IJ had granted Petitioner's motion, the IJ still could have based the removal order entirely on Petitioner's own statements admitting that he did not have the requisite qualifications to attain this particular visa. Petitioner fails to establish what new information could be gleaned from the requested witnesses to refute the clear and convincing evidence already submitted by the government. Therefore, Petitioner's due process claim is without merit.

The temporary stay of removal and stay of voluntary departure period continue until issuance of mandate.

**PETITION FOR REVIEW DENIED.**

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of December, 2007, two copies of the

foregoing **OPPOSITION TO MOTION TO STAY PROCEEDINGS, AND**

**MOTION TO SUBMIT** were served upon counsel of record for petitioners by

placing them in the Department of Justice mail room for same-day mailing,

postage prepaid, addressed to:

Alex C. Park, Esq.
Law Office of Alex C. Park
4675 Stevens Creek Blvd, Suite 100
Santa Clara, CA  95051

ANDREW C. MACLACHLAN
Attorney
Office of Immigration Litigation

# EXHIBIT Q

Post-it® Fax Note    7671    Date 3/3/08    # of pages ▶ 1
To Andrew MacLachlan    From Wendy Li
Co./Dept    Co.
Phone # (202) 514-9718    Phone # (415) 355-7848
Fax # (202) 616-4975    Fax #

**COURT OF APPEALS**

**NINTH CIRCUIT**

**FILED**

JAN 10 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

BYUNG HOON CHUNG; DUK BON
CHUNG; MYUNG BIN CHUNG; KOU
CHUL CHUNG,

     Petitioners,

    v.

MICHAEL B. MUKASEY, Attorney
General,

     Respondent.

No. 06-71728

Agency Nos. A72-343-857
            A72-343-858
            A72-343-859
            A72-343-860

ORDER

Before: SCHROEDER, Circuit Judge, McKEOWN and N.R. SMITH, Circuit
Judges.

    Chung's motion to stay this matter is denied as moot. The court's order,

dated December 7, 2007, continuing the court's prior withdrawal of submission

until May 30, 2008, remains in effect.

# EXHIBIT R

Westlaw.

--- F.3d ----
--- F.3d ----, 2008 WL 564978 (C.A.9)
**(Cite as: --- F.3d ----)**

Page 1

**H**
Hong v. Mukasey
C.A.9,2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,Ninth Circuit.
Chuyon Yon HONG, Petitioner,
v.
Michael B. MUKASEY, Attorney General, Re-
spondent.
No. 06-72823.

Argued and Submitted Dec. 7, 2007.
Filed March 4, 2008.

Robert Baizer, Oakland, CA, for the petitioner.
Song E. Park, United States Department of Justice,
Washington, D.C., for the the respondent.

On Petition for Review of an Order of the Board of
Immigration Appeals. Agency No. A71-953-072.

Before DOROTHY W. NELSON and CARLOS T.
BEA, Circuit Judges, and LOUIS F. OBERDOR-
FER,[FN*] Senior Judge.

> FN* The Honorable Louis F. Oberdorfer,
> Senior United States District Judge for the
> District of Columbia, sitting by designa- tion.

**OPINION**

D.W. NELSON, Senior Circuit Judge:
    *1 Chuyon Hong petitions for review of the or-
der for her removal from the United States. Peti-
tioner argues that evidence used against her in re-
moval proceedings should have been suppressed
because it was obtained through violations of feder-
al regulations committed by a United States immig-
ration officer. Because the exclusionary rule does
not generally apply to immigration proceedings,
and Petitioner's due process rights were not viol-
ated, we deny in part her Petition for Review. Peti-

tioner also seeks reconsideration of the denial of
her application for cancellation of removal.
However, we lack jurisdiction to review this discre-
tionary decision, and dismiss this portion of the pe-
tition. Petitioner's petition is denied in part and dis-
missed in part.

