JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6915
   FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BYUNG HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MUKASEY, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; and DOES 1 through 20, inclusive <br><br> Defendants. | No. C 07-5554 SC <br><br> **JOINT CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER** <br><br> Date: April 4, 2008 <br> Time: 10:00 a.m. |

**1. Jurisdiction and Service**

The plaintiffs contend that this Court has jurisdiction over their action under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1361 (the Mandamus Statute), 8 U.S.C. § 1101 (the Immigration and Nationality Act), 28 U.S.C. § 2201 (the Declaratory Judgment Act), and 5 U.S.C. § 701 (the APA).

The defendants contend that this Court lacks jurisdiction over the action pursuant to the REAL ID Act of 2005, Pub. L. 109-13, Div. B., 110 Stat. 231 (May 11, 2005), which eliminated district court review of removal orders.

JOINT CASE MANAGEMENT STATEMENT
C 07-5554-SC                                                  1

1    The parties do not dispute that venue is proper in this district. No issues exist regarding personal jurisdiction or venue, and no parties remain to be served.

**2. Facts**

The plaintiffs, Byung Hoon Chung, Duk Bong Chung, Myung Bin Chung, and Kuo Chul Chung, are natives and citizens of South Korea who have been ordered removed from the United States. Their appeal from the Board of Immigration Appeals' decision affirming the Immigration Judge's removal order is currently pending at the United States Court of Appeals for the Ninth Circuit. See *Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728.

The Chungs filed the current action on October 31, 2007, seeking a declaration from this Court that their removal order is invalid and an injunction barring the government from executing their removal order. The Chungs' removal order is based on the fact that the Chungs obtained their alien registration cards ("green cards") through Leland Sustaire, a former employee of the Immigration and Naturalization Service (INS), who was using his government position to sell fraudulent green cards. The Chungs deny any knowledge of the fraud that was committed by Sustaire.

**3. Legal Issues**

Plaintiffs' View of the Legal Issues:

Whether their removal order is invalid and they are entitled to an injunction barring the government from executing their removal order on estoppel grounds.

Whether their removal order is invalid and they are entitled to an injunction barring the government from executing their removal order under the doctrine of unclean hands.

Whether their removal order is invalid and they are entitled to an injunction barring the government from executing their removal order under the doctrine of laches.

Whether their removal order is invalid and they are entitled to an injunction barring the government from executing their removal order on due process grounds.

Defendants' View of the Legal Issues:

Whether the Chungs' action is barred by the REAL ID Act of 2005.

Whether arguments raised by the Chungs have already been rejected by the Ninth Circuit.

1   Whether, because the Ninth Circuit is reviewing the Chungs' claims, the Chungs' action
2   needlessly creates duplicate litigation.

**4. Motions**

The government has filed a motion to dismiss the Chungs' action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The hearing on this motion is scheduled for May 23, 2008.

**5. Amendment of Pleadings**

The parties do not anticipate the need to amend their pleadings.

**6. Evidence Preservation**

The parties do not have any evidence that falls within this category.

**7. Disclosures**

The parties believe that the initial disclosure requirements of Fed. R. Civ. P. 26 do not apply to this case.

**8. Discovery**

The plaintiff believes that "some pre-certification discovery is anticipated."

The defendants do not anticipate the need for discovery.

**9. Class Actions**

The plaintiffs seek to bring this action on behalf of themselves and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and 23(b). The three classes that the plaintiffs contend they represent are: (1) Primary LPR, (2) Derivative Spouse LPR, and (3) Derivative Children LPR. The complaint defines these classes as follows:

<u>Primary LPR</u>  Foreign nationals who: Are the individual or primary LPR that filed the primary visa application and received an issued visa or green card accomplishing his or her LPR status.

<u>Derivative Spouse LPR</u>  Foreign nationals who: Are the spouse of a Primary LPR, and have become the derivative LPR individual that filed the derivative LPR application reliant upon the spouse who is in possession of the Primary LPR visa status and received an issued visa accomplishing his or her derivative LPR status.

<u>Derivative Children LPR</u>  Foreign nationals who: Is the child of a Primary LPR, and has become the derivative LPR individual that filed the derivative LPR application reliant upon the

JOINT CASE MANAGEMENT STATEMENT
C 07-5554-SC                                                        3

1  parent who holds the Primary LPR visa status and who received an issued visa accomplishing his
2  or her derivative LPR status.
3      The defendants will oppose class certification.
4  **10. Related Cases**
5      There are numerous cases at the United States Court of Appeals for the Ninth Circuit that raise
6  or raised the issues involved in this case, including:
7  *Shin v. Mukasey*, ___ F.3d ___, 2008 WL 564982 (9th Cir. Mar. 4, 2008)
8  *Hong v. Mukasey*, ___ F.3d ___, 2008 WL 564978 (9th Cir. Mar. 4, 2008)
9  *You v. Mukasey*, ___ F.3d ___, Appeal No. 06-74741, unpublished memorandum disposition (Dec.
10 13, 2007)
11 *Park v. Gonzales*, Ninth Circuit Appeal No. 06-71951
12 *Chee v. Gonzales*, Ninth Circuit Appeal No. 06-71952
13 **11. Relief**
14     The plaintiffs seek a declaration that their removal order is invalid and an injunction barring
15 the government from executing their removal order
16 **12. Settlement and ADR**
17     The parties will ask this Court to exempt them from the ADR process.
18 **13. Consent to Magistrate Judge for All Purposes**
19     One or more of the parties will not consent to the assignment of this case to a magistrate judge.
20 **14. Other References**:
21     The parties do not believe that this case is suitable for reference to binding arbitration, a
22 special master, or the Judicial Panel on Multidistrict Litigation.
23 **15. Narrowing of Issues**
24     The parties do not believe that the issues can be narrowed by agreement or by motion, and do
25 not have suggestions to expedite the presentation of evidence at trial (e.g., through summaries or
26 stipulated facts), and any request to bifurcate issues, claims or defenses.
27 **16. Expedited Schedule**
28     The parties believe this case can be resolved on motion(s).

JOINT CASE MANAGEMENT STATEMENT
C 07-5554-SC                                         4

**17. Scheduling**

If the Court does not grant the government's motion to dismiss, the parties believe this case can be resolved on cross-motions for summary judgment because the issues involved in this case are legal issues.

**18. Trial**

The parties do not anticipate the need for a trial in this case.

**19. Disclosure of Non-Party Interested Entities or Persons**:

The defendants believe they are exempt from this requirement because they are federal governmental entities or federal officers. Plaintiff is not aware of any.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter**

None.

Dated:  March 28, 2008
JOSEPH P. RUSSONIELLO
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney

Dated:  March 28, 2008
/s/
ALEX C. PARK
Attorney for Plaintiffs

**ORDER**

The Case Management Statement and Proposed Order are hereby adopted as the Case Management Order for the case and the parties are hereby ordered to comply with this order.

Date: _____
SAMUEL CONTI
United States District Judge

JOINT CASE MANAGEMENT STATEMENT
C 07-5554-SC                                              5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT
C 07-5554-SC                             6