ALEX C. PARK [SBN: 197781]
LAW OFFICES OF ALEX C. PARK
4675 Stevens Creek Boulevard, Suite 100
Santa Clara, CA 95051
Telephone: (408) 246-1515
Facsimile: (408) 246-4105

GEORGE G. BENETATOS [SBN: 54986]
LAW OFFICE OF GEORGE G. BENETATOS
244 California Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-2296
Facsimile: (415) 398-2290

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BYUNG HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; and KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL MUKASEY, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; and DOES 1 THROUGH 20, inclusive,<br><br>Defendants. | No. C 07 5554 EMC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hearing<br>Date: May 23, 2008<br>Time: 10 a.m.<br>Courtroom: 1<br>The Honorable Samuel Conti |

## I. PLAINTIFFS' BACKGROUND AND PROCEDURAL HISTORY OF CASE

Plaintiffs are originally from South Korea. During the early 1990's they applied for admission to the United States as Legal Permanent Residents and were issued residency documents by the Immigration and Naturalization Services ("INS"). Some of the Plaintiffs are heads of households who sought primary immigration admission status for their respective families. The remainder of the Plaintiffs are spouses and children who qualified as derivative beneficiaries to the primary applications submitted by the heads of their respective households.

1   All Plaintiffs were innocently caught in the criminal web of bribery that involved a former
2   twenty-year veteran of the INS, Leland Dwayne Sustaire ("Sustaire"), and his co-conspirators.

3   During Plaintiffs' hearings for removal defendant Department of Homeland Security
4   ("DHS") introduced into evidence a list of names that included Plaintiffs. The list was prepared
5   by Sustaire for his defense in his criminal bribery case. This list was the only evidence presented
6   to establish that Plaintiffs' immigration papers were not valid. There was no evidence showing
7   that any Plaintiff knew of or otherwise participated in the bribery crimes with Sustaire.

8   During Plaintiffs' administrative removal hearings before the immigration court ("IC")
9   Plaintiffs attempted to present evidence in support of their defense that the government was
10  estopped from ordering their removal. Plaintiffs' estoppel claim was based on the actions of the
11  government employee Sustaire. The IC refused to consider Plaintiffs' estoppel evidence on the
12  ground the IC's statutory authority did not include the authority to estop the government from
13  removing Plaintiffs. [See Defendants' Motion to Dismiss ("MTD"), Exhibit A, Oral Decision of
14  Immigration Judge, at page 5.]

15  The Plaintiffs have been living in the United States as Permanent Legal Residents
16  continuously and successfully since the 1990s. They have enriched their communities through
17  their business, employment, education and church activities. Nearly all of Plaintiffs' social and
18  community ties with South Korea have been severed. Forcing Plaintiffs who relied on papers
19  issued by the INS, to leave their established lives in the United States and return to an unfamiliar
20  South Korea will result in an "injustice [to Plaintiffs which far] outweighs the possibility of
21  damage to the public interest ...". [MTD, at page 3:25-27, citing Defendants' MTD, Exhibit B,
22  BIA decision dated March 9, 2005.]

23  The removal orders for the Plaintiffs are stayed pending appeals to the Ninth Circuit;
24  however, the appeals do not include the estoppel claim because the IC refused to adjudicate
25  estoppel. For reasons stated below, Plaintiffs request that this District Court not dismiss their
26  case, but allow Plaintiffs to adjudicate their estoppel claim.

27
28

## II. THE RULES REGARDING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* At 1965.

In considering a motion pursuant to Fed.R.Civ.P.12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Park Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper only where there is either "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g. facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./ Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1988). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City o Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Fed. R. Civ. P. 12(b)(6). *United States v. Redwood City*, 640 F.3d 963, 966 (9th

Cir. 1981). Finally, as a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15.

### III. PLAINTIFFS' REASONS FOR FILING THIS LAWSUIT BEFORE THIS DISTRICT COURT

In deportation cases, the review procedures through the IC, the Board of Immigration Appeals ("BIA"), and the courts of appeal have been established. Such procedures insure that aliens in removal proceedings receive due process. However, when the IC refused to consider Plaintiffs' evidence supporting estoppel, Plaintiffs were denied due process in that they were not allowed to present their critical claim of estoppel.

This class action lawsuit is Plaintiffs' effort to be given due process, and to be allowed to present valid claims including estoppel before this District Court. Plaintiffs have filed this case in this District Court under the Administrative Procedures Act, as persons who have been "adversely affected or aggrieved by the agency action." 5 USC § 702.

### IV. THIS DISTRICT COURT HAS JURISDICTION TO ADJUDICATE PLAINTIFFS' CLAIM OF ESTOPPEL

#### A. THE IMMIGRATION COURT NEVER ADJUDICATED PLAINTIFFS' ESTOPPEL CLAIM

The pertinent part of the IC's decision states as follows:

> "For purposes of this proceeding, it suffices to say that <u>this Court, being a creature of statute and regulation with powers limited by the statutes and regulations has no authority under law to estop the Government from going forward with these removal proceedings</u>. And the only issue that the Court is empowered to decide is whether the respondent has valid Immigration documents. And if not, adjudicate any applications for relief." [Emphasis added.] [See MTD, Exhibit A at page 5.]

