JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6915
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BYUNG HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL MUKASEY, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; and DOES 1 through 20, inclusive<br><br>    Defendants. | No. C 07-5554 SC<br><br><br><br><br><br>**DEFENDANTS' REPLY**<br><br>Date:  May 23, 2008<br>Time:  10:00 a.m. |

## I. INTRODUCTION

The government hereby submit its reply to the Chungs' opposition to the government's motion to dismiss.

## II. DISCUSSION

**A. The REAL ID Act of 2005**

In response to the government's contention that this Court lacks jurisdiction over their action pursuant to the REAL ID Act of 2005, the Chungs cite *Freeman v. Gonzales*, 444 F.3d 1031 (9th Cir. 2006), for the proposition that "decisions made on a purely legal basis may be reviewed in the

REPLY
C 07-5554-SC                                      1

1 district court." Plaintiffs' Opposition at 5. The Chungs fundamentally misread *Freeman*.

2 In *Freeman*, the Ninth Circuit concluded that the determination of whether an individual is no longer a "spouse" of a United States citizen is a purely legal question. *Freeman*, 444 F.3d at 1037. Because it is a legal question, the Ninth Circuit held that it was not barred from reviewing the issue by 8 U.S.C. § 1252(a)(2)(B), as amended by the REAL ID Act, which bars review of discretionary determinations. *Id.* (citing *Wong v. INS*, 373 F.3d 952, 963 (9th Cir. 2004) (holding that the § 1252(a)(2)(B) bar on review of discretionary decisions does not apply to cases raising only constitutional or purely legal, nondiscretionary challenges to the decisions in question).

*Freeman* in no way stands for the proposition that district courts have jurisdiction to review an alien's removal order. The Chungs' statement that "the 9th Circuit Court of Appeal held that decisions made on a purely legal basis may be reviewed in the district court" is flatly inaccurate. Plaintiffs' Opposition at 5.

The Chungs also state: "[T]he *Freeman* habeas petition was originally filed in the District Court; the Ninth Circuit's holding in effect includes that such review could occur in the District Court, notwithstanding the REAL ID Act." Plaintiffs' Opposition at 5. The Chungs fail to recognize, however, that the habeas petition in *Freeman* was filed <u>prior</u> to the enactment of the REAL ID Act. *See Freeman*, 444 F.3d at 1033 n.4. In fact, the Ninth Circuit expressly noted that, in light of the REAL ID Act, "we review not the district court's denial of the habeas petition but rather the agency's determination, which we review de novo as to any purely legal questions." *Id*. The *Freeman* case simply cannot be read to say that a district court has jurisdiction to review an alien's removal order under the REAL ID Act.

In sum, the Chungs' reliance on *Freeman* is inapposite. Because the Chungs challenge their removal order, this Court lacks jurisdiction over the action pursuant to the REAL ID Act. *See Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 928-29 (9th Cir. 2005). The Chungs' challenge to their removal order is properly pending before the only court that has jurisdiction to review the removal order – namely, the Ninth Circuit. *See Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728.

REPLY
C 07-5554-SC                                        2

**B. The Plaintiffs' Argument That The Immigration Court Ignored Their Estoppel Claim Lacks Merit**

In their opposition to the government's motion to dismiss, the Chungs argue that "the Immigration Court never adjudicated plaintiffs' estoppel claim." Plaintiffs' Opposition at 4. This argument lacks merit.

First, although the Chungs purport to quote language from the Immigration Judge's decision in which the Immigration Judge states that he has no authority to estop the government from going forward with the removing proceeding, *see* Plaintiffs' Opposition at 4, the undersigned is unable to locate any such language in the Immigration Judge's decision, which is attached as Exhibit A to the Declaration of Edward A. Olsen (submitted with the government's Motion to Dismiss). It appears the Chungs have quoted language from an Immigration Judge's decision in an entirely separate case. Supplemental Declaration of Edward A. Olsen at Exhibit 1 (copy of Immigration Judge's decision in the removal proceeding of Young Sun Shin).

Second, although they baldly assert that they were prevented from presenting evidence to support their estoppel claim in Immigration Court, the Chungs do not provide any support for this assertion, such as a transcript of the proceedings in Immigration Court.

Third, whether or not the Immigration Judge ignored the Chungs' estoppel claim is irrelevant because the Board of Immigration Appeals (BIA) directly addressed the Chungs' claim that the government should be estopped from removing them because a government employee issued the fraudulent green cards without the Chungs' knowledge of the fraud. The BIA held as follows:

> Turning to the respondents' claim that the government should be estopped from removing them because they were the victims of a fraudulent scam perpetrated by a government employee, the respondents have not demonstrated any viable basis for that assertion. The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct. *See Mukherjee v. INS*, 793 F.2d 1006, 1008-09 (9th Cir. 1986) (outlining elements of equitable estoppel against the government). However, the person seeking estoppel against the government must also show that the potential injustice to him outweighs the possibility of damage to the public interest, and must establish the traditional elements of estoppel. *See Socop-Gonzalez v. INS*, 208 F.3d 838, 842 (9th Cir. 2000). Traditional elements of equitable estoppel require a showing: (1) that party to be estopped knew the facts; (2) that party intended that his or her conduct would be acted on; and (3) that other party was ignorant of true facts; and (4) that this other party detrimentally relied on first party's conduct. *See Salgado-Diaz v. Ashcroft*, 395 F.3d 1158 (9th Cir. 2005).

