# EXHIBIT 1



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
San Francisco, California

File No.: A 72 976 144                              May 20, 2005

In the Matter of

YOUNG SUN SHIN,                    )         IN REMOVAL PROCEEDINGS
                                   )
            Respondent             )

CHARGE:        Section 237(a)(1)(A) - alien not in possession of
               valid immigration documents, and 237(a)(1)(B) -
               alien who remained in the United States for a time
               longer than permitted.

APPLICATIONS:  None.

ON BEHALF OF RESPONDENT:           ON BEHALF OF GOVERNMENT:

Alex Park, Esquire                 James Knapp, Esquire
                                   Grace Chung, Assistant Chief
                                   Counsel

                    ORAL DECISION OF THE IMMIGRATION JUDGE

        The respondent, in this case, was served with a Notice

to Appear on June 17, 2003, which alleged that she is not a

citizen nor national of the United States but rather a native and

citizen of Korea.  The NTA further alleged that the respondent

was admitted to the United States in June 1993 as a visitor for

pleasure with authorizitization to remain for six months.  Further,

the NTA stated that in August of 1994, an INS officer caused an

immigration record to be created showing that the respondent was

adjusted to permanent resident status and an immigration form I-



551 (indiscernible) an alien card created but that these documents were illegally and factually baseless. That a form I-551, resident alien card, was in fact issued without legal or factual basis and that the respondent remained in the United States beyond the six month period of her visitor visa authorization without approval from INS.

Lastly, the NTA asserted that the respondent, at this time, does not possess valid documents allowing her to remain in the United States.

The respondent has admitted all the factual allegations of the Notice to Appear and conceded the first charge of removability, namely that she is not in possession of valid immigration documents and denied the charge that she remained in the United States for a time longer than permitted. The Government has submitted documents, including a form I-213 and a record of sworn statement, which indicate quite clearly that the respondent was admitted to the United States as a visitor, subsequently obtained a resident alien card as part of a criminal fraudulent scheme involving former INS employee Leland Dwayne Sistair and other co-conspirators, and that the green card she was issued is not valid, and in addition, the documents show clearly that the only lawful basis the respondent had for presence in the United States was her visitor's visa, which expired in December of 1993.

Accordingly, the Court will sustain all the factual

A 72 976 144                    2                    May 20, 2005



allegations and both charges of removability contained in the
Notice to Appear. The respondent, as noted above, is an
individual who obtained her resident alien card as a result of a
fraudulent scheme. There's no allegation by the Government, at
this stage of the proceedings, that the respondent knowingly
engaged in any fraudulent behavior. Rather, what happened in
this case, as in several others pending before this Court is that
Mr. Sistair between 1997 and 1998 entered into a criminal
conspiracy with five Korean American individuals in northern
California. As part of that conspiracy, Mr. Sistair's co-
conspirators approached various individuals including the
respondent and represnted to the respondent that the co-
conspirators could obtain resident alien cards because they
worked with particularly skilled attorneys and other business
professionals. Mr. Sistair's co-conspirators solicited monetary
payments, which they represented to be attorney's fees and
processing fees, and then shared those fees between themselves
and Mr. Sistair. Rather than being attorney's fees and
processing fees, the portion of the money that went to Mr.
Sistair was in fact a bribe. And upon receipt of the bribe, Mr.
Sistair, who was authorized in his position as a supervisory INS
official, to order the issuance of green cards, in fact ordered a
green card for among other people, this respondent. An INS
Service Center processed a green card, and a legitimate
identification number was issued for the green card. However,




Mr. Sistair testified under oath in this court and under oath in
federal court subject to cross-examination that he did not, prior
to ordering the issuance of the green cards with respect to any
individuals involved in these cases including this respondent.
He did not obtain proper documentation showing that the
respondent was eligible for the green card, as issued.  Nor did
he conduct interviews as required by law, nor obtain identity
documents and perform background checks, all required by statute
and regulation before the issuance of the green card.   In
substance, Mr. Sistair used his authority or misused his
authority to issue the green card simply because he had received
a payment from his co-conspirators.  Mr. Sistair eventually plead
guilty to his involvement in the scheme.

          And as noted above, testified in court against his co-
conspirators, all of whom were convicted in federal court for
their part in the scheme.

          There is no doubt, looking at the extensive
documentation in the record, which includes a list prepared by
Mr. Sistair of the numbers associated with the fraudulently
issued green cards and that list includes the number on the
respondent's green card.  There is no doubt looking at all that
documentation and considering also Mr. Sistair's testimony before
this Court, which the Court found to be entirely forthright and
credible, that this respondent is not and has never been in
possession of a valid resident alien card.

A 72 976 144                     4                      May 20, 2005



FTB,

      That really is the essence of the charge in the Notice to Appear and the only material issue before this Court. And the Court finds that the respondent is not in possession and has not been in possession of a valid resident alien card.

      Respondent has made no applications for relief. She has, however, raised the legal issue asserting that DHS should be estopped from removing her because Mr. Sistair, as an agent of the Government, engaged in affirmative misconduct and the Government's hands are unclean in this removal proceeding.

      For purposes of this proceeding, it suffices to say that this Court, being a creature of statute and regulation with powers limited by the statutes and regulations has no authority under law to estopp the Government from going forward with these removal proceedings. And the only issue that the Court is empowered to decide is whether the respondent has valid Immigration documents. And if not, adjudicate any applications for relief.

      As noted above, the respondent does not have valid documents. She is not applying for any form of relief. And accordingly, the respondent will be ordered removed to South Korea.

      Appeal has been reserved for the respondent.

ANTHONY S. MURRY
Immigration Judge

A 72 976 144           5            May 20, 2005




CERTIFICATE PAGE

I hereby certify that the attached proceeding before

ANTHONY S. MURRY, in the matter of:

YOUNG SUN SHIN

A 72 976 144

San Francisco, California

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.

Ferdinand Basilio (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland   20852
(301) 881-3344

November 14, 2005
(Completion Date)