United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYUNG HOON CHUNG, individually; DUK BONG CHUNG, individually; MYUNG BIN CHUNG, individually; KUO CHUL CHUNG, individually; on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MICHAEL MUKASEY, Attorney General of the United States; DEPARTMENT OF HOMELAND SECURITY; MICHAEL CHERTOFF, Secretary of DHS; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 07-5554 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO <u>DISMISS</u> |

## I. **INTRODUCTION**

This matter comes before the Court on the Motion to Dismiss ("Motion") filed by the defendants Michael Mukasey, the Department of Homeland Security, and Michael Chertoff (collectively the "Government"). Docket No. 9. The plaintiffs Byung Hoon Chung, Duk Bong Chung, Myung Bin Chung, and Kuo Chul Chung (collectively "Plaintiffs") filed an Opposition and the Government submitted a Reply. Docket Nos. 17, 19. For the following reasons, the Government's Motion to Dismiss is GRANTED.

## II. BACKGROUND

Plaintiffs, a family, are natives and citizens of South Korea. Byung Hoon Chung entered the United States with his wife and children in 1992 on a tourist visa and subsequently obtained alien registration cards ("green cards") for himself, his wife, and their two children, thereby becoming legal permanent residents. Unbeknownst to Plaintiffs, however, the green cards they obtained had been fraudulently issued by Leland Sustaire, who, at that time, was an employee of the Immigration and Naturalization Service ("INS") and was using his government position to sell fraudulent green cards. A detailed examination of Sustaire's fraudulent scheme may be found in Shin v. Mukasey, 519 F.3d 901, 904 (9th Cir. 2008), and Hong v. Mukasey, 518 F.3d 1030, 1032-33 (9th Cir. 2008).

Although Sustaire destroyed the government files relating to those aliens to whom he had sold fraudulent green cards, he made and kept for himself a list of those who had obtained unwarranted changes in their status. See Hong, 518 F.3d at 1033. After the Department of Justice began investigating Sustaire, he eventually turned this list over to the prosecutors in an attempt to gain leniency. Id. Plaintiffs were allegedly on this list and, as a result, Immigration and Customs Enforcement ("ICE," formerly the INA) placed Plaintiffs in removal proceedings. On April 20, 2005, an Immigration Judge ("IJ"), following a hearing, ordered Plaintiffs removed from the United States because Plaintiffs were not in possession of valid documents that would allow them to remain in the country. Olsen Decl., Docket No. 10, Ex. A, Oral

2

1  Decision of IJ ("Removal Order"), at 4.

2  The Board of Immigration Appeals ("BIA") affirmed the IJ on
3  March 9, 2006.  Id. Ex. B.  Plaintiffs then filed a petition for
4  review in the Ninth Circuit.  Oral argument was heard on June 15,
5  2007.  Olsen Decl. Ex. C.  After oral argument and while the case
6  was still pending before the Ninth Circuit, Plaintiffs, on
7  November 16, 2007, filed the present action in this Court.  See
8  First Am. Compl. ("FAC"), Docket No. 3.  Plaintiffs' FAC raised
9  essentially the same arguments that were raised in their petition
10 for review by the Ninth Circuit.  In their FAC, Plaintiffs allege
11 that the Government should be prevented from removing Plaintiffs
12 because of equitable estoppel, unclean hands, and laches, and that
13 Plaintiffs' Due Process rights were violated.  FAC ¶¶ 35-62.  In
14 addition, Plaintiffs' FAC was drafted as a class action with
15 putative classes consisting of other aliens who unknowingly
16 purchased fraudulent green cards from Sustaire.  Id. ¶ 28.

17 On May 13, 2008, in an unpublished opinion, the Ninth Circuit
18 denied Plaintiffs' petition.  See Chung v. Mukasey, No. 06-71728,
19 2008 WL 2037715, at *1 (9th Cir. May 13, 2008) (unpublished).  In
20 that decision, the Ninth Circuit specifically rejected Plaintiffs'
21 Due Process and estoppel claims.  Id.  The Government now moves to
22 dismiss Plaintiffs' action pending before this Court.

### III. LEGAL STANDARD

25 A Rule 12(b)(6) motion to dismiss tests the sufficiency of
26 the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate
27 if the plaintiff is unable to articulate "enough facts to state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in the light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. Id. Unreasonable inferences or conclusory legal allegations cast in the form of factual allegations, however, are insufficient to defeat a motion to dismiss. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## IV. ANALYSIS

### A. REAL ID Act of 2005

As an initial matter, Plaintiffs' action in this Court is barred by the REAL ID Act of 2005 ("the Act"), Pub. L. No. 109-13, Div. B., 119 Stat. 231 (May 11, 2005). The Act eliminated district court review of removal orders and vested jurisdiction for such review exclusively in the courts of appeals. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 928-29 (9th Cir. 2005) (stating "under the new judicial review regime imposed by the Act, a petition for review [in the courts of appeals] is now the exclusive means for challenging final removal orders by the BIA . . .").

### B. Ninth Circuit Has Already Adjudicated Plaintiffs' Claims

Even if this Court were to have jurisdiction to entertain

4

1 Plaintiffs' action, it would be precluded from doing so, as the
2 Ninth Circuit has already adjudicated these claims.  See Chung,
3 2008 WL 2037715, at *1 (stating "[b]ecause the finding of
4 removability was based on sufficient evidence, and because the
5 Chungs allege no other basis for a due process violation, their
6 argument that the immigration court may be estopped from
7 deportation for violations of due process . . . fails" and their
8 "argument that the government should be equitably estopped from
9 pursuing their removal is equally unavailing") (internal quotation
10 marks omitted).  Although Plaintiffs' FAC included claims for
11 unclean hands and laches, these claims are merely repetitions of
12 Plaintiffs' claims for due process violations and estoppel, and
13 are therefore also barred by the Ninth Circuit's ruling in Chung.

Plaintiffs alerted this Court to the fact that a petition for rehearing en banc has been filed in Chung.  Contrary to Plaintiffs' assertion, however, the fact that a petition for rehearing has been filed does not alter the precedential value of a decision that has not been withdrawn.

**V.  CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED with prejudice.

IT IS SO ORDERED.

Dated: July 21, 2008

_____
UNITED STATES DISTRICT JUDGE