I. *Factual and Procedural Background*

    Chuyon Hong, a native and citizen of South
Korea, attained permanent resident status in the
United States in or around 1992. She derived that
status as a minor through her father, who had inap-
propriately secured his own status as a professional
permanent resident alien holding an advanced de-
gree or exceptional ability. Petitioner's father had
obtained this status through participation in an il-
legal conspiracy in which bribes were exchanged
for fraudulent green cards. Leland Sustaire, a super-
visory officer at the former Immigration and Natur-
alization Service ("INS"), perpetrated the
scheme.FN1To cover his tracks, Sustaire had des-
troyed government files, but saved a list of "A"
numbers that identified aliens who obtained unwar-
ranted changes in their status. When a Department
of Justice ("DOJ") investigation into the conspiracy
began in 1994, Sustaire gave this list to his personal
defense attorney, intending to provide prosecutors
the aliens' identities in order to secure leniency for
himself. Sustaire's attorney delivered the list, which
identified Petitioner, to the DHS Office of Inspector
General. DHS used the Sustaire list to determine
whether aliens there listed had unlawfully obtained
permanent resident alien status.

> FN1. On March 1, 2003, the INS ceased to
> exist as an independent agency within the
> Department of Justice and its enforcement
> functions were transferred to the Depart-
> ment of Homeland Security ("DHS"), pur-
> suant to § 441 of the Homeland Security
> Act, Pub.L. No. 107-926, 116 Stat. 2135
> (Nov. 25, 2002).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564978 (C.A.9)
**(Cite as: --- F.3d ----)**

The presence of Hong's identifying A-number on the list led to her being placed in removal proceedings, where she was charged with being an alien not in possession of a valid immigrant visa or entry document at the time of her entry or status adjustment. Petitioner denied the charge of removability and alternatively applied for cancellation of removal. Petitioner was not charged with fraud or knowledge of the scheme in which her father participated.

Both prior to and at the hearing, Petitioner moved to exclude evidence that consisted of, or originated with, the Sustaire list. Petitioner argued that Sustaire had unlawfully obtained nonpublic information and violated agency regulations protecting Petitioner's right to privacy. The immigration judge ("IJ") rejected Petitioner's motion. The IJ determined that Petitioner had not shown she was prejudiced by the alleged violation of DOJ privacy regulations, because she had no procedural or substantive right to possess illegal residency documents, or to have possession of such documents concealed from the government. Though the IJ recognized that Sustaire's actions had placed Petitioner in an unenviable position, the Sustaire list and a transcript of Sustaire's testimony at a trial of a co-conspirator were admitted as evidence.

**\*2** The IJ held that the charge of removability had been proven by clear, unequivocal, and convincing evidence. The IJ then denied Petitioner's application for cancellation of removal because Petitioner could not demonstrate that her removal would cause exceptional and extremely unusual hardship to her child, the sole relative who qualified for consideration under § 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b).

On appeal, the Board of Immigration Appeals ("BIA") determined that the IJ had properly denied Petitioner's motion to suppress. The BIA stated that no rigid rule compelled exclusion of evidence from administrative proceedings, and that such exclusion was proper only where the prejudice to the indi-

vidual was the result of the violation of a regulation intended to confer a benefit on that individual. *See Matter of Garcia-Flores,* 17 I. & N. Dec. 325, 327-28 (BIA 1980). The BIA held that Petitioner, as an alien holding her permanent alien status as a result of criminal behavior, had no protected interests violated. In addition, the BIA held the entire suppression issue meritless, because the Fourth Amendment exclusionary rule does not apply to removal proceedings. *See INS v. Lopez-Mendoza,* 468 U.S. 1032, 1050 (1984); *Matter of Sandoval,* 17 I. & N. Dec. 70, 79-80 (BIA 1979). The BIA also noted that the exclusionary rule does not apply where the government learns of the evidence from an independent source. *See Segura v. United States,* 468 U.S. 796, 797 (1984). Finally, the BIA agreed that Petitioner had failed to show sufficient hardship to warrant cancellation of removal, and affirmed that she was statutorily ineligible for this relief. Hong now seeks review of her removal order, arguing that the source of the critical evidence against her-the Sustaire list-should have been suppressed.