Obviously, the IC never adjudicated Plaintiffs' estoppel claim. Notwithstanding no such adjudication, the BIA admitted "[t]he government in immigration cases may be subject to

1 equitable estoppel if it has in affirmative misconduct"; and the BIA suggested the IC had
2 authority to adjudicate estoppel when the BIA affirmed the IC's order, in part, on the ground the
3 Plaintiffs "have not demonstrated any viable basis for [estoppel]." [See MTD at page 3:22-24,
4 citing Defendants' MTD, Exhibit B, BIA decision dated March 9, 2005.]

### B. THE REAL ID ACT DOES NOT PREVENT THIS DISTRICT COURT FROM ADJUDICATING PLAINTIFFS' ESTOPPEL CLAIM

Defendants assert in their MTD at pages 5:20-6:11 that the REAL ID Act "eliminated district court review of orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeal." Defendants cite 8 U.S.C. 1252(a)(5). Defendants' assertion is wrong. In 2006, the 9th Circuit Court of Appeal held that decisions made on a purely legal basis may be reviewed in the district court. The case is *Carla Freeman vs. Alberto R. Gonzales* (2006) 444 F.3d 1031, at 1037. It states in pertinent part, as follows:

> "Notwithstanding the REAL ID Act's limitation on appellate review ... we conclude that we have jurisdiction to review Mrs. Freeman's purely legal claim that the district director violated her due process rights by improperly interpreting [a statute] ... '[D]ecisions made on a purely legal basis may be reviewed, as they do not turn on discretionary judgment....'"

To be sure, the Ninth Circuit itself raised the issue of jurisdiction to review "purely legal claims," sua sponte. However, the *Freeman* habeas petition was originally filed in the District Court; the Ninth Circuit's holding in effect includes that such review could occur in the District Court, notwithstanding the REAL ID Act.

Incidentally, the IC, in its oral decision of April 20, 2005, admitted that Plaintiffs' estoppel claim is a legal issue.

> "Respondent has ... raised the <u>legal issue asserting the DHS should be estopped from removing her</u> because Mr. Sustair, as an agent of the government, engaged in affirmative misconduct and the government's

1  hands are unclean in this removal proceeding." [Emphasis added.]

2  [See MTD, Exhibit A, page 5.]

### C. UNDER THE ADMINISTRATIVE PROCEDURES ACT, PLAINTIFFS ARE PERMITTED TO ADJUDICATE THEIR ESTOPPEL CLAIM BEFORE THIS COURT

The Administrative Procedure Act ("APA") permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to bring suit against the agency. 5 U.S.C. § 702; "agency action" includes "failure to act." 5 U.S.C. §551(13). The District Court is explicitly empowered to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

In addition, under the APA, a court may review "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. The limited jurisdiction of the IC means that the only forum left to Plaintiffs to adjudicate their estoppel claim is this District Court.

In sum, under the referenced sections of the APA, this District Court has the authority to adjudicate Plaintiffs' estoppel claim to Defendants' removal orders.

### V. THE PLAINTIFFS' ESTOPPEL CLAIM IS NOT BEFORE THE NINTH CIRCUIT

Defendants assert that these Plaintiffs have raised the same issues before the Ninth Circuit in a pending appeal and "create needless duplicative litigation." This assertion is false; the estoppel claim was never litigated in the trial court; hence it cannot be the subject of the Ninth Circuit's review of the IC's decision. [See MTD, Exhibit A at page 5.]

The IC refused to allow Plaintiffs the opportunity to bring its evidence of estoppel and raise the same argument as it claimed the IC had no jurisdiction to hear the estoppel claim. Plaintiffs were prevented from presenting evidence showing the strength of their claim such as: that Sustaire held a managerial role within the INS in charge of issuing immigration papers; Plaintiffs' immigration papers were mailed from the INS offices and included the government stamps and approvals required for valid immigration papers; many of Plaintiffs were actually interviewed at the INS offices prior to their receipt of their final immigration papers. All of these

facts go directly to support Plaintiffs' claims for estoppel but were never presented in the appellate record when the IC ruled that estoppel claims could not be considered.

### VI. THE NINTH CIRCUIT HAS NOT REJECTED PLAINTIFFS' ESTOPPEL CLAIM THROUGH ITS DECISION IN THE *SHIN* CASE

Defendants argue that the Plaintiffs' claims have been rejected by the Ninth Circuit in the decision *Shin v. Mukasay*, ___F.3d___, 2008 W.L. 564982 (9th Cir. March 4, 2008). However, an en banc review has been sought in the *Shin* case; thus the *Shin* case is still under review, and dismissal of Plaintiffs' estoppel claim would be premature. [See Exhibit A to the Declaration of Alex C. Park in Support of Opposition to Motion to Dismiss ("ACP Declaration").]