REPLY
C 07-5554-SC                                       3

> In this case, the respondents have not established that the act of finding the respondents to be removable amounts to an injustice. As noted above, the Immigration Judge did not conclude that the respondents committed fraud in obtaining their false residency documents. Indeed, that charge was withdrawn and the respondents' claims that they had no knowledge of the fraud was found to be credible (I.J. at 3). Moreover, the respondents were not eligible for lawful permanent residence at the time of the Immigration Judge's decision. Although the respondents understandably are upset about having to leave this country after establishing financial and community ties, the respondents remained here illegally during the time period in question, and they have not demonstrated that they would have been permitted to remain legally during this period. Accordingly, the appeal is dismissed.

Olsen Declaration at B.

In light of the BIA's explicit rejection of the Chungs' estoppel claim, it is irrelevant whether the Immigration Judge addressed the estoppel claim. This is because, at the Ninth Circuit, the Court reviews the BIA's decision, not the Immigration Judge's decision. *See Acewicz v. INS*, 984 F.2d 1056, 1059 (9th Cir. 1993) (We are limited to reviewing the decision of the Board of Immigration Appeals. Were we to ignore the limited scope of our review, and instead review directly the decision of the immigration judge, the petitioners would be deprived of the BIA's de novo review.") (internal citations omitted).

**C. The Plaintiffs' Estoppel Claim Is Pending At The Ninth Circuit**

The Chungs contend that their estoppel claim is not before the Ninth Circuit. Plaintiffs' Opposition at 6. This contention is simply inaccurate.

In their opening brief in the Ninth Circuit in *Chung v. Mukasey*, Appeal No. 06-71728, the Chungs argue that United States Immigration and Customs Enforcement: (1) failed to prove that they are removable under 8 U.S.C. § 1227(a)(1)(A) and 8 U.S.C. § 1182(a)(7)(A)(I) as aliens who were not in possession of valid visas or entry documents at the time of entry; (2) violated their due process rights; and (3) should be estopped from removing them from the United States because a government employee issued the fraudulent green cards without the Chungs' knowledge of the fraud. Olsen Declaration at Exhibit D. The section of the Chungs' opening appellate brief that devoted exclusively to estoppel is found on pages 20 – 23. Olsen Declaration at Exhibit D.

To the extent the Chungs argue that they were precluded from developing the facts that are required to support their estoppel argument at the Ninth Circuit, if the Ninth Circuit believes that

REPLY
C 07-5554-SC                                                        4

1 further fact-finding is required (and it does not appear the Chungs have made the argument at the
2 Ninth Circuit that further fact-finding is required), the Ninth Circuit could transfer the matter to
3 the district court for fact-finding under 28 U.S.C. § 2347(b)(3).  *See Morgan v. Gonzales*, 495 F.3d
4 1084, 1092 (9th Cir. 2007).

**D. The Plaintiffs' Arguments Have Been Rejected By The Ninth Circuit**

In their opposition to the government's motion to dismiss, the Chungs do not dispute the fact that the claims they have raised in their First Amended Complaint have been rejected by the Ninth Circuit in a recently published decision – *Shin v. Mukasey*, 519 F.3d 901 (9th Cir. 2008).  Instead, they argue that, because they have filed a petition for rehearing en banc in *Shin*, dismissal of their district court claims by this Court would be premature.  This contention lacks merit because the Ninth Circuit's decision in *Shin* has not been withdrawn and has no less authority simply because a petition for rehearing en banc has been filed.

**E. The Plaintiffs' Reference To The APA Is Misplaced**

In their opposition to the government's motion to dismiss, the Chungs argue that "under the referenced sections of the APA, this District Court has the authority to adjudicate the plaintiffs' estoppel claim to Defendants' removal orders."  Plaintiff's Opposition at 6.  This argument also lacks merit.  As indicated above, the exclusive method of obtaining judicial review of a removal order is via a petition for review filed with the appropriate United States Court of Appeals.  The Chungs have properly availed themselves of this remedy and their estoppel argument is pending before the Ninth Circuit.  *See Chung v. Mukasey*, 9th Circuit Appeal No. 06-71728.

### III.  CONCLUSION

For the reasons stated in the government's motion to dismiss and in the government's reply, the government respectfully asks this Court to dismiss the Chungs' action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

| | | |
|---|---|---|
| 1 | Dated: May 8, 2008 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| 2 | | |
| 3 | | |
| 4 | | /s/<br>EDWARD A. OLSEN<br>Assistant United States Attorney |

REPLY
C 07-5554-SC                                     6