## II. *Standard of Review*

Questions of law, and in particular due process challenges to removal orders, are reviewed de novo. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We give deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), to the agency's interpretation of the INA. *Parilla v. Gonzales,* 414 F.3d 1038, 1041 (9th Cir.2005). We must give "controlling weight" to the Board's interpretation of immigration regulations "unless[the interpretation] is plainly erroneous or inconsistent with the regulation." *Providence Health System-Washington v. Thompson,* 353 F.3d 661, 665 (9th Cir.2003).

## III. *Jurisdiction*

Under 8 U.S.C. § 1252, we have jurisdiction to review the BIA's final order calling for Petitioner's

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

removal. However, this authority does not extend to review of the Board's discretionary denial of Petitioner's application for cancellation of removal based on the IJ's finding petitioner did not prove her removal would result in exceptional and extremely unusual hardship. Such a finding "is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction."*Romero-Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003); *see also*8 U.S.C. § 1252(a)(2)(B)(I) ("[n]otwithstanding any other provision of law ... no court shall have jurisdiction to review any judgment regarding the granting of relief under .... [the section governing cancellation of removal, 8 U.S.C. § 1229b.") As a result, we have jurisdiction over Petitioner's petition for review of her removal order, but no authority to review the denial of her application for cancellation of removal.

IV. *Discussion*

A. *The Exclusionary Rule Is Generally An Inappropriate Remedy In Immigration Proceedings.*

   **\*3** The exclusionary rule is "an exceptional remedy typically reserved for violations of constitutional rights."*United States v. Smith,* 196 F.3d 1034, 1040 (9th Cir.1999); *see also United States v. Calandra,* 414 U.S. 338, 348 (1974) (describing the exclusionary rule as a "judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect"). The Supreme Court has held the Fourth Amendment exclusionary rule does not generally apply in immigration proceedings, because, "[c]onsistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply...."*INS v. Lopez-Mendoza,* 468 U.S. 1032, 1038 (1984); *see also United States v. Janis,* 428 U.S. 433, 447 (1976) (The Supreme Court has "never ... applied [the exclusionary rule] to exclude evidence from a civil proceeding, federal or state.") The *Lopez-Mendoza* Court found that applying the exclusionary rule would be particularly costly in the immigration context. *Lopez-Mendoza,* 468 U.S.

at 1045-50. Unlike in a criminal case, where excluding evidence would merely prevent conviction for a prior crime, applying the rule here would allow for aliens' continued, unlawful presence in the country, and would thus "require the courts to close their eyes to ongoing violations of the law."*Id.* at 1046.

   Here, the BIA cited these precedents and held the entire suppression issue without merit. The BIA did acknowledge that exceptional circumstances would justify an exception to the general rule announced in *Lopez-Mendoza,* but held that none of those special circumstances existed in Petitioner's case. Petitioner does not contest that the exclusionary rule is generally inapplicable in immigration proceedings. She contends, however, that an exception would be appropriate here, on the grounds that Sustaire's violation of an agency regulation compromised fundamental fairness and undermined her due process rights.

B. *Petitioner Had No Protected Interest In Keeping Her Unlawful Status Secret From the Government.*

   The blanket rule announced in *Lopez-Mendoza* did not address the potential exclusion of evidence in two circumstances. First, the rule did not cover instances where transgressions implicate "fundamental fairness and undermine the probative value of the evidence obtained."*Id.* at 1050-51.Second, the Court did not address challenges "to the INS's own internal regulations."*Id.* The inadmissibility of evidence that undermines fundamental fairness stems from the Fifth Amendment due process guarantee that operates in removal proceedings. *See, e.g., Bridges v. Wixon,* 326 U.S. 135, 152-53 (1945); *U.S. ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 267-68 (1954). As for the specific application of this doctrine in a case of alleged regulatory violations, there is no "rigid rule ... under which every violation of an agency regulatory requirement results in ... the exclusion of evidence from administrative proceedings."*Matter of Garcia-Flores,* 17 I. & N. Dec. 325, 327 (BIA