### VII. ESTOPPEL IS AN APPROPRIATE CLAIM TO PREVENT DEFENDANTS FROM REMOVING PLAINTIFFS

The rule is set forth in *Ernesto Salgado-Diaz v. Alberto R. Gonzales* (2004) 395 F.3d 1158, 1165-1168; it states, in pertinent part, as follows:

> "The government in immigration cases may be subject to equitable estoppel if it is engaged in affirmative misconduct [citing cases]"
>
> [*Salgado-Diaz, supra*, at 1168]

The *Salgado-Diaz* case involved an unlawful arrest in San Diego by U.S. Border patrol agents, and unlawful transport to Mexico. The Ninth Circuit granted Mr. Salgado-Diaz' petition for review of the BIA decision, and ordered that an evidentiary hearing be held in the IC, to adjudicate the alleged wrongful conduct of the border patrol agents. The Ninth Circuit's opinion in *Salgado-Diaz* concluded as follows:

> "...if petitioner establishes in the evidentiary hearing that the border agents engaged in the alleged affirmative misconduct, <u>the government will be estopped</u> from relying on his attempted reentry <u>to render him removable</u>." [Emphasis added.] [*Salgado-Diaz, supra*, at page 1168]

In considering Plaintiffs' case, this District Court should be guided by the *Salgado-Diaz* case. In particular Plaintiffs urge this court to adjudicate Plaintiffs' estoppel claim, including an

evidentiary hearing to allow Plaintiffs to present their evidence concerning the four elements of estoppel as they would be applied to Plaintiffs' case, namely: (1) the knowledge Sustaire imputed to Defendants; (2) Sustaire's intent imputed to Defendants that his conduct will be acted on; (3) Plaintiffs' ignorance of the facts; and (4) Plaintiffs' detrimental reliance. [*Salgado-Diaz*, supra, at page 1169.] To be sure, Defendant argues that Sustaire's knowledge and criminal conduct cannot be imputed to Defendants; however, such argument ignores the fact that Defendants "can act only through [their] officers and agents." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). Sustaire had supervisory and independent authority to issue green cards on behalf of Defendants, therefore his knowledge and authority is imputed to defendants. *U.S. v. Standard Oil Co.*, 495 F.2d 911, 917.

The courts have determined that there is no question that the claim of estoppel is a viable claim in immigration cases. [See *Matter of Thornburgh*, 869 F.2d 1503, 1512 (D.C. Cir. 1989); *Santamaria-Ames v. INS*, 104 F.3d 1127 (9th Cir. 1996); *Cadwalder v. Andrus*, 45 F.3d 297 (9th Cir. 1995); *U.S. v. Omdahl*, 104 F.3d 1143 (9th Cir. 1997); *Jaa v. INS*, 779 F.2d 569 (9th Cir. 1986); also see Exhibit B to ACP Declaration.]

In view of the *Salgado-Diaz* case, Plaintiffs respectfully request this District Court reject Defendants' contention that Sustaire's knowledge and conduct cannot be imputed to Defendants. Plaintiffs further request this Court to adjudicate Plaintiffs' estoppel claim and, if warranted by Plaintiffs' evidence, provide a declaratory decision as to the Plaintiffs' estoppel claim to South Korea.

## VII.   CONCLUSION

Defendants' motion to dismiss should be denied for the following reasons:

1. This District Court has jurisdiction to adjudicate Plaintiffs' estoppel claim because (a) the IC never adjudicated the estoppel claim; (b) the REAL ID Act does not prevent this court from adjudicating the estoppel claim, and (c) under the APA, this District Court is the proper forum to adjudicate the estoppel claim;

2. The merits of the estoppel claim are not pending before the Ninth Circuit;

3. The Shin case has not been determined final in the Ninth Circuit, hence it is not authority in support of Defendants' contention that Sustaire's conduct cannot be imputed to the Defendants;

4. The injustice to Plaintiffs far outweighs the possibility of damage to the public interest; and

5. In view of the *Salgado-Diaz* case, Plaintiffs respectfully request this District Court reject Defendants' contention that Sustaire's knowledge and conduct cannot be imputed to Defendants;

6. Plaintiffs further request this Court to adjudicate Plaintiffs' estoppel claim and, if warranted by Plaintiffs' evidence, issue a declaratory order pursuant to Plaintiffs' valid claim for estoppel.

Respectfully submitted,

LAW OFFICE OF GEORGE G. BENETATOS

Dated: April 30, 2008         /s/
GEORGE G. BENETATOS
Attorney for Plaintiffs

LAW OFFICE OF ALEX C. PARK

Dated: April 30, 2008         /s/
ALEX C. PARK
Attorney for Plaintiffs