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564978 (C.A.9)
**(Cite as: --- F.3d ----)**

Page 4

1980). Instead, the BIA has adopted from the Ninth Circuit a two-prong test to evaluate the potential exclusion of evidence obtained through a violation of agency regulations. First, the regulation must serve a "purpose of benefit to the alien."*Id.* at 328.Second, the regulatory violation will render the proceeding unlawful "only if the violation prejudiced interests of the alien which were protected by the regulation."*Id.*

**\*4** Here, the parties dispute whether Sustaire even violated the principal regulation upon which Petitioner relies. That regulation, 5 C.F.R. § 2635.703(a), forbids "the improper use of nonpublic information to further [an employee's] own private interest ... by knowing unauthorized disclosure."Nonpublic information is defined as information the employee gains by reason of federal employment and "knows or reasonably should know has not been made available to the general public ... [or] been disseminated to the general public."5 C.F.R. § 2635.703(b).

Petitioner asserts that Sustaire improperly used nonpublic information to further his private interest when he shared Petitioner's A-number with his criminal defense attorney in the hopes of obtaining lenient treatment from prosecutors. Although it is not clear the regulation bars such actions, we need not reach this question because petitioner fails the second prong of the *Garcia-Flores* test. First, the evidence in question-an alien's identifying A-number-does not qualify as nonpublic information under the terms of the regulation, because the number is available on public documents, including memoranda issued by a court in an immigration matter.

Second, the benefit Sustaire received-leniency in exchange for cooperation with prosecutors-does not seem to be barred by the regulation. The regulation prohibits employees from misusing such information "in a financial transaction ... or allow[ing] the improper use ... to further his own private interest or that of another, whether through advice or recommendation, or by knowing unauthorized disclosure."5 C.F.R. § 2635.703(a). Sustaire could be said to have furthered his own interest as he provided information to investigators in return for more lenient treatment than he otherwise would have received. Yet the regulation is written so as to prevent government employees from profiting from misusing information, not to prevent criminals from cooperating with a legitimate investigation. To bar evidence because it came through cooperation would force us to credit an argument "that has been rejected by every circuit that has considered it," including the Ninth.*United States v. Smith,* 196 F.3d 1034, 1038 (9th Cir.1999).

Even if Sustaire had violated the regulation, the evidence gained thereby would still not be suppressed unless Petitioner could demonstrate, under the *Garcia-Flores* two-part test, that she held protected interests that were prejudiced by the violation. Petitioner argues that her privacy interests were violated, and that the violation prejudiced her by providing evidence of her removability. This argument fails, however, because Petitioner held no protected interest in keeping from the government the unlawful means by which she obtained her status.

Petitioner's right to privacy, whatever its contours, does not extend to keeping secret the fact that she obtained her status through an act of criminal fraud. While the circumstances were unfortunate in that Petitioner's father, rather than Petitioner herself, unlawfully procured her status, it was not fundamentally unfair for the evidence of this crime to be admitted. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (reversal of a BIA decision on due process grounds is available where the petitioner suffered prejudice, and the proceeding was "so fundamentally unfair that the alien was prevented from reasonably presenting his case.") Petitioner argues she was prejudiced by the introduction of the evidence because it provided the basis for her removal. Clearly the evidence hurt Petitioner's case. But *Garcia-Flores* does not bar evidence that prejudices a petitioner; the rule bars evidence that preju-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564978 (C.A.9)
**(Cite as: --- F.3d ----)**

Page 5

dices *protected interests* held by that petitioner.
Here, Petitioner never obtained a lawful benefit that
warranted protection by the regulation. She was
thus not deprived of any protected right, because
the only element of her case that she sought to keep
private was the fact that she earned her status un-
lawfully.

**\*5** We hold that in this immigration proceed-
ing, where the regulation appears not to have been
violated, and any alleged violation would still not
have deprived Petitioner of any protected right, the
evidence was properly admitted.

*Conclusion*

We DENY in part Petitioner's petition for re-
view because the exclusionary rule does not gener-
ally apply in immigration proceedings and petition-
er's due process rights were not violated such that
probative evidence should have been suppressed.
We DISMISS her petition in part because we lack
jurisdiction to review the discretionary decision to
deny her application for cancellation of removal.

**DENIED IN PART, DISMISSED IN PART**

C.A.9,2008.
Hong v. Mukasey
--- F.3d ----, 2008 WL 564978 (C.A.9)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT S

Westlaw.

--- F.3d ----

--- F.3d ----, 2008 WL 564982 (C.A.9)

**(Cite as: --- F.3d ----)**

Page 1

**H**
Shin v. Mukasey
C.A.9,2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,Ninth Circuit.
Young Sun SHIN, Petitioner,
v.
Michael B. MUKASEY, Attorney General, Respondent.
**Nos. 06-71955, 06-74052.**

Argued and Submitted Dec. 7, 2007.
Filed March 4, 2008.

Alex Park, Santa Clara, CA, for the petitioner.
William Roppolo, Liquita Thompson, Celina Joachim, Jordan Faykus, Kendra Massumi, Baker & McKenzie LPP, Miami, FL, Pro Bono Amicus Curiae for the petitioner.
Peter Keisler, James Grimes, Sarah Maloney, United States Department of Justice, Washington, D.C., for the respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A72-976-144.

Before DOROTHY W. NELSON and CARLOS T. BEA, Circuit Judges, and LOUIS F. OBERDORFER,[FN*]Senior District Judge.

FN* The Honorable Louis F. Oberdorfer, Senior United States District Judge for the District of Columbia, sitting by designa- tion.

**OPINION**

BEA, Circuit Judge:
*1 We consider today whether an alien who overstayed her tourist visa, and then paid $10,000 for the purchase of a fraudulent alien registration card (known as a "green card") manufactured by a corrupt federal immigration employee, can bar the government from removing her from this country on the grounds the government is estopped to assert the green card is bogus. Unsurprisingly, we hold the government cannot be saddled with the felonious, unauthorized issuance of residency documentation by a thieving employee.

Young Sun Shin petitions for review from a final order of removal from the Board of Immigration Appeals ("BIA") and from the BIA's denial of her motion to reopen. Petitioner also seeks a remand to file a second motion to reopen. Petitioner claims the government failed to meet its burden of showing she was removable. As a fallback, she claims that, because government employee Leland Sustaire engaged in affirmative misconduct, the government should be estopped from removing her. Petitioner expressly conceded removability. She did not apply for any form of relief from removability. Her due process violation claims are without merit. Hence, we deny her petition for review of the removal order.

Petitioner also seeks reconsideration of the BIA's denial of her motion to reopen and she seeks a remand to file a second motion to reopen to adjust her status. The BIA denied her motion to reopen because petitioner failed to attach the necessary documentation showing she was entitled to adjust her status. Because petitioner does not now demonstrate she would be entitled to adjust her status on remand, nor that the BIA's denial of her motion to reopen was error, her petition for review from the denial of her motion to reopen and her motion to remand are also denied.

I.

Petitioner, a native and citizen of the Republic of Korea ("South Korea"), originally entered the United States in June of 1993 on a tourist visa that allowed her to remain for six months. In October of 1994, petitioner received an alien registration card

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564982 (C.A.9)
(Cite as: --- F.3d ----)

Page 2

(a "green card") which adjusted her status to a lawful permanent resident. The card allowed her to stay in the United States as the spouse of a skilled worker or professional holding a baccalaureate degree. At the time, petitioner had no husband; she had been divorced for three years. What is more, her former husband, who had never been to the United States, held only a high school diploma.

Petitioner obtained her permanent resident status through Kyun Min Lee ("Lee"), a runner for Leland Sustaire, who was using his government position to sell fraudulent green cards. For a complete background on Sustaire and the conspiracy, see this court's opinion in *Hong v. Mukasey,* No. 06-72823.

Petitioner paid Lee $10,000 to obtain her green card. She never went to an Immigration and Naturalization Office ("INS") office, nor was she interviewed by an INS agent. Petitioner claims she was unaware of the fraud until she saw an article about Lee's indictment in 2000.

*2 Sustaire had compiled a list of "A" numbers that identified aliens who had obtained unlawful changes in their status as a result of his fraudulent scheme. Petitioner's number appeared on this list. Petitioner came to the attention of the INS when, as part of a plea bargain, Sustaire's attorney delivered the list to the Department of Homeland Security's ("DHS") Office of the Inspector General. Petitioner was charged with removability for being an alien not in possession of valid documents for admission under Immigration and Nationality Act ("INA") § 237(a)(1)(A), *codified at* 8 U.S.C. § 1227(a)(1)(A), and for remaining in the United States for a time longer than permitted under INA § 237(a)(1)(B), *codified at* 8 U.S.C. § 1227(a)(1)(B).

At the hearing, in exchange for the government's agreement to drop an additional fraud charge pending against petitioner, petitioner conceded she did not possess valid immigration documents. Petitioner denied the charge that she had remained in the United States longer than permitted. However, she did not apply for any form of relief from removal.

The Immigration Judge ("IJ") sustained both charges of removability and ordered petitioner removed to South Korea. The IJ declined to address petitioner's argument that the government had "unclean hands" in the removal proceeding because of Sustaire's misconduct and, therefore, should be estopped from removing her.

On appeal, the BIA adopted and summarily affirmed the IJ's decision. Petitioner then filed a motion to reopen to file an application to adjust her status. In support of her motion to reopen, petitioner submitted a copy of her application and documentation of an approved labor certification. However, she failed to attach an approved I-140 Form (a petition to adjust her status to an alien worker) or other pertinent documentation, as required by 8 C.F.R. § 1003.2(c). Accordingly, the BIA denied her motion to reopen.

II.

When the BIA adopts the decision of the IJ, we "review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc).

We review "the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1039-40 (quotation marks and citation omitted). We review questions of law, including due process challenges, *de novo. Ramirez-Alejandre v. Ashcroft,* 319 F.3d 365, 377 (9th Cir.2003).

We have jurisdiction to review the BIA's final order of removal against petitioner. 8 U.S.C. § 1252.

Petitioner argues the government should be estopped from removing her due to Sustaire's actions. Under 8 U.S.C. § 1252(g), we have no "jurisdiction

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564982 (C.A.9)
**(Cite as: --- F.3d ----)**

to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders...."*See also Reno v. American-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 482 (1999). However, we have jurisdiction over petitioner's equitable estoppel claim because it arises from actions taken by a corrupt government employee prior to any decision made by the Attorney General to commence proceedings against her. *See Wong v. United States,* 373 F.3d 952, 965 (9th Cir.2004) (holding that " § 1252(g) does not bar review of actions that occurred *prior* to any decision to 'commence proceedings' ").

III.

**\*3** Substantial evidence supports the IJ's finding petitioner remained in the United States longer than permitted. Petitioner was admitted to the United States as a visitor for six months in 1993 and later obtained an invalid resident alien card as part of Sustaire's criminal, fraudulent scheme. On the basis of this documentary evidence and also considering Sustaire's testimony before the court, the IJ found "there is no doubt ... [Shin] is not and has never been in possession of a valid resident alien card."The evidence proves the only lawful basis for petitioner's presence in the United States was her visitor's visa which allowed her to stay for only six months and expired in December of 1993. Hence, substantial evidence supports the IJ's ruling petitioner was removable for having remained in the United States longer than allowed by her valid immigration documents.

*Petitioner argues the government failed to meet its burden* of showing she was removable under INA § 237(a)(1)(A)."The government has the initial burden of establishing the alien's deportability by clear and convincing evidence."*Estrada v. INS,* 775 F.2d 1018, 1020 (9th Cir.1985). However, where the alien concedes removability, "the government's burden in this regard is satisfied."*Id.* At the hearing

before the IJ, petitioner's counsel expressly conceded removability on the ground she was not in possession of valid documents for admission. Additionally, petitioner did not apply for any form of relief from removability. On the basis of petitioner's concession, the government's burden is satisfied and petitioner's claim is without merit. *Id.*

IV.

The transcript of Sustaire's confessional deposition, Sustaire's list of the A Numbers of aliens to whom he fraudulently gave green cards, and the records of criminal convictions in Sustaire's and Lee's cases, were all admitted at petitioner's hearing. In the interest of judicial economy, the IJ arranged for Sustaire to be deposed on two different dates, first by attorney Alex Park, who represented petitioner and over 100 other aliens, and then by the attorneys representing the remaining aliens. Petitioner, through counsel, objected to the use of Sustaire's consolidated testimony and now alleges the IJ violated her due process rights by admitting Sustaire's deposition testimony in her removal proceedings. We disagree.

"In order to successfully attack by judicial proceedings the conclusions and orders made upon such [removal] hearings it must be shown that the proceedings were manifestly unfair" and that the actions of the IJ were such as to prevent a fair investigation. *Low Wah Suey v. Backus,* 225 U.S. 460, 468 (1912). Petitioner's proceeding was not so fundamentally unfair that she was prevented from reasonably presenting her case. Petitioner's counsel participated in Sustaire's deposition and was allowed to cross-examine him. Petitioner also had the benefit of hearing and comparing Sustaire's responses to other attorneys' questions. Additionally, during each alien's hearing, Sustaire was made available if additional testimony was needed. Most importantly, petitioner was given an individual hearing before an IJ where any defenses or claims for relief were heard. Because we find no procedural defect amounting to a due process violation in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 564982 (C.A.9)
**(Cite as: --- F.3d ----)**

this procedure, petitioner's due process claim fails.

V.

**\*4** Petitioner contends the government should be equitably estopped from removing her. At the heart of her estoppel argument is the claim she was unaware "of the bribery and fraud committed by Sustaire," and she "relied on the issuance of the immigration papers and lived a productive life in the United States at the cost of ... [pursuing] a life in South Korea."

Estoppel requires the following:
(1) the Party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Watkins v. United States Army,* 875 F.2d 699, 709 (9th Cir.1989) (en banc) (quotation marks and citation omitted). Here, we need not reach any of the elements of estoppel because "it is well settled that the government is not bound by the *unauthorized* acts of its agents."*Id.* at 707;*see also Utah Power & Light Co. v. United States,* 243 U.S. 389, 409 (1917) ("[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit.").

Sustaire was a government employee who took bribes and engaged in fraud, crimes for which he was convicted. There is no dispute that Sustaire's acts were unauthorized. Thus, the threshold requirement for applying equitable estoppel against the government is not satisfied in this case.

VI.

Petitioner also requests remand to the BIA so she may thereby file a second motion to reopen. A

motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and be supported by affidavits or other evidentiary materials demonstrating *prima facie* eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1). The BIA denied petitioner's initial request for reopening to apply for adjustment of status because she failed to submit a copy of an approved I-140 Form (a petition to adjust her status to an alien worker) or other documentation which would satisfy the regulatory requirements under 8 C.F.R. § 1003.2(c)(1). Although petitioner contends she has filed an I-140 Form, as was the case before, she did not include any documentation to show her application has been approved. Aliens who seek to remand or reopen proceedings to pursue relief bear a "heavy burden" of proving that, if proceedings were reopened, the new evidence would likely change the result in the case. *Matter of Coelho,* 20 I. & N. Dec. 464, 473 (BIA 1992). Petitioner has not met this burden because she has failed to cure the defects that led to her motion to reopen being denied in the first place.

Further, aliens are entitled to file only one motion to reopen. *See*8 C.F.R. § 1003.2(c)(2) (providing that a party may file only one motion to reopen proceedings and that motion must be filed within 90 days after the date on which a final administrative decision was filed). Petitioner is now barred from filing a second motion to reopen. *Id.* Accordingly, petitioner's motion to remand to file a second motion to reopen is denied.

**\*5 DENIED.**

C.A.9,2008.
Shin v. Mukasey
--- F.3d ----, 2008 WL 564982 (C.A.9)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.